Jeffrey H. Lowenthal  (State Bar No. 111763)
Edward Egan Smith (State Bar No. 169792)
Jayne A. Peeters (State Bar No. 108052)
STEYER LOWENTHAL BOODROOKAS
  ALVAREZ & SMITH LLP
One California Street, Third Floor
San Francisco, California  94111
Telephone: (415) 421-3400
Facsimile: (415) 421-2234

Attorneys for Defendant Old Republic Title Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE)

| | |
|---|---|
| BERENICE GONZALEZ AND JOSE URTIZ, JORGE AGUIRRE, ELEAZAR BECERRA AND ROCIO BECERRA, J. GUADALUPE CONTRERAS AND TERESA CONTRERAS, all individually and on behalf of the general public,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>VCH SALINAS I LLC dba VALLEY COMMUNITY HOMES and as MONTE BELLA REALTY, NORM YOP INC. REALTORS dba MONTE BELLA REALTY, MONICA FARANDA dba MONTE BELLA REALTY, UNIVERSAL MORTGAGE & SALES INC., IRA MORTGAGE & HOME SALES, INC., AMERICAN PACIFIC MORTGAGE CORP. dba CREATIVE MORTGAGE, OLD REPUBLIC TITLE CO., COUNTRYWIDE HOME LOANS INC. dba AMERICA'S WHOLESALE LENDER, COUNTRYWIDE FINANCIAL CORP., NEW CENTURY MORTGAGE CORP., HOMEQ SERVICING CORP., CAMERON | CASE NO. C07 05698 JW<br><br>DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:<br>(1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY,<br>(2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6); OR ALTERNATIVELY,<br>(3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL<br><br>DATE:  March 24, 2008<br>TIME:   9:00 a.m.<br>CTRM:  8 |

DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
(1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

1   FINANCIAL GROUP, INC., WELLS FARGO )
    BANK, and DOES 1 TO 100, inclusive,      )
2                                            )
                    Defendants.              )
3   _____ )

4   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

5          PLEASE TAKE NOTICE that on Monday, March 24, 2008, 2008, at 9:00 a.m. or as

6   soon thereafter as the matter may be heard before the Hon. James Ware in Courtroom 8 of the

7   above-entitled Court, located at 280 South First St., San Jose, California 95113, defendant Old

8   Republic Title Company ("Old Republic") will move the Court for an order: (1) staying this

9   action as to Old Republic pending the outcome of the proceeding between plaintiffs Berenice

10  Gonzalez, Jose Urtiz, Jorge Aguirre, Eleazar Becerra, Rocio Becerra, J. Guadalupe Contreras

11  and Teresa Contreras, individually and on behalf of the general public (collectively,

12  "Plaintiffs"), and defendant VCH-Salinas I, LLC ("VCH"), pursuant to the judicial reference

13  provision in Plaintiffs' written purchase agreements with VCH; or alternatively, (2) dismissing

14  Plaintiffs' first, third, fourth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth and

15  fourteenth claims in the first amended complaint for violations of the Fair Housing Act (42

16  U.S.C. §3601 *et seq.*), Racketeer Influenced Corrupt Organizations Act (18 U.S.C. §1962 *et*

17  *seq.*), Real Estate And Settlement Procedures Act (12 U.S.C. §2601 *et seq.*), Unruh Civil Rights

18  Act (Cal. Govt. Code §51 *et seq.*), Fair Employment and Housing Act (Cal. Govt. Code §12955

19  *et seq.*), Unfair Business Practices Law (Cal. Bus. & Prof. Code §17200 *et seq.*), intentional

20  misrepresentation, negligent misrepresentation, fraudulent concealment, breach of fiduciary trust

21  and negligence, respectively, pursuant to F.R.C.P. 12(b)(6) because each such claim fails to state

22  a claim against Old Republic upon which relief can be granted; or alternatively, (3) for a more

23  definite statement pursuant to F.R.C.P. 12(e) on the grounds that Plaintiffs' first amended

24  complaint is vague, ambiguous and unintelligible such that Old Republic cannot reasonably be

25

26                                                    - 2 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
27  (1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
    DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
    OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
28  POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
    S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

1   required to frame a responsive pleading.

2       The motion will be based on this notice, the within motion, the accompanying

3   memorandum of points and authorities and declaration of Jeffrey H. Lowenthal, the evidence

4   filed in support of the motion, any reply filed by Old Republic, all pleadings, files and records in

5   this action, and all other oral and documentary evidence which may be presented prior to or at

6   the hearing of this motion.

7   DATED: January 2, 2008                    STEYER LOWENTHAL BOODROOKAS
                                               ALVAREZ & SMITH LLP
8

9                                              By: /s/ Edward Egan Smith
                                                   Jeffrey H. Lowenthal
10                                                 Edward Egan Smith
                                                   Jayne A. Peeters
11                                             Attorneys for Defendant Old Republic Title Co.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          - 3 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
27  (1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
    DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
    OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
28  POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
    S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    INTRODUCTION

3       Plaintiffs are allegedly Spanish speaking persons who purchased homes in the Tuscany at

4  Monte Bella development in Salinas, California ("Monte Bella") between October 2005 and

5  May 2006.  First Amended Complaint ("FAC"), ¶32-45.  Plaintiffs allege that although their

6  conversations with the developer, real estate brokers, mortgage brokers, lenders and the escrow

7  holder were in Spanish, no Spanish language loan documents were provided and that the English

8  language loan documents provided were not translated or adequately explained to them.  FAC,

9  ¶32-52.  Plaintiffs have sued the developer, real estate brokers, mortgage brokers, lenders and

10 escrow holder,  Old Republic Title Company ("Old Republic"), alleging that they are the victims

11 of predatory interest rates and fees and that they were discriminated against because of their

12 race, color and/or national origin.  FAC, ¶57, 63, 64, 67, 71.

13       Plaintiffs allege the following claims against Old Republic:  Fair Housing Act (42 U.S.C.

14 §3601 *et seq.*) (Claim One); Racketeer Influenced Corrupt Organizations Act (18 U.S.C. §1962

15 *et seq.*) ("RICO") (Claim Three); Real Estate and Settlement Procedure Act (12 U.S.C. §2601 *et*

16 *seq.*) ("RESPA") (Claim Four); California Unruh Civil Rights Act (Cal.Gov't. Code §51 *et seq.*)

17 (Claim Seven); California Fair Employment and House Act (Cal. Gov't. Code §12955 *et seq.*)

18 ("FEHA") (Claim Eight); California Unfair Business Practices Law (Cal. Bus. & Prof. Code

19 §17200 *et seq.*) (Claim Nine); intentional misrepresentation (Claim Ten); negligent

20 misrepresentation (Claim Eleven); fraudulent concealment (Claim Twelve); breach of fiduciary

21 trust (Claim Thirteen); and negligence (Claim Fourteen).

22       Plaintiffs' written purchase agreements with the developer VCH-Salinas I, LLC

23 ("VCH") require that if either party "commences a legal proceeding for a dispute arising under

24 this Purchase Agreement . . . all the issues in such action, whether of fact or law, shall be

25

26                                         - 4 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
(1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

27

28

1    resolved by judicial reference pursuant to the provisions of California Code of Civil Procedure

2    Section 638 through 645.1." Lowenthal Dec., Exh.1, ¶14.3. Old Republic understands that

3    VCH intends to bring a motion to stay this action pending the outcome of the judicial reference

4    proceeding between VCH and Plaintiffs pursuant to their written agreement. Lowenthal Dec.,

5    ¶4. Because Plaintiffs' claims against Old Republic are based on the same facts as Plaintiffs'

6    claims against VCH, i.e., Plaintiffs' home purchase transactions (FAC, ¶32-52), and Old

7    Republic's potential liability principally derives from those transactions (FAC, ¶18, 21, 52, 77,

8    91), this action should be stayed as to Old Republic pending the outcome of the anticipated

9    judicial reference proceeding between Plaintiffs and VCH. Harvey v. Joyce (5th Cir. 2000) 199

10   F.3d 790, 795 (Non-signatories to arbitration agreements have standing to seek stay of

11   proceedings where arbitration involves same facts and the lawsuit would render the arbitration

12   proceeding redundant and meaningless).

13          In the event that the Court does not stay the action, the Court should dismiss each claim

14   against Old Republic because Old Republic's only obligation to Plaintiffs was to comply with

15   the terms of its written escrow instructions, which Plaintiffs have not alleged that Old Republic

16   failed to do so. The Court should also dismiss each of Plaintiffs' claims against Old Republic

17   for the following additional reasons. Plaintiffs' first claim for violations of the Fair Housing Act

18   fails because Plaintiffs have not alleged facts sufficient to show that Old Republic engaged in

19   any "residential real estate-related transaction" within the meaning of the Act nor have Plaintiffs

20   specifically alleged any "discriminatory" conduct by Old Republic. Plaintiffs' third claim for

21   RICO violations fails because Plaintiffs have not specifically alleged any predicate acts (i.e.

22   mail, wire, radio and television fraud) by Old Republic. Plaintiffs' fourth claim for RESPA

23   violations fails because Plaintiffs' conclusory allegations that Old Republic received kickbacks

24   from VCH, YOP or Faranda are not supported by any factual allegations and, in fact contradict

25

26                                          - 5 -

27   DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
     (1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
     DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
28   OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
     POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
     S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

1    other more specific allegations in the first amended complaint and because the Act does not

2    cover "excessive charges."  Plaintiffs' seventh claim for violations of the Unruh Civil Rights

3    Act fails because Plaintiffs have not specifically alleged any "discriminatory" conduct by Old

4    Republic or that Old Republic "intentionally" discriminated, an essential element of the claim.

5    Plaintiffs' ninth claim for violations of the Unfair Business Practices Law fails because

6    Plaintiffs have not alleged that their legal remedies are inadequate or that statutory remedies are

7    otherwise applicable.  Plaintiffs' tenth, eleventh, twelfth and thirteenth claims for intentional

8    misrepresentation, negligent misrepresentation, fraudulent concealment and breach of fiduciary

9    duty, fail because Plaintiffs have not alleged fraud with the requisite specificity.

10        In the event the Court does not grant Old Republic's motion to dismiss, the Court

11    should at a minimum require Plaintiffs to amend their pleadings to include a more definite

12    statement of their claims against Old Republic.

13    **II.    STATEMENT OF ISSUES TO BE DECIDED**

14        Whether this action should be stayed pending the outcome of the judicial reference

15    proceeding between Plaintiffs and VCH pursuant to the parties' written agreement.

16        Whether Plaintiffs' first claim for violations of the Fair Housing Act (42 U.S.C. §3601 *et*

17    *seq.*) fails to state a claim against Old Republic as a matter of law.

18        Whether Plaintiffs' third claim for violations of RICO (18 U.S.C. §1962 *et seq.*) fails to

19    state a claim against Old Republic as a matter of law.

20        Whether Plaintiffs' fourth claim for violations of RESPA (12 U.S.C. §2601 *et seq.*) fails

21    to state a claim against Old Republic as a matter of law.

22        Whether Plaintiffs' seventh claim for violations of the Unruh Civil Rights Act (Cal.

23    Govt. Code §51 *et seq.*) fails to state a claim against Old Republic as a matter of law.

24

25

26                                    - 6 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
(1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

27

28

1    Whether Plaintiffs' eighth claim for violations of FEHA (Cal. Govt. Code §12955 *et*

2  *seq.*) fails to state a claim against Old Republic as a matter of law.

3    Whether Plaintiffs' ninth claim for violations of the Unfair Business Practices Law (Cal.

4  Bus. & Prof. Code §17200 *et seq.*) fails to state a claim against Old Republic as a matter of law.

5    Whether Plaintiffs' tenth claim for intentional misrepresentation fails to state a claim

6  against Old Republic as a matter of law.

7    Whether Plaintiffs' eleventh claim for negligent misrepresentation fails to state a claim

8  against Old Republic as a matter of law.

9    Whether Plaintiffs' twelfth claim for fraudulent concealment fails to state a claim against

10  Old Republic as a matter of law.

11    Whether Plaintiffs' thirteenth claim for breach of fiduciary trust fails to state a claim

12  against Old Republic as a matter of law.

13    Whether Plaintiffs' fourteenth claim for negligence fails to state a claim against Old

14  Republic as a matter of law.

15  **III.    BRIEF STATEMENT OF RELEVANT FACTS**

16    VCH is the owner and developer of Monte Bella. FAC, ¶18, 32. Monte Bella was

17  marketed by VCH, Norm YOP ("YOP") and Monica Faranda ("Faranda"). FAC, ¶32. During

18  the fall of 2005, Plaintiffs learned of Monte Bella and made initial inquiries into the possibility

19  of purchasing homes. FAC, ¶32. Thereafter, Plaintiffs met with VCH, YOP and/or Faranda and

20  each eventually signed purchase contracts. FAC, ¶34-44. After signing the purchase contracts,

21  Plaintiffs secured financing from the various defendant lenders, including Countrywide, Wells

22  Fargo Bank, New Century and Cameron Financial. FAC, ¶48-51. Once financing was secured,

23  each Plaintiff was "sent" to the same Old Republic agent purportedly chosen by VCH, YOP

24  and/or Faranda. FAC, ¶52. Plaintiffs allege negotiations and communications between the

25

26  - 7 -

27  DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
(1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
28  OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

1  Plaintiffs, VCH, YOP, Faranda, the lenders and Old Republic were conducted exclusively in

2  Spanish, but that the final written loan agreements and settlement documents were in English

3  only.  FAC, ¶32-52.  Plaintiffs claim they are the victims of predatory rates and fees and that

4  they were targeted and discriminated against because of their race, color, and/or national origin.

5  FAC, ¶57, 63, 64, 67, 71.

6  **IV.    LEGAL ARGUMENT**

7  **A.    THIS ACTION SHOULD BE STAYED PENDING THE OUTCOME OF**
         **THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS**
8         **AND VCH.**

9  Upon application by a party subject to arbitration, the court shall stay the pending

10  lawsuit.  9 U.S.C §3.  Where the litigation involves non-arbitrating parties, the court has

11  discretion to stay the litigation as to them as well.  Harvey v. Joyce (5th Cir. 2000) 199 F.3d 790,

12  795-796.  In Harvey, the Fifth Circuit held that it was proper to stay an action in favor of a non-

13  signatory to an arbitration agreement where: (1) the claims to be arbitrated and litigated were

14  "based on the same operative facts and inherently inseparable;" (2) the lawsuit would have a

15  critical impact on the arbitration; (3) the lawsuit would render the arbitration proceedings

16  redundant and meaningless; and (4) allowing the lawsuit to continue would thwart the federal

17  policy in favor of arbitration.  Id.

18  Here, as in Harvey, the Court should stay this action as to Old Republic pending

19  arbitration of Plaintiffs' claims against VCH because Plaintiffs' claims against Old Republic are

20  based on the same facts as the claims against VCH, i.e., Plaintiffs' home purchase transactions.

21  FAC, ¶32-52.  Moreover, not only will both sets of claims depend on proof of the same

22  underlying facts, but Plaintiffs' theory of liability against Old Republic is entirely derivative of

23  their claims against VCH.  Plaintiffs allege for example that: Old Republic acted as VCH's

24  agent; VCH sent Plaintiffs to Old Republic; Old Republic failed to disclose its relationship with

25

26                                               - 8 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
(1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

27

28

1   VCH; Old Republic "knew and failed to report and correct the tortious conduct of other actors

2   (i.e., VCH, YOP and Faranda);" and Old Republic failed to disclose illegal "kick-backs" it

3   received from VCH.  FAC, ¶18, 21, 52, 77, 91.  Consequently, Plaintiffs' claims against Old

4   Republic are inherently inseparable from Plaintiffs' claims against VCH.  Under the

5   circumstances, if Old Republic were forced to try this case prior to the arbitration of Plaintiffs'

6   claims against VCH, the VCH arbitration would be redundant and meaningless and thwart the

7   federal policy in favor of arbitration.  Accordingly, Plaintiffs' claims against both VCH and Old

8   Republic should be stayed.

9       **B.    OLD REPUBLIC'S RULE 12(b)(6) MOTION SHOULD BE GRANTED.**

10      A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the

11   complaint.  F.R.C.P. Rule 12(b)(6); see also, United States v. White (C.D. CA 1995) 893 F.

12   Supp. 1423, 1428.  A Rule 12(b)(6) dismissal is proper where there is either a "lack of a

13   cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

14   theory."  Ballistreri v. Pacifica Polic Dept. (9th Cir. 1990) 901 F.2d 696, 699.  In ruling on a Rule

15   12(b)(6) motion to dismiss, the court need not accept as true conclusory allegations, legal

16   characterizations, unreasonable inferences or unwarranted deductions of facts.  Transphase

17   Systems, Inc. v. Southern Cal. Edison Co. (C.D. CA 1993) 839 F.Supp. 711, 718; Beliveau v.

18   Caras (C.D. CA 1995) 873 F.Supp. 1393, 1395-1396; see also, Aulson v. Blanchard (1st Cir.

19   1996) 83 F.3d 1, 3 (the court need not "swallow the plaintiff's invective hook, line, and sinker;

20   bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not

21   be credited").  Moreover, Plaintiff's failure to meet the heightened pleading requirements for

22   fraud or mistake under F.R.C.P. 9(b) may provide the basis for a Rule 12(b)(6) motion to

23   dismiss.  F.R.C.P. 9(b); see also, SEC v. Seaboard Corp. (9th Cir. 1982) 677 F.2d 1315, 1316

24   (allegation that "defendant *fraudulently* induced plaintiff" into purchasing a security is merely a

25

26                                   - 9 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
(1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

conclusion and need not be accepted as true absent supporting allegations establishing why it was "fraudulent").

1.    **All Of Plaintiffs' Claims Fail Because Old Republic's Only Obligation As Escrow Holder Was To Comply With The Escrow Instructions And Plaintiffs Have Not Alleged That Old Republic Failed To Do So.**

It is clear from the allegations in the first amended complaint that Old Republic's involvement in Plaintiffs' home purchase transactions was limited to providing "settlement services." FAC, ¶21, 46, 52. The law is well settled that an escrow holder, such as Old Republic, is a "limited agent" whose sole obligation is strict compliance with the instructions of its principals. Peterson Development Co., Inc. v. Torrey Pines Bank (1991) 233 Cal.App.3d 103, 117-118; Lee v. Title Insurance and Trust Company (1982) 264 Cal.App.2d 160, 162. Consequently, "no liability attaches to the escrow holder for his failure to do something not required by the terms of the escrow or for a loss incurred while obediently following his escrow instructions." Id. at 163. This rule has been uniformly applied to preclude liability against an escrow holder for the failure to undertake actions not specifically required by the escrow instructions.

For example, in Lee, plaintiffs sued a title company that had acted as escrow holder in their purchase of real property, alleging that the title company failed to advise them that they were being defrauded by the other parties to the transaction. Id. at 161. The trial court sustained the title company's demurrer without leave to amend and the appellate court affirmed:

> Put abstractly, **the crucial question is whether the escrow holder is under a fiduciary duty to go beyond the escrow instructions and notify each party of any suspicious fact or circumstance** which has come to his attention before or during the life of the escrow which could conceivably affect such party even though the fact or circumstance is not related to his specific escrow instructions.

Id. at 162. The court of appeal answered this question in the negative:

- 10 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
(1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

The fundamental principles underlying the obligations of a general agency would not, and could not, tolerate the operation of an escrow such as we have here, as a general agency. **If the several escrow instructions create in the escrow holder an agency, it must be one limiting the obligations of the escrow holder to each party to the escrow in accordance with the instructions given by such party.** This in practice has been the underlying principle that has made possible the development of the escrow method of handling transactions which has become such an important factor in conveyancing and other business activities. Upon this theory, it has been given almost universal judicial sanction in this and other jurisdictions.

Id. at 164 (quoting Blackburn v. McCoy (1934) 1 Cal.App.2d 648, 654 (emphasis added)).

Because Old Republic's only obligation was to abide by its principal's written escrow instructions and Plaintiffs have not alleged that Old Republic failed to do so, all of Plaintiffs' claims against Old Republic fail as a matter of law.

>    **2.**    **Plaintiffs' First Claim For Violations Of The Fair Housing Act Fails Because Old Republic Did Not "Engage In A Real Estate Related Transaction" Within The Meaning Of The Act.**

The Fair Housing Act prohibits "any entity whose business includes engaging in residential real estate-related transactions" from discriminating against any person on the basis of race, color, religion, sex, handicap, familial status or national origin, in making available such a transaction or in the terms and conditions of such a transaction. 42 U.S.C. §3605(a). The term "residential real estate-related transaction" is defined as:

>    (1) The making or purchasing of loans or providing other financial assistance:
>        (A) for purchasing, constructing, improving, repairing, or maintaining a dwelling; or
>        (B) secured by residential real estate.
>    (2) The selling, brokering, or appraising of residential real property.

42 U.S.C. §3605(b)(1) & (2).

Plaintiffs do not allege that Old Republic was involved in the sale, brokerage or appraisal of their homes or in making any loans or providing any financial assistance to them for the purchase, construction, improvement, repair or maintenance of their homes. To the contrary, Plaintiffs merely allege that they were sent to Old Republic to "close their respective

- 11 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
(1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6); OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

1    transactions" and that Old Republic acted as a "settlement agent" and provided Plaintiffs with

2    "settlement services."  FAC, ¶21, 46, 52.  Although Plaintiffs allege that Old Republic

3    "discriminated against each of its respective clients in the provision of its services and products

4    related to real estate transactions," this conclusory allegation is not supported by any factual

5    allegations that would bring Old Republic's "settlement services" within the scope of coverage

6    of the Fair Housing Act.  FAC, ¶64 (emphasis added); see also, Beliveau v. Caras (C.D. CA

7    1995) 873 F.Supp. 1393, 1395-1396 (conclusory allegations and legal characterizations should

8    be disregarded).  Because Plaintiffs have not alleged facts sufficient to show that Old Republic

9    engaged in residential real estate-related transactions within the meaning of the Fair Housing

10   Act, Plaintiffs' Fair Housing Act claim against Old Republic fails as a matter of law.

11          Moreover, none of the specific charging allegations against Old Republic describe any

12   "discriminatory" conduct.  Rather, Plaintiffs allege that Old Republic "hid the material terms of

13   the transaction[s];" "charged excessive fees and costs;" "failed to act competently as a

14   settlement agent;" "failed to disclose its relationship with [VCH, YOP and Faranda];" failed to

15   "inform Plaintiffs of their right to seek an independent settlement agent;" "failed to provide an

16   adequate disclosure of Plaintiff's [sic] rights;" "failed to disclose the fees and charged excessive

17   fees and costs;" "failed to report and correct the tortuous conduct of other actors;" "failed to

18   discharge its obligations to Plaintiffs;" "collected unearned fees;" "failed to charge reasonable

19   costs to Plaintiffs;" "charged excessive settlement costs" to Plaintiffs; and "failed to disclose any

20   things of value and/or kickbacks received from other[s]."  FAC, ¶21, 46, 52, 77, 91.  Even

21   assuming these allegations were true, which Old Republic denies, Plaintiffs have not alleged that

22   Old Republic treated Plaintiffs differently or less favorably based on Plaintiffs' race, color

23   and/or national origin.  Thus, Plaintiffs cannot prevail on their "discrimination" claims against

24   Old Republic and their first claim should be dismissed.

25

26                                             - 12 -

27   DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
(1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
28   POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

1    **3.    Plaintiffs' Third Claim For Violations Of RICO Fails Because**
2    **Plaintiffs Have Not Specifically Alleged Any Predicate Acts Of**
     **Racketeering By Old Republic.**

3    Under RICO it is unlawful for "any person employed by or associated with any

4    enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to

5    conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a

6    pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. §1962(c). The

7    essential elements of a civil RICO claim are: (1) the existence of a RICO "enterprise"; (2) the

8    existence of a "pattern of racketeering activity"; (3) a nexus between the defendant and either

9    the pattern of racketeering activity or the RICO "enterprise"; and (4) resulting injury to plaintiff

10   in his "business or property." Occupational-Urgent Care Health Systems, Inc. v. Sutro & Co.,

11   Inc. (E.D. CA, 1989) 711 F.Supp. 1016, 1021. In order to allege a "pattern of racketeering

12   activity," plaintiff must allege at least two "predicate acts" of racketeering activity by the

13   defendant. Id.

14   Here, Plaintiffs only generally allege that "Defendants utilized U.S. mail and interstate

15   carriers along with interstate telephone lines to discuss and transfer fraudulent documents and

16   marketing materials." FAC, ¶76. Importantly, Plaintiffs have failed to allege a single specific

17   predicate act by Old Republic as opposed to "Defendants" in general. Plaintiffs have not

18   identified a single document that Old Republic sent through the mail or by interstate carrier, a

19   single telephone conversation in which an employee of Old Republic participated, or a single

20   radio or television advertisement by Old Republic.

21   Rule 9(b) provides that "in all averments of fraud or mistake, the circumstances

22   constituting fraud or mistake shall be stated with particularity." F.R.C.P. 9(b). "Rule 9(b) does

23   not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to

24   differentiate their allegations when suing more than one defendant . . . and inform each

25

26   - 13 -

27   DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
     (1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
     DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
28   OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
     POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
     S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

1   defendant separately of the allegations surrounding his alleged participation in the fraud.'"

2   Swartz v. KPMG LLP (9th Cir. 2007) 476 F.3d 756, 764-765; see also Moore v. Kayport

3   Package Express, Inc. (9th Cir. 1989) 885 F.2d 531, 541.  Rather, Rule 9(c) requires that a

4   complaint: (1) specify the statements that the plaintiff contends were fraudulent; (2) identify the

5   speaker; (3) state where and when the statements were made; and (4) explain why the statements

6   were fraudulent.  F.R.C.P. 9(c).  Plaintiffs' general, conclusory allegations with respect to

7   "Defendants" alleged predicate conduct fails to comply with the Rule 9 pleading requirements.

8   Thus, Plaintiffs' RICO claim against Old Republic should be dismissed.

9           **4.**     **Plaintiffs' Fourth Claim For Violations of the RESPA Fails Because**
**The Act Does Not Apply To "Excessive Fees" And Plaintiffs Have**
10             **Not Alleged Facts Sufficient To Show That Old Republic Received**
           **Any "Kickbacks" Within The Meaning Of The Act.**

11        Section 8 of RESPA prohibits anyone from giving or accepting a kickback, fee or thing

12  of value pursuant to any agreement or understanding incident to a real estate settlement service.

13  12 U.S.C. §2607.  Plaintiffs allege that Old Republic "collected unearned fees and failed to

14  charge reasonable costs," "charged excessive settlement costs," and "failed to disclose any

15  things of value and/or kickbacks received from other civil conspirators."  FAC, ¶91.  RESPA,

16  however, does not prohibit overcharges or excessive fees.  Maganallez v. Hilltop Lending Corp.

17  (N.D. CA 2007) 505 F.Supp. 594, 604 ("Section 8(b) was not intended to serve as a price cap

18  for settlement services").  Moreover, Plaintiffs' conclusory allegations that Old Republic

19  received kickbacks from VCH, YOP or Faranda is not supported by any factual allegations and,

20  in fact contradict other more specific allegations in the first amended complaint.  FAC, ¶91.

21  Indeed, "[a] kickback is 'a usually secret rebate of part of the purchase price . . . to the one who

22  directed or influenced the purchaser to buy from such seller.'"  Schuetz v. Banc One Mortgage

23  Corp. (9th Cir. 2002) 292 F.3d 1004, 1015.  Here, Plaintiffs do not allege that Old Republic

24  directed or influenced them to purchase their homes from VCH.  To the contrary, the allegations

25

26  - 14 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
(1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
27  DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
28  POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

1   in the first amended complaint make it clear that VCH, YOP and Faranda sold and marketed

2   Monte Bella to Plaintiffs and that VCH, YOP and Faranda sent Plaintiffs to Old Republic.

3   FAC, ¶32-46, 52. Therefore, the anti-kickback provisions of RESPA do not apply and

4   Plaintiffs' RESPA claim against Old Republic should be dismissed.

5   **5.    Plaintiffs' Seventh Claim For Violations Of The Unruh Civil Rights
         Act Fails Because Plaintiffs Have Not Specifically Alleged Any
6         Discriminatory Conduct By Old Republic Or That Old Republic
         Intentionally Discriminated.**

7           The Unruh Civil Rights Act prohibits California businesses from discriminating based

8   on color, race or national origin as to conditions, terms, services, etc. of the business. Cal. Civ.

9   Code §51 *et seq.* As discussed above, none of the specific charging allegations against Old

10  Republic none of the specific charging allegations against Old Republic describe any

11  "discriminatory" conduct (i.e., that Old Republic treated Plaintiffs any differently or less

12  favorably than any one else based on Plaintiffs' race, color or national origin). FAC, ¶21, 46,

13  52, 77, 91. Nevertheless, Plaintiffs' Unruh Civil Rights Act claim alleges that Old Republic

14  "discriminated against each of its respective clients in its provision of its services and products

15  related to real estate transactions." FAC, ¶107. This conclusory allegation, however, is not

16  supported by any factual allegations describing any discriminatory conduct by Old Republic and,

17  thus, must be disregarded. Beliveau v. Caras (C.D. CA 1995) 873 F.Supp. 1393, 1395-1396.

18  Moreover, a plaintiff seeking to establish a case under Unruh Civil Rights Act must plead and

19  prove "intentional" discrimination in public accommodations, not merely disparate impact of the

20  allegedly discriminatory conduct. Cal. Civ. Code §51, 52; see also, Harris v. Capital Growth

21  Investors XIV (1991) 52 Cal.3d 1142, 1175 (dismissal of purported cause of action for sex

22  discrimination based on disparate impact affirmed). Here, Plaintiffs have alleged that Latinos

23  are disparately impacted by the alleged predatory sales tactics but have not alleged that Old

24  Republic intentionally discriminated against Plaintiffs. FAC, ¶3-8, 107. Plaintiffs' failure to

25

26                                          - 15 -

27
28
DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
(1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

1    allege any facts to support its conclusory "discrimination" allegation or to allege that Old

2    Republic intentionally discriminated against Plaintiffs is fatal to their Unruh Civil Rights Act

3    claim.

4          **6.    Plaintiffs' Eighth Claim For Violations Of FEHA Fails Because
               Plaintiffs Have Not Specifically Alleged Any Discriminatory Conduct
5               By Old Republic.**

6          FEHA prohibits unlawful discrimination in employment, housing and public

7    accommodations.  Cal. Govt. Code §12955 *et seq.*  None of the specific charging allegations

8    against Old Republic, however, describe any "discriminatory" conduct (i.e., that Old Republic

9    treated Plaintiffs any differently or less favorably than any one else based on Plaintiffs' race,

10   color or national origin).  FAC, ¶21, 46, 52, 77, 91.  Moreover, Plaintiffs' conclusory allegation

11   that Old Republic "discriminated against each of its respective clients in its provision of services

12   and products related to real estate transactions" must be disregarded because it is not supported

13   by any factual allegations.  FAC, ¶107; Beliveau v. Caras (C.D. CA 1995) 873 F.Supp. 1393,

14   1395-1396.  Accordingly, Plaintiffs' FEHA housing discrimination claim fails as a matter of

15   law.

16         **7.    Plaintiffs' Ninth Claim For Violations Of The California Unfair
               Business Practices Law Fails Because Plaintiffs Have Not Alleged Or
17              That Their Legal Remedies Are Inadequate Or That The Statutory
               Remedies Are Otherwise Applicable.**

18
     Plaintiffs' ninth claim for unfair business practices (Cal. Bus. & Prof. Code §§17200 *et*
19
     *seq.*) against Old Republic should be dismissed because Plaintiffs have failed to allege that their
20
     legal remedies are inadequate and because the only two available statutory remedies, injunctive
21
     relief and restitution, are inapplicable.  It is well established that in order obtain equitable
22
     remedies in an unfair business practices claim, the plaintiff must plead and prove an inadequate
23
     remedy at law.  Barquis v. Merchants Collection Assn. (1972) 7 Cal.3d 94, 103-108 (in alleging
24
     unfair business practices, plaintiff must allege an inadequate remedy at law).  Because Plaintiffs
25

26                                          - 16 -

27   DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
     (1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
     DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
28   OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
     POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
     S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

have failed to allege that their legal remedies are inadequate, their unfair business practices

claim fails as a matter of law.

Further, it is similarly well established that:

> Injunctive relief under sections 17203 and 17535 cannot be used . . . to
> enjoin an event which has already transpired; a showing of threatened
> future harm or continuing violation is required. [citations]  Injunctive
> relief has no application to wrongs which have been completed [citations]
> absent a showing that past violations will probably recur.
> People v. Toomey (1984) 157 Cal.App.3d 1, 20.

Although Plaintiffs allege that "Defendants . . .  continue to engage in, a pattern and practice of

unfair business practices" (FAC, ¶114), they have not alleged any specific ongoing conduct by

Old Republic to be enjoined.  To the contrary, Plaintiffs allege that the escrows for their home

purchase transactions closed between October 2005 and May 2006.  FAC, ¶32-45.  Because

Plaintiffs have not alleged continuing wrongful conduct by Old Republic, any claim for

injunctive relief alleging unfair business practices fails as matter of law.

Finally, in Kraus v. Trinity Management Services, Inc. (2000) 23 Cal.4th 116, 128-29,

the California Supreme Court made clear that "restitution is the only monetary remedy expressly

authorized by section 17203."  See also, Korea Supply Co. v. Lockheed Martin Corp. (2003) 29

Cal.4th 1134, 1147-48 (reaffirming that restitution of profits or monies given to defendant in

which plaintiff has an ownership interest is the only remedy under §§17200 et seq.).  Although

Plaintiffs request that  "Defendants . . . disgorge all profits, monies and things of value received

from Plaintiffs" (FAC, ¶169), Plaintiffs have failed to allege that Old Republic received "profits,

monies or things of value" to be restored.  Because neither injunctive relief nor restitution are

available from Old Republic, Plaintiffs' unfair business practices claim should be dismissed.

///

///
///

- 17 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
(1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

1    **8.    Plaintiffs' Tenth, Eleventh, Twelfth And Thirteenth Claims For Intentional Misrepresentation, Negligent Misrepresentation,**
2    **Fraudulent Concealment And Breach Of Fiduciary Duty Fail Because Plaintiffs Have Not Alleged Fraud With The Requisite**
3    **Specificity.**

4    Notwithstanding Plaintiffs' admission that Old Republic's involvement in their home

5    purchase transactions was limited to providing "settlement services," Plaintiffs have sued Old

6    Republic (as one of many collective "Defendants") for: (1) intentional misrepresentation (tenth

7    claim); (2) negligent misrepresentation (eleventh claim); (3) fraudulent concealment (twelfth

8    claim); and (4) breach of fiduciary duty (thirteenth). FAC, ¶21, 46, 52, 125-150, 151-156.

9    Plaintiffs fail to allege these fraud claims with the requisite specificity. Indeed, without pleading

10   any facts relating to Old Republic (other than that it acted as the escrow holder for Plaintiffs'

11   home purchase transactions), Plaintiffs allege upon information and belief that Old Republic

12   misrepresented: (1) Plaintiffs' right to have Spanish language loan documents; (2) Plaintiffs'

13   right to use a different settlement agent; (3) that Plaintiffs were required to use Old Republic as

14   the settlement agent: (4) its relationship with other parties; (5) the unlawful conduct of other

15   parties; and (5) the true costs and charges for its services. FAC, ¶128.

16   Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances

17   constituting fraud or mistake shall be stated with particularity." F.R.C.P. 9(b). In addition, Rule

18   9(c) requires that a complaint: (1) specify the statements that the plaintiff contends were

19   fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4)

20   explain why the statements were fraudulent. F.R.C.P. 9(c). Importantly, Plaintiffs fail to allege

21   the name of any person who made specific knowingly false representations on behalf of Old

22   Republic or knowingly concealed or failed to disclose any material facts to Plaintiffs. Plaintiffs

23   also fail to allege when and where the statements were made or explain why the alleged

24   statements were fraudulent. Because Plaintiffs have failed to meet the Rule 9 specificity

25

26                                                          - 18 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
27   (1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
     DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
     OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
28   POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
     S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

1  requirements for pleading fraud, Plaintiffs' fraud claims fail as a matter of law and should be

2  dismissed.

3    **C.    OLD REPUBLIC'S RULE 12(e) MOTION FOR A MORE DEFINITE STATEMENT SHOULD BE GRANTED.**

4    A Rule 12(e) motion for more definite statement is proper when the complaint is so

5  vague and ambiguous that defendant cannot be reasonably required to frame a responsive

6  pleading.  Famolare, Inc. v. Edison Bros. Storage, Inc. (E.D. CA 1981) 525 F.Supp. 940, 949;

7  Cellars v. Pacific Coast Packaging, Inc. (N.D. CA 1999) 189 F.R.D. 575, 578.  Here, each of

8  Plaintiffs' claims are based on general allegations that refer to  "Plaintiffs" and "Defendants"

9  generally and collectively, without distinction, even though it is apparent that not all defendants

10  are involved in each aspect of the home purchase transactions.  For example, Plaintiffs admit

11  that Old Republic merely provided settlement services in Plaintiffs' home purchase transactions

12  and was not involved in the marketing, sale or financing of Plaintiffs' homes, but allege that

13  "*Defendants* targeted Plaintiffs for the purchase of overvalued new homes and/or higher cost

14  subprime mortgage loans" (FAC, ¶64).  See also FAC, 67 ("*Defendants* continue to sell homes

15  and/or provide loans to other homebuyers").  (Emphasis added).

16    The charging allegations that refer to Old Republic (as opposed to "Defendants") are

17  conclusory and not supported by specific factual allegations.  FAC, ¶46, 52, 64.  Although

18  Plaintiffs allege that Old Republic "discriminated"against its clients, they fail to allege any facts

19  to support this legal conclusion.  FAC, ¶64, 107.  Plaintiffs also allege that Old Republic "hid

20  the material terms of the transaction undertaken," but do not identify any specific transaction

21  (the first amended complaint describes a total of 4 transactions) or the specific material terms

22  Old Republic allegedly hid.  FAC, ¶46.  Similarly, Plaintiffs allege that Old Republic "knew and

23  failed to report and correct the tortious conduct of other actors" but do not identify the "other

24  actors" or explain how Old Republic knew of their allegedly tortious conduct.  FAC, ¶52.

25

26                                            - 19 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
(1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

27

28

1    And as set forth above, Plaintiffs' fraud claims (tenth, eleventh, twelfth and thirteenth)

2    do not comply with the pleading specificity requirements of Rule 9. Plaintiffs allege that Old

3    Republic made various misrepresentations about Plaintiffs' right to have Spanish language loan

4    documents and use a settlement agent of their choice, and Old Republic's relationship with other

5    parties, but do not identify who made the alleged misrepresentations, to whom they were made,

6    when they were made or why they were false when made. FAC, ¶128, 145. <u>Wenger v.</u>

7    <u>Lumisys, Inc.</u> (N.D. CA 1998) 2 F.Supp.2d 1231, 1239 (Plaintiffs must allege the time, place

8    and content of the alleged misrepresentation or omission, the identity of the person making the

9    misrepresentation or omission and an explanation as to how an alleged statement or omission

10   was false or misleading when made). Accordingly, Plaintiffs should at a minimum be required

11   to amend the first amended complaint to specify which the who, what, when, where and why of

12   each alleged misrepresentation or wrongful act by Old Republic and which specific Plaintiffs

13   were involved.

14   **V.    CONCLUSION**

15       For the reasons discussed above, this action should be stayed pending the outcome of the

16   arbitration between Plaintiffs and VCH. Alternatively, Plaintiffs' claims against Old Republic

17   for violations of the Fair Housing Act (Claim One), RICO (Claim Three), RESPA (Claim Four),

18   Unruh Civil Rights Act (Claim Seven), FEHA (Claim Eight) and Unfair Business Practices Law

19   (Claim Nine), intentional misrepresentation (Claim Ten), negligent misrepresentation (Claim

20   Eleventh), fraudulent concealment (Claim Twelve), breach of fiduciary trust (Claim Thirteen)

21   and negligence (Claim Fourteen) should be dismissed because they fail to state claims upon

22   which relief may be granted. In any event, Plaintiffs should at a minimum be required to amend

23   the first amended complaint to include a more definite statement of their claims against Old

24   Republic.

25

26                                                        - 20 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
(1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

27

28

1    DATED: January 2, 2008                    STEYER LOWENTHAL BOODROOKAS
                                               ALVAREZ & SMITH LLP
2

3                                              By: /s/ Edward Egan Smith
                                                   Jeffrey H. Lowenthal
4                                                  Edward Egan Smith
                                                   Jayne A. Peeters
5                                              Attorneys for Defendant Old Republic Title
                                               Company
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                            - 21 -

27    DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
      (1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
      DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
28    OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
      POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
      S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

1

### DECLARATION OF JEFFREY H. LOWENTHAL

2       I, Jeffrey H. Lowenthal, declare:

3       1.      I am an attorney licensed to practice law in the State of California and a partner

4   with the law firm of Steyer Lowenthal Boodrookas Alvarez & Smith LLP, attorney for

5   defendant Old Republic Title Company ("Old Republic") in this action.  I make this declaration

6   based on personal knowledge and if called as a witness to testify about the facts stated herein, I

7   could and would do so competently.

8       2.      I make this declaration in support of Old Republic's motion for an order: (1)

9   staying this action as to Old Republic pending the outcome of the judicial reference proceeding

10  between Plaintiffs and defendant VCH-Salinas I, LLC ("VCH"), pursuant to their written

11  agreement; or alternatively, (2) dismissing Plaintiffs' first, third, fourth, seventh, eighth, ninth,

12  tenth, eleventh, twelfth, thirteenth and fourteenth claims in the first amended complaint for

13  violations of the Fair Housing Act (42 U.S.C. §3601 *et seq.*), Racketeer Influenced Corrupt

14  Organizations Act (18 U.S.C. §1962 *et seq.*), Real Estate And Settlement Procedures Act (12

15  U.S.C. §2601 *et seq.*), Unruh Civil Rights Act (Cal. Govt. Code §51 *et seq.*), Fair Employment

16  and Housing Act (Cal. Govt. Code §12955 *et seq.*), Unfair Business Practices Law (Cal. Bus. &

17  Prof. Code §17200 *et seq.*), intentional misrepresentation, negligent misrepresentation,

18  fraudulent concealment, breach of fiduciary trust and negligence, respectively, pursuant to

19  F.R.C.P. 12(b)(6) because each such claim fails to state a claim against Old Republic upon

20  which relief can be granted; or alternatively, (3) for a more definite statement pursuant to

21  F.R.C.P. 12(e) on the grounds that Plaintiffs' first amended complaint is vague, ambiguous and

22  unintelligible such that Old Republic cannot reasonably be required to frame a responsive

23  pleading.

24

25

26

27

28

- 22 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
(1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

1    3.    I am informed and believe that Exhibit 1 attached hereto is a representative copy

2 of the purchase agreement between Plaintiffs and VCH.

3    4.    I am informed and believe that Plaintiffs dispute the applicability of the Judicial

4 Reference provision in the attached purchase agreement and that VCH intends to bring a motion

5 to stay this action pending resolution of its dispute with Plaintiffs regarding the applicability of

6 the contractual Judicial Reference provision and the outcome of the arbitration.

7    I declare under penalty of perjury that the foregoing is true and correct and that this

8 declaration was executed on January 2, 2008, at San Francisco, California.

9
                                        ___/s/ Jeffrey H. Lowenthal_____
10                                           Jeffrey H. Lowenthal

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          - 23 -
DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
27 (1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
28 OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

# TABLE OF CONTENTS

Page

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

II.    STATEMENT OF ISSUES TO BE DECIDED . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

III.   BRIEF STATEMENT OF RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

IV.    LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8


       A.    THIS ACTION SHOULD BE STAYED PENDING THE
             OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING
             BETWEEN PLAINTIFFS AND VCH . . . . . . . . . . . . . . . . . . . . . . . . . .  8

       B.    OLD REPUBLIC'S RULE 12(b)(6) MOTION SHOULD BE
             GRANTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

             1.    All Of Plaintiffs' Claims Fail Because Old Republic's
                   Only Obligation As Escrow Holder Was To Comply
                   With The Escrow Instructions And Plaintiffs Have Not
                   Alleged That Old Republic Failed To Do So . . . . . . . . . . . . . . . . . . . .  10

             2.    Plaintiffs' First Claim For Violations Of The Fair Housing
                   Act Fails Because Old Republic Did Not "Engage In A
                   Real Estate Related Transaction" Within The Meaning
                   Of The Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

             3.    Plaintiffs' Third Claim For Violations Of RICO Fails
                   Because Plaintiffs Have Not Specifically Alleged Any
                   Predicate Acts Of Racketeering By Old Republic . . . . . . . . . . . . . . .  13

             4.    Plaintiffs' Fourth Claim For Violations of the RESPA Fails
                   Because The Act Does Not Apply To "Excessive Fees" And
                   Plaintiffs Have Not Alleged Facts Sufficient To Show That
                   Old Republic Received Any "Kickbacks" Within The Meaning
                   Of The Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

             5.    Plaintiffs' Seventh Claim For Violations Of The Unruh Civil
                   Rights Act Fails Because Plaintiffs Have Not Specifically
                   Alleged Any Discriminatory Conduct By Old Republic Or
                   That Old Republic Intentionally Discriminated. . . . . . . . . . . . . . . . .  15

DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
(1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

6.  Plaintiffs' Eighth Claim For Violations Of FEHA Fails Because Plaintiffs Have Not Specifically Alleged Any Discriminatory Conduct By Old Republic ...................... 16

7.  Plaintiffs' Ninth Claim For Violations Of The California Unfair Business Practices Law Fails Because Plaintiffs Have Not Alleged Or That Their Legal Remedies Are Inadequate Or That The Statutory Remedies Are Otherwise Applicable. ............................................... 16

8.  Plaintiffs' Tenth, Eleventh, Twelfth And Thirteenth Claims For Intentional Misrepresentation, Negligent Misrepresentation, Fraudulent Concealment And Breach Of Fiduciary Duty Fail Because Plaintiffs Have Not Alleged Fraud With The Requisite Specificity. .............................................. 18

C.  OLD REPUBLIC'S RULE 12(e) MOTION FOR A MORE DEFINITE STATEMENT SHOULD BE GRANTED. ......................... 19

V.  CONCLUSION ................................................. 20

- ii -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
(1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

1

<u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

4    <u>Aulson v. Blanchard</u>
         83 F.3d 1  (1st Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

5    <u>Ballistreri v. Pacifica Polic Dept.</u>
         901 F.2d 696  (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
6
     <u>Barquis v. Merchants Collection Assn.</u>
7        7 Cal.3d 94 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

8    <u>Beliveau v. Caras</u>
         873 F.Supp. 1393  (C.D. CA 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 16
9
     <u>Blackburn v. McCoy</u>
10       1 Cal.App.2d 648  (1934) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

11   <u>Cellars v. Pacific Coast Packaging, Inc.</u>
         189 F.R.D. 575 (N.D. CA 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

12   <u>Famolare, Inc. v. Edison Bros. Storage, Inc.</u>
         (E.D. CA 1981) 525 F.Supp. 940 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
13

14   <u>Harris v. Capital Growth Investors XIV</u>
         52 Cal.3d 1142  (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
15
     <u>Harvey v. Joyce</u>
16       199 F.3d 790  (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

17   <u>Kraus v. Trinity Management Services, Inc.</u>
         23 Cal.4th 116 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
18
     <u>Korea Supply Co. v. Lockheed Martin Corp.</u>
19       29 Cal.4th 1134 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

20
     <u>Lee v. Title Insurance and Trust Company</u>
21       264 Cal.App.2d 160  (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

22   <u>Maganallez v. Hilltop Lending Corp.</u>
         505 F.Supp. 594  (N.D. CA 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
23
     <u>Moore v. Kayport Package Express, Inc.</u>
24       885 F.2d 531  (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

25                                           - iii -

26

27   DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
     (1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
     DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
28   OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
     POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
     S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd

Occupational-Urgent Care Health Systems, Inc. v. Sutro & Co., Inc.
     711 F.Supp. 1016  (E.D. CA, 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Peterson Development Co., Inc. v. Torrey Pines Bank
     233 Cal.App.3d 103  (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Schuetz v. Banc One Mortgage Corp.
     292 F.3d 1004  (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

SEC v. Seaboard Corp.
     677 F.2d 1315  (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Swartz v. KPMG LLP
     476 F.3d 756  (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Wenger v. Lumisys, Inc.
     2 F.Supp.2d 1231 (N.D. CA 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Transphase Systems, Inc. v. Southern Cal. Edison Co.
     839 F.Supp. 711  (C.D. CA 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. White
     893 F. Supp. 1423 (C.D. CA 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9


STATUTES, RULES AND REGULATIONS:

12 U.S.C. §2601 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. §1962 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. §1962(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

42 U.S.C. §3601 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

42 U.S.C. §3605(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cal. Bus. & Prof. Code §17200 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Cal. Civ. Code §51 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Cal. Civ. Code §51, 52 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Cal. Govt. Code §12955 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Cal. Govt. Code §51 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

DEFENDANT OLD REPUBLIC TITLE COMPANY'S NOTICE OF MOTION AND MOTION:
(1) FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND
DEFENDANT VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) TO DISMISS CLAIMS PURSUANT TO RULE 12(b)(6);
OR ALTERNATIVELY, (3) FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e); MEMORANDUM OF
POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY H. LOWENTHAL
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Notice-2.wpd