1  Sanford Shatz          State Bar No. 127229
2  Attorney at Law
   5220 Las Virgenes Road, MS: AC-11
3  Calabasas, California 91302
   Telephone: (818) 871-6062
4  Fax: (818) 871-4669

5  Attorneys for Defendant Countrywide Home Loans, Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  BEATRICE GONZALEZ AND JOSE URTIZ, )   Case No.: C07 05698 JW
    JORGE AGUIRRE, ELEAZAR BECERRA    )
12  AND ROCIO BECERRA, J. GUADALUPE   )   File Date: November 8, 2007
    CONTRERAS AND TERESA CONTRERAS,)      Trial Date: Not Assigned
13  all individually and on behalf of the general )
14  public,                           )   NOTICE OF MOTION AND MOTION TO
                                      )   DISMISS PLAINTIFFS' FIRST AMENDED
15            Plaintiff,              )   COMPLAINT FOR FAILURE TO STATE A
                                      )   CLAIM OR IN THE ALTERNATIVE FOR A
16        vs.                         )   MORE DEFINITE STATEMENT AND
                                      )   MOTION TO STRIKE; MEMORANDUM OF
17                                    )   POINTS AND AUTHORITIES; JUDICIAL
18  VCH SALINAS I LLC dba VALLEY      )   NOTICE
    COMMUNITY HOMES and as MONTE      )
19  BELLA REALTY, NORM YOP INC.       )
    REALTORS dba MONTE BELLA REALTY, )    [F.R.C.P. Rules 8, 12(b)(6) and 12(f)]
20  MONICA FARANDA dba as MONTE       )
    BELLA REALTY, UNIVERSAL           )   Date: March 3, 2008
21  MORTGAGE & SALES INC., IRA        )   Time: 9:00 a.m.
22  MORTGAGE & HOME SALES, INC.,      )   Courtroom: 8
    AMERICAN PACIFIC MORTGAGE CORP.   )
23  dba as CREATIVE MORTGAGE, OLD     )
24  REPUBLIC TITLE CO., COUNTRYWIDE   )
    FINANCIAL CORP. dba AMERICA'S     )
25  WHOLESALE LENDER, NEW CENTURY     )
    MORTGAGE CORP., CAMERON           )
26  FINANCIAL GROUP INC., WELLS FARGO )
27  BANK, and DOES 1 TO 100, inclusive, )
                                      )
28            Defendants.             )

s:\ss\lc\Gonzalez-Urtiz\mtn-dis          – 1 –

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that on March 3, 2008, at 9:00 a.m. in courtroom 8 before the

3    Hon. James Ware of the above-entitled court located at 280 South First Street, San Jose, CA

4    95113, moving party defendants Countrywide Financial Corporation ("CFC") and Countrywide

5    Home Loans, Inc. dba America's Wholesale Lender ("CHL") (collectively "Countrywide") will

6    move to dismiss the first amended complaint filed by plaintiffs Beatrice Gonzalez and Jose Urtiz

7    ("Gonzales-Urtiz") and Jorge Aguirre ("Aguirre") (collectively "Plaintiffs") on the grounds that

8    the Plaintiffs fail to state a claim upon which relief can be granted against CFC and CHL, or in

9    the alternative for a more definite statement and for such other and further relief as the court

10    deems just and proper.  More specifically, Countrywide will move to dismiss all claims in which

11    CFC and CHL are named as a defendant:

12        1.    Plaintiffs' first claim for violation of the Fair Housing Act should be dismissed

13    because the complaint reveals, on its face, that Countrywide merely made Plaintiffs the loans

14    they admittedly requested and failed to specify any term of that loan which was discriminatory,

15    and the complaint fails to specify the specific wrongs allegedly committed by each defendant

16    against each plaintiff, instead lumping all parties together.

17        2.    Plaintiffs' second claim for violation of the violation of the Equal Credit

18    Opportunity Act should be dismissed because the complaint reveals, on its face, that

19    Countrywide merely made Plaintiffs the loan they admittedly requested and failed to specify any

20    term of that loan which was discriminatory, and the complaint fails to specify the specific wrongs

21    allegedly committed by each defendant against each plaintiff, instead lumping all parties

22    together.

23        3.    The third claim is not asserted against either CHL or CFC.

24        4.    Plaintiffs' fourth claim for violation of the Real Estate Settlement Procedures Act

25    should be dismissed because there is no private right of action under the Real Estate Settlement

26    Procedures Act by Plaintiffs against Countrywide; Plaintiffs fail to state a claim upon which

27    relief can be granted against Countrywide; the claim is uncertain, Aguire does not appear to be a

28    proper plaintiff on this claim, and the complaint fails to specify the specific wrongs allegedly

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT
AND MOTION TO STRIKE

1  committed by each defendant against each plaintiff, instead lumping all parties together.

2      5.    Plaintiffs' fifth claim for violation of the Truth In Lending Act should be

3  dismissed because it is barred by the one-year statute of limitation; fails to plead sufficient facts

4  that establish that Countrywide violated TILA; fails to distinguish Countrywide's conduct and

5  duties from those of the independent loan brokers; the cause of action is uncertain, and the

6  complaint fails to specify the specific wrongs allegedly committed by each defendant against

7  each plaintiff, instead lumping all parties together.

8      6.    Plaintiffs' sixth claim for violation of California Civil Code section 1632 (Spanish

9  Language Contract Act) should be dismissed because the complaint reveals, on its face, that

10 Countrywide had nothing to do with the signing of the loan documents at issue and the complaint

11 is completely devoid of any facts pursuant to which Countrywide could be held to be vicariously

12 liable for the defendants who did originate the loan, and the complaint fails to specify the specific

13 wrongs allegedly committed by each defendant against each plaintiff, instead lumping all parties

14 together.

15     7.    Plaintiffs' seventh claim for breach of the California Unruh Civil Rights Act

16 should be dismissed because the complaint reveals, on its face, reveals that the claim is time

17 barred and Countrywide made the loan to Plaintiffs that they requested and the complaint fails to

18 specify any particular term of that loan which would be different but for Plaintiffs' ethnicity, and

19 the complaint fails to specify the specific wrongs allegedly committed by each defendant against

20 each plaintiff, instead lumping all parties together.

21     8.    Plaintiffs' eighth claim for violation of the Fair Employment and Housing Act

22 should be dismissed because the complaint reveals, on its face, that Countrywide actually made

23 the loans to Plaintiffs that they requested and fail to specifically allege any discriminatory term,

24 and the complaint fails to specify the specific wrongs allegedly committed by each defendant

25 against each plaintiff, instead lumping all parties together.

26     9.    Plaintiffs' ninth claim for unfair competition should be dismissed on the grounds

27 that private causes of action for violation of California Civil Code section 17200, et seq., have

28 been severely circumscribed by the initiative passed in the November 2004 election;

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT
AND MOTION TO STRIKE

1    Countrywide is not alleged to have engaged in any unfair act with regard to Plaintiffs other than

2    making the loans or acquiring the loans that Plaintiffs requested and received; and Plaintiffs are

3    not entitled to seeking recovery of damages, punitive or otherwise; Plaintiffs do not seek

4    restitution for any funds paid to Countrywide; Plaintiffs fail to state a claim upon which relief

5    can be granted, and the complaint fails to specify the specific wrongs allegedly committed by

6    each defendant against each plaintiff, instead lumping all parties together.

7         10.    Plaintiffs' tenth claim for intentional misrepresentation should be dismissed

8    because the Plaintiffs fail to plead fraud with particularity; the Plaintiffs do not allege any facts to

9    establish any representation made by Countrywide that Countrywide knew to be false, the

10   Plaintiffs' reasonable reliance on that false representation, that the Plaintiffs' reasonable reliance

11   on Countrywide's alleged misrepresentation caused it damage, or that the Plaintiffs suffered any

12   damages caused by Countrywide's acts or omissions; the Plaintiffs fail to allege the identity of

13   the person who spoke on behalf of Countrywide, that person's authority to speak for

14   Countrywide, and Countrywide's ratification of the person's actions; the cause of action is

15   uncertain, and the complaint fails to specify the specific wrongs allegedly committed by each

16   defendant against each plaintiff, instead lumping all parties together.

17        11.    Plaintiffs' eleventh claim for negligent misrepresentation should be dismissed

18   because the Plaintiffs fail to plead fraud with particularity; the Plaintiffs do not allege any facts to

19   establish any representation made by Countrywide that Countrywide knew to be false, the

20   Plaintiffs' reasonable reliance on that false representation, that the Plaintiffs' reasonable reliance

21   on Countrywide's alleged misrepresentation caused it damage, or that the Plaintiffs suffered any

22   damages caused by Countrywide's acts or omissions; the Plaintiffs fail to allege the identity of

23   the person who spoke on behalf of Countrywide, that person's authority to speak for

24   Countrywide, and Countrywide's ratification of the person's actions; the cause of action is

25   uncertain, and the complaint fails to specify the specific wrongs allegedly committed by each

26   defendant against each plaintiff, instead lumping all parties together.

27        12.    Plaintiffs' twelfth claim for concealment should be dismissed because the

28   Plaintiffs fail to plead fraud with particularity; the Plaintiffs do not allege any facts to establish

1  any representation made by Countrywide that Countrywide knew to be false, the Plaintiffs'

2  reasonable reliance on that false representation, that the Plaintiffs' reasonable reliance on

3  Countrywide's alleged misrepresentation caused it damage, or that the Plaintiffs suffered any

4  damages caused by Countrywide's acts or omissions; the Plaintiffs fail to allege the identity of

5  the person who spoke on behalf of Countrywide, that person's authority to speak for

6  Countrywide, and Countrywide's ratification of the person's actions; the cause of action is

7  uncertain, and the complaint fails to specify the specific wrongs allegedly committed by each

8  defendant against each plaintiff, instead lumping all parties together.

9      13.    Plaintiffs' thirteenth claim for breach of fiduciary trust should be dismissed

10  because the Plaintiffs do not allege sufficient facts to establish any duty owed by Countrywide to

11  the Plaintiffs; the Plaintiffs do not allege sufficient facts to establish that Countrywide breached

12  any duty it may have owed to the Plaintiffs; the Plaintiffs do not allege sufficient facts to

13  establish that Countrywide's purported breach of duty caused the Plaintiffs any damage; the

14  Plaintiffs do not allege any facts to establish that they were damaged by any act or omission of

15  Countrywide; the Plaintiffs seek tort damages for a contract cause of action, and the complaint

16  fails to specify the specific wrongs allegedly committed by each defendant against each plaintiff,

17  instead lumping all parties together.

18      14.    Plaintiffs' fourteenth claim for negligence should be dismissed because the

19  Plaintiffs do not allege sufficient facts to establish any duty owed by Countrywide to the

20  Plaintiffs; the Plaintiffs do not allege sufficient facts to establish that Countrywide breached any

21  duty it may have owed to the Plaintiffs; the Plaintiffs do not allege sufficient facts to establish

22  that Countrywide's purported breach of duty caused the Plaintiffs any damage; the Plaintiffs do

23  not allege any facts to establish that they were damaged by any act or omission of Countrywide;

24  the Plaintiffs seek tort damages for a contract cause of action, and the complaint fails to specify

25  the specific wrongs allegedly committed by each defendant against each plaintiff, instead

26  lumping all parties together.

27      15.    Plaintiffs Eleazar Becerra, Rocio Becerra, J. Guadalupe Contreras and Teresa

28  Contreras' purported claims, if any, against CFC and CHL should be dismissed in their entirety

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT
AND MOTION TO STRIKE

1  because these specific plaintiffs do not assert any claims about Countrywide, do not assert any

2  relationship with Countrywide and do not assert that either CFC or CHL did or did not do

3  anything with respect to them.  As such, there is no basis for any claim.

4      PLEASE TAKE FURTHER NOTICE that Countrywide will move, pursuant to Fed. R.

5  Civ. Proc. R. 12(e) for a more definite statement of Plaintiffs' claims since Plaintiffs' complaint

6  is unintelligible, vague and ambiguous.  Countrywide cannot reasonably be required to frame a

7  responsive pleading, in that the Plaintiffs fail to specify the identity of Countrywide, their

8  relationship with Countrywide, Countrywide's purported activities, Countrywide's purported

9  relationship with any of the other defendants, or any activity purportedly undertaken by

10  Countrywide that may have had any effect on the Plaintiffs.

11      This motion is based upon this Notice of Motion and Motion to Dismiss and Motion to

12  Strike, the accompanying Memorandum of Points and Authorities, and upon the pleadings, files

13  and records in this action, and such other and further oral and documentary evidence as may be

14  presented at the hearing of the motion.

15

16  DATED:  January 18, 2008          By: _____

17                                        SANFORD SHATZ

18                                        Attorneys for Defendant
                                          Countrywide Home Loans, Inc.

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT
AND MOTION TO STRIKE

MEMORANDUM OF POINTS AND AUTHORITIES

I.    INTRODUCTION.

Plaintiffs Berenice Gonzalez and Jose Urtiz ("Gonzalez-Urtiz") and Jorge Aguirre ("Aguirre") (collectively "Plaintiffs") are suing Countrywide Financial Corporation ("CFC") and Countrywide Home Loans, Inc. ("CHL") (collectively "Countrywide"), in an action where four other plaintiffs are also suing numerous other defendants.  It appears that the various plaintiffs bought new properties at the height of the real estate market and are now suffering "paper losses."  While living in their new homes, plaintiffs allege a plethora of claims against numerous person regardless of how remote the claims or how tenuous the connection.  Countrywide's apparent wrongful acts appear to consist of making two purchase money loans to Gonzales-Urtiz, who had the help of a mortgage  broker, and acquiring a single purchase money loan made by another lender to Aguirre.  Plaintiffs do not allege that they had any contact with either Countrywide entity before purchasing the property, or that Countrywide played any role in Plaintiffs' investigation and purchase of their homes other than to provide the requested financing.  Countrywide is now holding loans on properties that may be declining in value where the Plaintiffs are threatening to walk away and leave Countrywide facing the losses.  There is no basis to Plaintiffs' claims and they should be dismissed.

Based on the facts alleged in the complaint, Plaintiffs have glaringly failed to allege sufficiently any wrongdoing from Countrywide.  The complaint does not allege that the sellers, mortgage brokers or other lenders are employees or affiliates of Countrywide, or that they acted at Countrywide's direction or with its knowledge.  Countrywide is not alleged to have any involvement in the activities and representations alleged in the complaint.  Countrywide allegedly merely processed the Gonzalez-Urtiz loan as requested by their mortgage broker, defendant Universal Mortgage & Sales, Inc. ("Universal").  Countrywide's involvement in the Aguirre loan is even more remote - Aguirre retained mortgage broker defendant Creative Mortgage who helped Aguirre obtain two loans from defendant New Century Mortgage Corp. ("New Century"), the second of which was subsequently assigned to Countrywide.  In summary, Plaintiffs have lumped in Countrywide with the other defendants, without any regard to the facts

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE

1  or Countrywide's lack of liability in this case. At no time do Plaintiffs allege any connection

2  with Countrywide, nor do the Plaintiffs allege any facts to relate any of the listed statutes with

3  any claim against Countrywide. In short, Countrywide cannot determine why they are parties in

4  this action. Countrywide respectfully request that the court dismiss the complaint because

5  Plaintiffs fail to allege sufficient facts to constitute a cause of action. Alternatively, the court

6  should order Plaintiffs to provide a more definite statement of their claims against Countrywide.

7

8  II.    SUMMARY OF FACTS ALLEGED IN COMPLAINT.

9          A.    Countrywide – CHL And CFC.

10         CHL's business activities include the origination, acquisition and/or servicing of loans to

11  borrowers in residential real estate transactions and such services were provided to Gonzalez-

12  Urtiz. (Comp. ¶ 23.) On information and belief, CFC is the alter ego, successor, trustee, financer

13  and/or sponsor of CHL's business activities. (Comp. ¶ 23.)

14         CHL is a New York corporation and is licensed to do business in California. RJN, Ex. D.

15  CHL does business under the name of America's Wholesale Lender. RJN, Ex. F.

16         CFC is a Delaware corporation and is licensed to do business in California. RJN, Ex. E.

17  It is also publicly traded on the New York stock exchange under the symbol CFC. RJN.

18         Despite their separate existence, Plaintiffs lump these two defendants together and make

19  no effort to specify what each has done.

20         B.    The Aguirre Purchase And Loan.

21         Aguirre purchased the subject property. (Comp. ¶¶ 44-45.) Countrywide is not alleged to

22  have any role in that purchase. To obtain financing, Aguirre pursued a loan with Creative

23  Mortgage. (Comp. ¶ 51.) Aguirre was initially impressed with Creative's speed in getting him

24  approved for a loan. (Comp. ¶ 51.) Creative assured Aguirre that the first and second loan

25  combination from New Century were the best loans he could afford based upon his credit and

26  income history. (Comp. ¶ 51.) Creative brokered the loans to New Century who provided the

27  funding. (Comp. ¶ 51.) Countrywide is not alleged to have anything to do with the origination

28  of either loan. Only after the subject loans to Aguirre closed, New Century sold the Aguirre

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT
AND MOTION TO STRIKE

1  second lien to CHL. (Comp. ¶ 25.) The complaint does not allege that Countrywide took any

2  action or made any representations in the origination of the Aguirre second. The complaint does

3  not allege that Aguirre contacted with Countrywide or that Countrywide contacted Aguirre for a

4  loan. The complaint does not allege that Countrywide placed Aguirre in the subject loans. The

5  complaint does not allege Countrywide made any representations to Aguirre about loan terms.

6       C.    <u>The Gonzalez-Urtiz Loans</u>.

7       Gonzalez-Urtiz purchased the subject property. (Comp. ¶¶ 38-39.) Countrywide is not

8  alleged to have any role in that purchase. On or about February 2006, Gonzalez-Urtiz contacted

9  Universal to arrange financing of their new home. (Comp. ¶ 48.) After reviewing their credit

10  history and application, Universal placed Gonzalez-Urtiz in two CHL loans. (Comp. ¶ 48.)

11  Plaintiffs thought CHL would be a good match because it was recommended by defendants

12  Valley, Yop and Faranda. (Comp. ¶ 48.) The complaint does not allege any actions taken or

13  representations made by Countrywide in the loans made by Universal to Gonzalez-Urtiz. The

14  complaint does not allege that Gonzalez-Urtiz contacted with Countrywide or that Countrywide

15  contacted Gonzalez-Urtiz. The complaint does not allege that Countrywide placed Gonzalez-

16  Urtiz in the subject loans or selected the subject loans. The complaint does not allege any

17  representations made by Countrywide as to the loan terms.

18       D.    <u>Other Plaintiffs</u>.

19       Plaintiffs Eleazar Becerra, Rocio Becerra, J. Guadalupe Contreras, and Teresa Contreras

20  ("other plaintiffs") purport to bring each cause of action against each defendant. However, the

21  complaint specifically alleges that these "other plaintiffs" dealt with other lenders, not

22  Countrywide, and no connection is alleged between the other plaintiffs and Countrywide.

23

24  III.    <u>THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT BECAUSE IT FAILS</u>

25        <u>TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>.

26       Plaintiffs' complaint is devoid of facts to support any claim against Countrywide.

27  Instead, their complaint makes numerous generic conclusory statements regarding Countrywide

28  and the other defendants. Although in deciding a motion to dismiss courts consider facts in the

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT
AND MOTION TO STRIKE

1  complaint as true, courts do not "assume the truth of legal conclusions merely because they are

2  cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th

3  Cir. 1981) (affirming dismissal of complaint); see also Cellars v. Pacific Coast Packaging, Inc.,

4  189 F.R.D. 575, 578 (N.D. Cal. 1999). "[T]he Court may disregard conclusory allegations that

5  are wholly unsupported or contradicted by the plaintiff's factual allegations." Student Loan

6  Mktg. Ass'n v. Hanes, 181 F.R.D. 629, 634 (S.D. Cal. 1998) (granting motion to dismiss cross-

7  complaint). The requirement that a complaint contain more than merely conclusory statements

8  "serves to prevent costly discovery on claims with no underlying factual or legal basis." Migdal

9  v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (affirming dismissal).

10  Further, "[d]istrict courts are not [ ] required to speculate that factual propositions

11  unmentioned, or evidentiary links unrevealed, are among the facts plaintiff intends to prove at

12  trial." ACLU Found. v. Barr, 952 F.2d 457, 472 (D.C. Cir. 1991). Courts should dismiss any

13  claim "that fails to plead sufficiently all required elements of a cause of action." Student Loan

14  Mktg. Ass'n, 181 F.R.D. at 634. Plaintiffs fail to plead all the required elements against

15  Countrywide in each of their claims. Therefore, the plaintiffs' complaint should be dismissed.

16      A.    All Claims Against CFC Should Be Dismissed.

17  Plaintiffs name CFC as a defendant, but yet they attribute no specific wrongdoing to CFC.

18  Plaintiffs instead lump CFC and CHL together, and oftentimes with other defendants, and do not

19  even attempt to explain why or how they bear liability. Plaintiffs apparently sued CFC simply

20  because it is the parent to CHL. However, where a plaintiff's claim against a particular

21  defendant consists entirely of conclusory allegations unsupported by factual assertions, such

22  pleading fails even the liberal standard of Rule 12(b)(6) and must be dismissed. Cushing v. City

23  of Chicago, 3 F.3d 1156 (7th Cir. 1993). Here, there are no allegations against CFC, let alone the

24  "conclusory allegations" which would ordinarily justify dismissal. The only fact alleged as to

25  CFC is that it is the alter ego, successor, trustee, financer and/or sponsor of CHL's business

26  activities. Comp. ¶ 23. No other references in the complaint are made to CFC and Plaintiffs

27  assert no allegations against it. As such, the Plaintiffs have not stated any claims against CFC,

28  and the motion to dismiss as to CFC should be granted.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT
AND MOTION TO STRIKE

1         B.       <u>The Other Plaintiffs' Claims Against CFC And CHL Should Be Dismissed.</u>

2         The other plaintiffs assert no claims against CFC or CHL. Each specifically alleges

3 dealing with other lenders. Rocio and Eleazar Beccera allege that they dealt with IRA Mortgage

4 and Cameron Financial. Comp., ¶ 49. Teresa and J. Guadalupe Contreras allege that they dealt

5 with Wells Fargo. Comp., ¶ 50. None of these other plaintiffs allege that they had any

6 connection with Countrywide or that Countrywide had any connection with them. As such, these

7 other plaintiffs' claims should be dismissed against CFC and CHL.

8         C.       <u>First , Second, Seventh And Eighth Claims For Violation Of The Fair Housing</u>

9                <u>Act, Equal Credit Opportunity Act, California Unruh Civil Rights Act, And</u>

10                <u>California Fair Employment And Housing Act Should Be Dismissed.</u>

11         Plaintiffs' first, second, seventh and eighth claims are for violation of the federal Fair

12 Housing Act, Equal Credit Opportunity Act, California Unruh Civil Rights Act, and the

13 California Fair Employment and Housing Act. All four claims contain, in essence, the same

14 allegations: that Countrywide, acting through some unspecified agent or unaffiliated entities,

15 took some unspecified discriminatory action against Plaintiffs when it made or acquired the

16 respective loans and securities therefore from Plaintiffs and their respective loan brokers. Other

17 terms of these loans are alleged but the loan documents are not attached to the complaint.

18 Plaintiffs have failed to point to any term of their loans which were discriminatory in any respect.

19 Plaintiffs fail to mention any specific difference with regard to interest rate, amortization

20 schedule, payment frequency, or any other factor which would signal that Plaintiffs were treated

21 any differently from any other Countrywide borrower with regard to the origination or servicing

22 of their loans once it reached Countrywide.

23         Plaintiffs' true complaint regarding this entire transaction is that the home developer and

24 loan brokers fraudulently induced Plaintiffs to purchase the subject properties and take out loans

25 for these properties, and that they have now gone down in value. Completely lacking from the

26 complaint is any indication that Countrywide was involved in any of these transactions. Absent

27 such allegations, there is no way to link Countrywide to a violation of the federal Fair Housing

28 Act, Equal Credit Opportunity Act, California Unruh Civil Rights Act, and the California Fair

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT
AND MOTION TO STRIKE

1  Employment and Housing Act.  The court should dismiss Plaintiffs' complaint.

2         In addition, the claim for violation of the California UNRUH Civil Rights Act is barred

3  by the one year statute of limitation.  Gotto v. County of Sonoma, 98 Cal. App. 4th 744, 759

4  (2002), citing West Shield Investigations v. Superior Court, 82 Cal. App. 4th 935; Mitchell v.

5  Sung, 816 F. Supp. 597, 602 (N.D. Cal. 1993).  Because the loans closed in early 2006 and the

6  lawsuit was not filed until late 2007, the one year statute of limitation has run and the claim is

7  barred.

8         D.     Fourth Claim For Violation Of The Real Estate And Settlement Procedures Act

9                Should Be Dismissed.

10        The arguments as to the uncertainty of the complaint apply with equal force here.  Instead

11  of specifically articulating how Countrywide alone violated the Real Estate Settlement

12  Procedures Act ("RESPA"), Plaintiffs took the easy way out and vaguely alleged that

13  Countrywide insufficiently underwrote the loans and prevented the loans from taking effect.  Yet,

14  Plaintiffs fail to disclose how the yield spread premium was excessive on the face of the

15  documents.  Plaintiffs are obligated to put Countrywide on notice as to the particulars of *how* it

16  purportedly violated RESPA, but they have not done so.  There is virtually nothing per se illegal

17  about Countrywide paying a yield spread premium to Universal or any other broker for the

18  Gonzalez-Urtiz loans.  Geraci v. Homestreet Bank, 347 F.3d 749, 751 (9th Cir. 2003).  Plaintiffs

19  also fails to specify what sort of kickback was given to, if any, as a result of their loan

20  transactions with their respective loan brokers.  Additionally, Aguirre fails to specify how

21  Countrywide would be remotely liable for the kickback when Countrywide was not involved in

22  the loan origination.  After New Century made the loans to Aguirre and paid Creative its yield

23  spread premium, New Century sold the second loan to Countrywide.

24        Plaintiffs claim that they paid excessive fees and that yield spread premiums were paid,

25  which were excessive and unlawful.  Plaintiffs cannot maintain a claim for excessive fees.  As a

26  matter of law, excessive fees are not actionable under RESPA.  "Congress did not intend section

27  8(b) to serve as a price control mechanism."  Kruse v. Wells Fargo Home Mortgage, Inc., 383

28  F.3d 49, 53 (2nd Cir. 2004); see also Boulware v. Crossland Mortgage Corp., 291 F.3d 261, 264

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT
AND MOTION TO STRIKE

1   (4th Cir. 2002) ("§ 8(b) is not a broad price-control provision").

2   Finally allegations that the yield spread premiums were paid in exchange for nothing of

3   value because of the fraudulent nature of the transaction is belied by the fact that Universal and

4   Creative did place the loans at issue and Plaintiffs lived in their properties for more than one year

5   as a result.  It is not enough to say "This is a statute and Countrywide violated it."  To state a

6   cause of action, Plaintiffs must allege how Countrywide violated RESPA.  Therefore, the court

7   should dismiss this claim against Countrywide.

8       E.    Fifth Claim For Violation Of The Truth In Lending Act Should Be Dismissed.

9           1.    Plaintiffs' Claim Is Time Barred.

10  An action for damages under the Truth In Lending Act ("TILA") must be brought within

11  one year from the date of the occurrence of the violation.  15 U.S.C. § 1640(e).

12  In the present case, Plaintiffs allege that defendants (including Countrywide) violated

13  TILA by failing to provide Plaintiffs with the required material disclosures, charged unreasonable

14  fees and/or paid unlawful yield spread premiums and misallocated these charges to amounts

15  financed instead as disclosed finance charges.  Those disclosures presumably were required to be

16  made before the loans closed, in or around March and April 2006.  Comp. ¶ 45 & 48.  Because

17  the complaint was not filed within one year, but was filed on November 8, 2007, the complaint

18  for violation of TILA is time barred.

19  Plaintiffs suggest that the statutes are equitably tolled, until Plaintiffs first became aware

20  of facts constituting the tortuous and illegal conduct.  Comp. ¶ 29.  However, to toll the statute of

21  limitations, plaintiff must plead fraudulent concealment with particularity.  Guerrero v. Gates,

22  357 F.3d 911, 920 (9th Cir. 2004).  "Fraudulent concealment necessarily requires active conduct

23  by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to

24  prevent the plaintiff suing in time."  Santa Maria v. Pacific Bell, 202 F.3d 1170, 1170 (9th Cir.

25  2000).  The complaint fails to show that Countrywide concealed anything from Plaintiff.

26  Plaintiffs admit that they received the loan documents, because they are aware that none of the

27  executed loan documents are in Spanish.  Comp. ¶¶ 49 & 51.  Plaintiffs admit that they received

28  some disclosures as evidenced by their knowledge of the amount of yield spread premiums paid

1    out to Universal and Creative.  Comp. ¶¶ 84 & 86.  Most importantly, plaintiffs acknowledge

2    receiving the loans, because they purchased the properties.  As such, Plaintiffs are time barred

3    from bringing this claim against Countrywide.

4              2.      Plaintiffs' Claim For Violation Of TILA Fails To State A Claim Upon

5                      Which Relief Can Be Granted Against Countrywide.

6          TILA requires that certain disclosures be provided by the broker, and certain disclosures

7    provided by the lender.  Plaintiffs fail to allege in their respective transactions where they

8    contacted their brokers what disclosures were required to be provided by Countrywide, what

9    disclosures Countrywide provided, or how Countrywide violated TILA.  In short, Plaintiffs do

10   not allege any facts concerning Countrywide and TILA and they fail to state a claim upon which

11   relief can be granted, even if it were not time barred.  Gonzalez-Urtiz admit that Universal placed

12   them in two Countrywide loans.  Plaintiffs allege that the loan brokers charged the allegedly

13   excessive fees, yet they are suing all defendants under the same theory for "unreasonable fees

14   and/or paid unlawful yield spread premiums." Comp. ¶ 95.  Plaintiffs claim that all defendants

15   violated TILA by failing to provide required disclosures, yet they fail to state whether they *ever*

16   received the disclosures.  Plaintiffs are obligated to put Countrywide on notice as to the

17   particulars of *how* Countrywide purportedly violated TILA, but they have not done so.  Because

18   Plaintiffs has failed to provide any specific facts as to Countrywide's alleged TILA violation, the

19   court should dismiss the claim against Countrywide.

20         F.     Sixth Claim For Violation Of The California Civil Code Section 1632 Should Be

21                Dismissed.

22         Plaintiffs allege a sixth claim for breach of the Civil Code section 1632, et seq.  In

23   essence, this act requires that businesses entering into contracts with Spanish speaking borrowers

24   provide those borrowers with contracts drafted in Spanish.  However, Countrywide is not alleged

25   to have been involved in any way in the origination of Plaintiffs' loans so Countrywide cannot be

26   liable for breach of the Spanish language contract act.  CHL does business as America's

27   Wholesale Lender.  "America's Wholesale Lender" is, by definition, a wholesale lender which

28   means a loan broker, not the lender, originates the loan.  As such, it is not enough for Plaintiffs to

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT
AND MOTION TO STRIKE

1   allege that Countrywide is liable for its agent/broker's actions because as lenders, it should have

2   instructed, trained and/or prevented it's agents from making such loans under the circumstances;

3   and that Countrywide is liable to the extent that they acquired, conspired to acquire and/or

4   service Aguirre's loans with terms and disclosures that they had notice were illegal and/or unfair

5   as specifically alleged herein." Comp. ¶ 103. Those allegations are too vague to allow an answer

6   or to put Countrywide on notice of what they did wrong. Additionally, the complaint specifically

7   alleges that it was loan broker Universal, not Countrywide, who placed Gonzalez-Urtiz in two

8   CHL loans. Comp. ¶ 48. Universal is an independent loan broker unaffiliated with Countrywide.

9   The complaint further alleges that loan broker Creative placed Aguirre in two New Century

10  loans, and that New Century subsequently sold the loan to Countrywide. Comp. ¶¶ 25 & 51.

11  Again, Creative is an independent broker unaffiliated with Countrywide. Additionally, the

12  relationship between Creative and Countrywide is even more removed given that Creative placed

13  Aguirre on two New Century loans, and New Century subsequently sold the loan to

14  Countrywide. Given those allegations, and the lack of any specific allegations regarding

15  Countrywide and the origination of these loans, there is no way Countrywide could be liable for

16  violation of the Spanish Language Contract Act. As noted above, there is no factual support

17  alleged from which anyone could conclude that Universal was an agent of Countrywide.

18  Therefore, the court should dismiss this claim against Countrywide.

19          G.      Ninth Claim For Violation Of The California Unfair Business Practices Law

20                  Should Be Dismissed.

21          To state a claim for unfair business practices, a plaintiff must allege that a defendant

22  engaged in business conduct that was unfair, unlawful, or fraudulent. The Act does not create a

23  cause of action on its own; instead it requires some other underlying wrongful act. See Bus. &

24  Prof. Code, § 17200. "A plaintiff alleging unfair business practices . . . must state with

25  reasonable particularity the facts supporting the statutory elements of the violation." Khoury v.

26  Maly's of California, Inc., 14 Cal.App.4th 612, 619 (1993). In Khoury, the court held that the

27  defendants' demurrer to plaintiff's unfair business practices claim was properly sustained

28  because the complaint "identifies no particular section of the statutory scheme which was

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT
AND MOTION TO STRIKE

1  violated and fails to describe with any reasonable particularity the facts supporting the violation.

2  … The complaint does not describe the manner in which [the defendant's] practice is

3  'unlawful.'" Id.

4       In the instant case, Plaintiffs have not alleged any facts that show Countrywide engaged

5  in any type of conduct, let alone deceptive, unlawful and unfair competitive conduct that was

6  likely to deceive reasonable members of the public.  Plaintiffs do not allege any acts, practices,

7  statements or representations by Countrywide.  Plaintiffs simply lump all defendants together

8  without distinguishing for which wrongful acts each defendant is responsible.  Plaintiffs also

9  have not identified any specific provision within section 17200's statutory scheme that was

10  violated by Countrywide.  Countrywide has a right to know exactly what wrongdoing it is being

11  accused of, but the Plaintiffs simply allege the following vague accusations:  Failing to supervise

12  its agents and/or employees that arranged loans for Plaintiffs; failing to follow and/or to establish

13  rigorous underwriting and quality assurance standards in review the agents' actions and

14  documents; relying on and failing to verify the making of disclosures under the law; failing to

15  prevent the loans from taking effect; encouraging the agents to arrange predatory loans through

16  its training, programs, and payment of excessive yield spread premiums and/or kickbacks;

17  encouraging the agents to arrange predatory loans over prime loans through its training,

18  programs, and payment of excessive yield spread premiums and/or kickbacks.  Comp. ¶ 120.

19  These vague, general accusations are simply desperate, last ditch efforts to hold anyone liable for

20  their own acts.  The faulty claim establishes absolutely no wrongdoing by Countrywide and

21  should be dismissed.

22

23  IV.    <u>TENTH, ELEVENTH, AND TWELFTH CLAIMS FOR INTENTIONAL</u>

24        <u>MISREPRESENTATION, NEGLIGENT MISREPRESENTATION AND</u>

25        <u>CONCEALMENT SHOULD BE DISMISSED.</u>

26       Plaintiffs' tenth, eleventh and twelfth claims purport to allege a claim of fraud.  To assert

27  a claim for fraud, Plaintiffs are obligated to adhere to the requirements of Rule 9 of the Federal

28  Rules of Civil Procedure and must include statements regarding the time, place and nature of the

1  alleged misrepresentations, and must specifically identify what was misrepresented or concealed.

2  Moore v. Kayport Package Express, Inc., 885 F.2d 531 (9th Cir. 1989).

3      Each defendant is entitled to be informed of the specific acts or omission which it must

4  defend.  Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1006 (9th Cir. 2003).  Plaintiffs' unspecified

5  generalizations are insufficient to state a claim for misrepresentation.

6      To satisfy the "particularity" requirement of Rule 9(b) of the Federal Rules of Civil

7  Procedure, the complaint must contain each of the following allegations.

8          1.      The alleged misrepresentation;

9          2.      The speaker;

10         3.      When and where the statements were made;

11         4.      Whether the statement was oral or written and, in the latter

12                 instance, the specific documents containing the

13                 representation; and

14         5.      The manner in which the representations are allegedly false

15                 or misleading.

16  Moore v. Kayport Package Express, Inc., 885 F.2d 531, 549 (9th Cir. 1989) ("Rule 9(b) requires

17  that the pleador state the time, place, and specific content of the false representations as well as

18  the identities of the parties to the misrepresentation").  In addition, the complaint must also

19  specify the benefits received by the defendant as a result of the alleged misrepresentations.  Glen

20  Holly Entertainment, Inc. Tektronics Inc., 100 F. Supp. 2d 1086, 1095 (C.D. Cal. 1999) (quoting

21  Nuebronner v. Milken, 6 F.3d 666, 671 (9th Cir. 1993)).

22      In the present case, Plaintiffs do not allege fraud with the requisite specificity.  Plaintiffs

23  do not allege the specific alleged misrepresentation made by Countrywide, who at Countrywide

24  made the statement, when and where the purported misrepresentation was made, whether

25  Countrywide's purported misrepresentation was oral or written and, if written, where the

26  purported misrepresentation was contained, and Plaintiffs fail to allege the manner in which the

27  representations were false or misleading.  Gonzalez-Urtiz should be unable to do so because,

28  when a borrower obtains a loan through a mortgage broker, the mortgage broker is the

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT
AND MOTION TO STRIKE

1  borrower's exclusive contact to each lender to whom the mortgage shops the loan.  Aguirre

2  would definitely have difficulty alleging any representations made to him by Countrywide since

3  New Century made the subject loans to Aguirre and subsequently sold the second loan to

4  Countrywide.  As such, there is no basis to the claims for intentional misrepresentation, negligent

5  misrepresentation and concealment and they should be dismissed.

6

7  V.    THIRTEENTH AND FOURTEENTH CLAIM FOR BREACH OF FIDUCIARY TRUST

8         AND NEGLIGENCE SHOULD BE DISMISSED.

9         "The existence of a duty of care is a necessary element for a cause of action for

10  negligence."  Borel Bank & Trust Co. v. Aubain, 1995 U.S. Dist. LEXIS 22420, *6 (N.D. Cal.

11  1995) (citing Beauchamp v. Los Gatos Golf Course, 273 Cal. App. 2d 20, 32 (1969)).  "Whether

12  a legal duty exists in a given case is primarily a question of law."  Wylie v. Gresch, 191 Cal.

13  App. 3d 412, 416 (1987).

14         "As a general rule, a financial institution owes no duty of care to a borrower when the

15  institution's involvement in the loan transaction does not exceed the scope of its conventional

16  role as a mere lender of money."  Nymark v. Heart Fed. Savings & Loan Assoc., 231 Cal. App.

17  3d 1089 (1991).  A duty arises "only when the lender 'actively participates' in the financed

18  enterprise 'beyond the domain of the usual money lender.'"  Wagner v. Benson, 101 Cal. App. 3d

19  27, 35 (1980) (quoting Connor v. Great Western Savings & Loan Ass'n, 69 Cal. 2d 850 (1968)).

20         In Wagner, plaintiffs received a loan from Lloyds Bank ("Bank") to purchase a cattle-

21  raising operation.  101 Cal. App. 3d at 31.  Plaintiffs eventually defaulted on the loan, and then

22  brought suit for negligence against the Bank.  Id.  Just as Medina alleges, Plaintiffs in Wagner

23  alleged that they were "inexperienced investors," and that they "suffered substantial foreseeable

24  harm from the Bank's negligence in loaning money."  Id.  The court held that "the Bank owes no

25  duty of care to the Wagners in approving their loan."  Id. at 35.  The court reasoned that

26  "[l]iability to a borrower for negligence arises only when the lender 'actively participates' in the

27  financed enterprise."  Id.  On the contrary, however, "[n]ormal supervision of the enterprise by

28  the lender for the protection of its security interest in loan collateral is not 'active participation.'"

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT
AND MOTION TO STRIKE

1   Id. Thus, the court held that the Bank's "limited involvement in the [cattle-raising operation]
2   falls far short of the extensive control and shared profits which give rise to liability." Id. at 35.
3       Plaintiffs' negligence claim fails because Countrywide owed them no independent duty.
4   Countrywide had no direct or indirect contact with Gonzalez-Urtiz at any time from the time
5   Gonzalez-Urtiz approached Universal about obtaining a loan to the closing of their two loans.
6   For the Aguirre loan, Countrywide's involvement was even more remote. New Century made
7   the loans to Aguirre and then subsequently sold the second loan to Countrywide. As such,
8   Countrywide had absolutely no relationship to Aguirre. Since Gonzalez-Urtiz and Aguirre have
9   failed to establish the existence of a contract, and have failed to establish any direct contact with
10  Countrywide, there is no duty owed her by Countrywide. No other duties are alleged. If there is
11  no duty owed to Plaintiffs, there can be no breach of the duty. Therefore, Countrywide could not
12  have proximately caused Plaintiffs any damage.
13      Similarly, the Plaintiffs purport to assert a claim for breach of fiduciary duty. A fiduciary
14  relationship requires more than a relationship. As a mortgage lender, Countrywide does not owe
15  the Plaintiffs any fiduciary duties. The court in Price v. Wells Fargo Bank (1989) 213
16  Cal.App.3d 465, 476 was asked to address whether or not Wells Fargo owed fiduciary duties to
17  its borrowers. The court emphatically rejected the notion, holding:
18          "It has long been regarded as axiomatic that the relationship
19          between a bank and its depositor arising out of a general deposit is
20          that of a debtor and creditor. A debt is not a trust and there is not a
21          fiduciary relation between debtor and creditor as such. The same
22          principle should apply with even greater clarity to the relationship
23          between a bank and its loan customers." (Internal quotes and
24          citations omitted.)"
25      As a matter of law, Countrywide owed the Plaintiffs no fiduciary duty. As such, the court
26  should dismiss Plaintiffs' claims against Countrywide for breach of fiduciary trust and
27  negligence.
28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT
AND MOTION TO STRIKE

1  VI.    ALTERNATIVELY, THE COURT SHOULD ORDER PLAINTIFFS TO PROVIDE A

2         MORE DEFINITE STATEMENT OF THE CLAIMS BECAUSE THEIR COMPLAINT

3         IS UNINTELLIGIBLE, VAGUE AND AMBIGUOUS.

4         The court should dismiss Plaintiffs' claims because they fail to state sufficient any claim

5  against Countrywide, and the claims are vague and ambiguous as to CFC.  However, if the

6  complaint is not entirely dismissed, the court should order Plaintiffs to provide a more definite

7  statement.

8         Plaintiffs' complaint is so vague, ambiguous and unintelligible that neither CFC nor CHL

9  can frame a responsive pleading.  Although Rule 12(e) motions for more definite statements are

10 not favored, Plaintiffs' complaint is precisely the type of pleading that Rule 12(e) is intended to

11 cure.  This rule "is designed to strike at unintelligibility rather than want of detail."  Nelson v.

12 Quimby Island Reclamation District, 491 F. Supp. 1364, 1385 (N.D. Cal. 1980) (denying motion

13 for more definite statement).  "The proper test in evaluating a motion under Rule 12(e) is whether

14 the complaint provides a defendant with a sufficient basis to frame responsive pleadings."

15 Cellars, supra, 189 F.R.D. at 578.  For example, the statement, "COUNTRYWIDE FINANCIAL

16 CORP. is the alter ego, successor, trustee, financer and/or sponsor of COUNTRYWIDE HOME

17 LOANS, INC.'s business activities," is alleged after the statement "Countrywide Home Loans,

18 Inc. does such business with Monterey Countrywide residents as 'America's Wholesale Lender'

19 (hereinafter referred to as "COUNTRYWIDE")."   (Comp. ¶ 23.)  As such, CFC is uncertain as to

20 to whether Plaintiffs intended to refer to CFC and CHL collectively as "Countrywide" or,

21 whether there are no claims alleged against CFC.  CFC could infer that all allegations alleged

22 against Countrywide would include CFC, since CFC is named in the caption of the complaint.

23 However, the mere allegation that CFC is the alter ego, successor, trustee, financer and/or

24 sponsor does not automatically subject CFC to liability for any actions or representations

25 allegedly made by CHL.  Therefore, CFC is confused and does not know which claims, if any,

26 are alleged against CFC.  CFC should not be required to speculate which claims are asserted

27 against it.

28        Additionally, the complaint is devoid of facts pertaining to actions or representations

s:\ss\lc\Gonzalez-Urtiz\mtn-dis            – 20 –

1  made by CFC or CHL.  Neither CFC's or CHL's relationship with any Plaintiffs are mentioned in

2  the complaint.  No causation is mentioned.  It is difficult to determine whether CFC or CHL

3  should be defendants or even acted wrongfully based on the complaint.  Plaintiffs' entire

4  complaint is so vague and ambiguous that it fails to notify CFC and CHL of the nature of their

5  claims and makes it unreasonable to require a coherent responsive pleading.  At a minimum, the

6  court should grant the motion for a more definite statement.

7

8  VII.    CONCLUSION.

9        Plaintiffs attempt to state claims against Countrywide.  They utterly fail to state anything

10  against CFC other than that it is "the alter ego, successor, trustee, financer and/or sponsor of

11  CHL's business activities."  For this reason alone, the claims against CFC should be dismissed.

12  As to CHL, Plaintiffs mention CHL by name, lumps it with all defendants, and then strings

13  together a series of statutes and regulations that may or may not relate to CHL.  The complaint is

14  nothing more than a hodgepodge of assorted statutory references with no analysis or real

15  allegations.  Because there are no facts that tie CHL to any wrongful conduct or improper

16  actions, and there are no facts alleged in the complaint at all to remotely hint at a violation of any

17  statute or common law right, Plaintiffs' claims should be dismissed.

18

19  DATED: January 18, 2008              By: _____

20                                              SANFORD SHATZ
                                                Attorneys for Defendant
21                                              Countrywide Home Loans, Inc.

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT
AND MOTION TO STRIKE

1

## PROOF OF SERVICE
(C.C.P. section 1013a(3))

2    STATE OF CALIFORNIA            )
                                   )    SS.
3    COUNTY OF LOS ANGELES          )

4         I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a
5    party to the within action; my business address is 5220 Las Virgenes Road, MS: AC-11, Calabasas, California
     91302.

6         On January 18, 2008, I served NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
7    FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR
     A MORE DEFINITE STATEMENT AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND
8    AUTHORITIES on all interested parties in this action by placing a true copy thereof, enclosed in a sealed
     envelope, addressed as follows:

9    See attached Mailing List

10   [X]    (BY MAIL) On January 18, 2008, I placed said envelopes for collection and mailing, following
11   ordinary business practices, at the business offices of Countrywide Home Loans, Inc., at the address set forth
     above, for deposit in the United States Postal Service.  I am readily familiar with the practice of Countrywide
12   Home Loans, Inc. for collection and processing of correspondence for mailing with the United States Postal
     Service, and said envelopes will be deposited with the United States Postal Service on said date in the ordinary
13   course of business.  I am aware that on motion of the party served, service is presumed invalid if postal
     cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14
15   [ ]    (BY OVERNIGHT DELIVERY)  On January ___, 2008, I placed said envelopes for collection and
     mailing, following ordinary business practices, at the business offices of Countrywide Home Loans, Inc., at the
16   address set forth above, for deposit with Federal Express with delivery fees provided.  I am readily familiar with
     the practice of Countrywide Home Loans, Inc. for collection and processing of correspondence for mailing with
17   Federal Express, and said envelopes will be deposited with Federal Express on said date in the ordinary course
     of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation
18   date or postage meter date is more than one day after date of deposit for mailing in affidavit.

19   [ ]    (BY HAND DELIVERY)

20   [ ]    (BY FACSIMILE) On January ___, 2008, by use of facsimile machine number 818-871-4669, I
     served a copy of the within document(s) on the above interested parties at the facsimile numbers as indicated.
21   The transmission was reported as complete and without error.  The transmission report was properly issued by
     the transmitting facsimile machine.

22        I declare under penalty of perjury under the laws of the State of California, that the above is true and
23   correct. Executed on January 18, 2008, at Calabasas, California.

24

25                                              _____
                                                Desiree Rais

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT
AND MOTION TO STRIKE

1

<u>MAILING LIST</u>

2

3

4

5

Sergio H. Parra
Nina Michele Patane
Patane Gumberg, LLP
4 Rossi Circle, Suite 231
Salinas, CA  93907

6

7

8

9

Frank J. Riebli
Mark Dean Peterson
Farella Braun & Martel
235 Montgomery Street
Russ Building
San Francisco, CA  94104

10

11

Elizabeth Catherine Gianola
Horan Lloyd Law Offices
499 Van Buren Street
Monterey, CA 93940

12

13

14

Roger Dean Wintle
The Heritage Law Group
99 Almaden Blvd. Suite 710
San Jose, CA  95113

15

16

17

Charles William Nugent
American Pacific Mortgage
3000 Lava Ridge Court, Suite 200
Roseville, CA  95661

18

19

20

Edward Egan Smith
Steyer Lowenthal Boodrookas Alvarez
One California Street, Third Floor
San Francisco, CA  94111

21

22

23

Michael J. Steiner
Joshua Eric Whitehair
Severson & Werson
One Embarcadero Center, 26th Floor
San Francisco, CA  94111

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT
AND MOTION TO STRIKE