JOHN S. BLACKMAN (SB#114654)
DEIRDRE O'REILLY MARBLESTONE (SB#08808)
MARGARET A. BURTON (SB#193386)
FARBSTEIN & BLACKMAN
A Professional Corporation
411 Borel Avenue, Suite 425
San Mateo, California 94402-3518

Telephone: (650) 554-6200
Facsimile: (650) 554-6240

Attorneys for Defendant
IRA MORTGAGE & HOME SALES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE

| | |
|---|---|
| BERNICE GONZALEZ AND JOSE URTIZ, JORGE AGUIRRE, ELEAZAR BECERRA AND ROCIO BECERRA, J. GUADALUPE CONTRERAS AND TERESA CONTRERAS, all individually and on behalf of the general public,<br><br>     Plaintiffs,<br><br>vs.<br><br>VCH SALINAS I LLC dba VALLEY COMMUNITY HOMES and as MONTE BELLA REALTY, NORM YOP, INC. REALTORS dba MONTE BELLA REALTY, MONICA FARANDA dba as MONTE BELLA REALTY, UNIVERSAL MORTGAGE & SALES, INC., IRA MORTGAGE & HOME SALES, INC., AMERICAN PACIFIC MORTGAGE CORP. dba as CREATIVE MORTGAGE, OLD REPUBLIC TITLE CO., COUNTRYWIDE HOME LOANS, INC. dba AMERICA'S WHOLESALE LENDER, COUNTRYWIDE FINANCIAL CORP., NEW CENTURY MORTGAGE CORP., HOMEQ SERVICING CORP., CAMERON FINANCIAL GROUP, INC., WELLS FARGO BANK, and DOES 1 to 100, inclusive,<br><br>     Defendants. | CASE NO. C 07 05698 JW<br><br><br>**DEFENDANT IRA MORTGAGE & HOME SALES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Complaint Filed: November 21, 2007<br>Trial Date: None Set |

1

1    Defendant IRA MORTGAGE & HOME SALES, INC., in responding to the

2  allegations of the First Amended Complaint on file herein admits, denies and alleges as

3  follows:

4

5    The allegations in the following numbered paragraphs of the First Amended

6  Complaint herein set forth opinions, non-essential or irrelevant evidentiary facts, and/or

7  conclusions of law in argumentative fashion, and this responding defendant further lacks

8  information, knowledge or belief sufficient to admit or deny the allegations of said

9  paragraphs, and on those bases denies each and every allegation of the following

10  paragraphs: 1, 2, 3, 4, 5, 6, 7, 8, 82, 83, 106, 110, 126, 152 and 158.

11

12    This responding defendant lacks information, knowledge or belief sufficient to

13  admit or deny the allegations of the following numbered paragraphs of the First Amended

14  Complaint herein, and on that basis denies each and every allegations of the following

15  numbered paragraphs: 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28,

16  29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 50, 51, 52, 53, 54, 55,

17  56, 57, 58, 59, 60 and 61.

18

19    This responding defendant lacks information, knowledge or belief sufficient to

20  admit or deny the allegations made against other defendants in the following numbered

21  paragraphs of the First Amended Complaint herein, and on that basis denies each and

22  every one of those allegations in the following numbered paragraphs; and this responding

23  defendant denies each and every allegation contained in the following numbered

24  paragraphs which pertains to this responding defendant:  49, 64, 65, 66, 67, 70, 71, 74, 75,

25  76, 77, 78, 79, 84, 85, 86, 87, 88, 89, 90, 91, 94, 95, 96, 97, 101, 102, 103, 107, 111, 114, 116,

26  117, 118, 119, 120, 121, 127, 128, 129, 130, 131, 132, 133, 137, 138, 143, 144, 145, 146, 147,

27  148, 153, 154, 155, 159, 160,

28

2

1      This responding defendant denies each and every allegation of the following

2  numbered paragraphs of the First Amended Complaint herein: 63, 68, 72, 80, 92, 99, 104,

3  108, 112, 115, 122, 123, 124, 134, 135, 139, 140, 141, 149, 150, 156, 161, 162, 163, 164, 165,

4  166, 167, 168, 169, 170, 171 and 172.

5

6      To the extent plaintiffs have incorporated by reference the allegations of certain

7  paragraphs and causes of action of their First Amended Complaint into paragraphs 62, 69,

8  73, 81, 93, 100, 105, 109, 113, 125, 136, 142, 151 and 157 of their complaint, these

9  responding defendants incorporate by reference each and every denial, allegation, defense

10  or objection made to such incorporated allegations in the First Amended Complaint, and

11  incorporates them in their response to paragraphs 62, 69, 73, 81, 93, 100, 105, 109, 113, 125,

12  136, 142, 151 and 157 of the First Amended Complaint.

13

14      Regarding the allegations made in paragraph 26 of the First Amended Complaint,

15  this responding defendant admits that defendant IRA MORTGAGE & HOMES SALES,

16  INC. Is a licensed California corporation doing business with Monterey County residents,

17  but denies each and every other allegation in said paragraph on information and belief.

18

19      Regarding the allegations made in paragraph 98 of the First Amended Complaint,

20  this responding defendant lacks information, knowledge or belief sufficient to admit or

21  deny the allegations made against other defendants in the following numbered paragraphs

22  of the First Amended Complaint herein, and on that basis denies each and every one of

23  those allegations in said paragraph; and this responding defendant denies each and every

24  allegation contained in the paragraph 98 which pertains to this responding defendant,

25  excepting solely that this responding defendant admits that it denies that plaintiffs are

26  entitled to rescission of any contract between it and any or all of the plaintiffs herein.

27

28

DEFT. IRA MORTGAGE'S ANSWER TO 1ST AMENDED
COMPLAINT; DEMAND FOR JURY TRIAL

## AFFIRMATIVE DEFENSES

AS SEPARATE AND DISTINCT AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT AND EACH AND EVERY CAUSE OF ACTION THEREOF, this responding defendant alleges:

1.    That the complaint and/or each of the causes of action therein fails to allege facts sufficient to state a or any claim of relief or cause of action against this answering defendant.

2.    That the incidents complained of were proximately caused and/or contributed to by the sole or concurrent negligence and/or acts or omissions of persons or entities other than this answering defendant, including plaintiffs herein.  Defendant therefore prays that the court compare the negligence and/or acts or omissions of all persons, firms, corporations and/or entities of any kind which proximately caused or contributed to the incidents complained of herein and the injuries, if any, sustained by plaintiffs herein, and that the court award damages, if any, against this answering defendant only in proportion to its percentage of fault, if any, in accordance with applicable law, including but not limited to Civil Code sections 1430 through 1432.

3.    That plaintiffs' complaint, and each cause of action therein, is barred by the provisions of the applicable statutes of limitation, in particular but not limited to, Code of Civil Procedure Sections 335.1, 337, 337.1, 337.15, 337.2, 338, 339, 339.5, 340, and/or 343.

4.    That plaintiffs were themselves negligent in and about the matters alleged in the complaint, and that said negligence of plaintiffs was the sole and/or partial

4

1    proximate cause of their damages herein, if any there were.

2

3    5.    That the sole and/or partial proximate cause of the allegedly actionable incidents

4          and/or damage complained of in plaintiffs' complaint herein was due to the

5          negligence and/or other misconduct of other persons or entities for whom this

6          defendant is not responsible.  Plaintiffs' recovery herein, if any, should therefore be

7          barred, reduced or apportioned in accordance with the degree of responsibility of

8          those other persons or entities for the damages complained of herein.

9

10   6.    That plaintiffs themselves assumed the risk, if any there were, at the times and

11         places of the incidents referred to in their complaint, and that whatever conditions

12         were at said times and places, said conditions were obvious, clearly discernable and

13         in fact known to plaintiffs, and that said assumption of risk resulted in the plaintiffs'

14         injuries, if any.

15

16   7.    That plaintiffs' complaint is barred because of, and/or their right to recover is

17         diminished in proportion to, plaintiffs' failure to mitigate their damages, if any there

18         were.

19

20   8.    That plaintiffs were themselves guilty of a breach of contract or other misconduct

21         which would preclude a right of recovery herein.

22

23   9.    That plaintiff's complaint, and each cause of action therein, fails to state facts

24         sufficient to constitute a cause of action for punitive or exemplary damages against

25         this responding defendant, and further, that plaintiffs' purported claim for punitive

26         or exemplary damages violates this responding defendant's rights to due process and

27         equal protection as guaranteed by the Fourteenth Amendment of the United States

28

5

1    Constitution and other applicable law, in that, among other things, neither
2    California <u>Civil Code</u> Section 3294 nor any other allegedly applicable provision of
3    state substantive law provides for (1) an adequate or meaningful standard for
4    determining the nature of the conduct upon which an award of punitive damages
5    may be based or for determining or reviewing the amount of a punitive damage
6    award; (2) adequate procedural safeguards for the imposition of punitive damages
7    upon the presentation of evidence beyond a reasonable doubt; or (3) unanimity of
8    jurors as to the punitive damage portion of any adverse verdict or judgment.
9
10  10.    That plaintiffs' complaint, and each cause of action therein, fails to state facts
11         sufficient to constitute a cause of action for attorney's fees against this responding
12         defendant.
13
14  11.    That plaintiffs' complaint, and each cause of action therein, is barred by the doctrine
15         of laches.
16
17  12.    That plaintiffs' complaint, and each cause of action therein, is barred by the doctrine
18         of unclean hands.
19
20  13.    That plaintiffs' recovery herein is barred or reduced by the doctrine of equitable
21         setoff.
22
23  14.    That plaintiffs, by their conduct, have waived their rights under each alleged
24         contract or agreement.
25
26  15.    That plaintiffs, by their conduct, are estopped to enforce the provisions of each
27         alleged contract or agreement.
28

6

16.   That plaintiffs' claims are barred in that the conduct of this responding defendant and/or any of its agents or employees was at all times reasonable, privileged, and/or done in good faith under the circumstances.

17.   That plaintiffs' claims are barred by the doctrine of consent.

18.   That plaintiffs' claims for damages and all other relief are barred by the doctrine of acquiescence.

19.   That by conduct, representations and omissions, plaintiffs have waived, relinquished and/or abandoned, and are equitably estopped to assert, any claim for relief against this responding defendant respecting the matters that are the subject of the complaint.

20.   That plaintiffs' claims for damages and all other relief are barred because defendant substantially performed the contract or contracts alleged in the complaint, or any contract there may have been.

21.   That plaintiffs' claims for damages and all other relief are barred because defendant fully performed all terms and conditions of the contract or contracts alleged in the complaint, or any contract there may have been.

22.   That plaintiffs did not exercise ordinary care, caution and prudence in connection with the transactions and events that are alleged in the complaint; plaintiffs' lack of care, caution and prudence were independent and unrelated to the actions, if any, of this responding defendant.  Moreover, plaintiffs directed, ordered, approved and/or ratified the alleged wrongful acts set forth in the complaint.  Plaintiffs are therefore

7

1    barred from recovery against this responding defendant, or, alternatively, plaintiffs'

2    recovery, if any, should be proportionately reduced.

3

4    23.    That the complaint is barred by reason of the provisions of sections 1567, 1576, 1577

5    and 1578 of the Civil Code and related law regarding mistake of fact and law.

6

7    24.    That plaintiffs are barred from recovering any damages or other relief by reason of

8    failure of consideration that defeats the effectiveness of the contract or contracts

9    alleged between the parties.

10

11    25.    That plaintiffs' complaint, and each cause of action therein, fails to state any cause

12    of action against this responding defendant in that any purported conduct of

13    individuals or firms who were or are agents of these answering defendants, or either

14    of them, was reasonable, made in good faith, and/or privileged, and said individuals

15    or firms were justified in engaging in the conduct attributable to them.

16

17    26.    That plaintiffs acknowledged, ratified, consented to and/or acquiesced in the alleged

18    acts or omissions attributed to this responding defendant herein, barring plaintiffs

19    from any relief based on said alleged acts or omissions.

20

21    27.    That plaintiffs' complaint and each cause of action therein is barred in that this

22    responding defendant owed no duty to plaintiffs as alleged herein.

23

24    This responding defendant has insufficient knowledge or information on which to

25    form a belief as to whether it may have additional, as yet unstated affirmative defenses

26    available, and therefore this responding defendant reserves the right to assert additional

27    affirmative defenses in the event subsequent knowledge or information indicates such

28

DEFT. IRA MORTGAGE'S ANSWER TO 1ST AMENDED
COMPLAINT; DEMAND FOR JURY TRIAL

1  defenses may be available or appropriate.

2

3      WHEREFORE, this responding defendant prays that plaintiffs take nothing by

4  their complaint, and for recovery of costs of suit incurred herein, including but not limited

5  to attorney's fees, and for such other and further relief as the court deems proper.

6

7  DATED:    February 14, 2008

8                          FARBSTEIN & BLACKMAN
                           A Professional Corporation
9

10                 By    _____
                          DEIRDRE O'REILLY MARBLESTONE
11                        Attorneys for Defendant
                          IRA MORTGAGE & HOMES SALES, INC.
12

13

14

15                  **DEMAND FOR JURY TRIAL**

16      Defendant IRA Mortgage and Home Sales, Inc. hereby demands trial by jury.

17

18  DATED:    February 14, 2008

19                          FARBSTEIN & BLACKMAN
                           A Professional Corporation
20

21                 By    _____
                          DEIRDRE O'REILLY MARBLESTONE
22                        Attorneys for Defendant
                          IRA MORTGAGE & HOMES SALES, INC.
23

24

25

26

27

28

                          9
                          _____
                          DEFT. IRA MORTGAGE'S ANSWER TO 1ST AMENDED
                          COMPLAINT; DEMAND FOR JURY TRIAL

1

## PROOF OF SERVICE
Gonzalez v. VCH Salinas I LLC, et al.

2      United States District Court, Northern District of California, San Jose
Case No. C07-05698 JW

3

I am a resident of the State of California, over the age of eighteen years, and not a party
4   to the within action. I am employed in the office of a member of the bar of this court at whose
direction the service was made. My business address is 411 Borel Avenue, Suite 425, San
5   Mateo, California 94402-3518. My electronic notification address is stf@farbstein.com. On
February 14, 2008, I served the following document(s):

6

## DEFENDANT IRA MORTGAGE & HOME SALES, INC.'S
7   ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

8   on the following person(s) by the method(s) indicated below:

9                          SEE ATTACHED SERVICE LIST

10  [ ]    by transmitting via facsimile on this date from fax number (650) 554-6240 the
document(s) listed above to the fax number(s) set forth herein. The transmission was
11          completed before 5:00 p.m. and was reported complete and without error. The
transmission report is attached to this proof of service. Service by fax was made by
12          agreement of the parties confirmed in writing.

13  [X]    by placing the document(s) listed above in a sealed envelope(s) with postage thereon
fully prepaid, for deposit in the United States mail at San Mateo, California addressed
14          as set forth herein. I am readily familiar with the firm's practice of collection and
processing correspondence for mailing. Under that practice it would be deposited with
15          the U.S. Postal Service on that same day, with postage thereon fully prepaid in the
ordinary course of business.

16

[ ]    by placing the document(s) listed above in a sealed envelope(s) and by causing personal
17          delivery of the envelope(s) to the person(s) at the address(es) set forth herein. Signed
proof of service by the process server or delivery service is attached to this proof of
18          service.

19  [ ]    by personally delivering the document(s) listed above to the person(s) at the
address(es) set forth herein.

20

[ ]    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an
21          express mail service for guaranteed delivery on the next business day following the date
of consignment to the address(es) set forth herein. A copy of the consignment slip is
22          attached to this proof of service.

23  [X]    by transmitting the document(s) listed above via the Court's ECF system to the persons
at the email address(es) set forth herein. The transmission was completed before 5:00
24          p.m. and was reported complete and without error.

25          I declare under penalty of perjury under the laws of the United States and the State of
California that the above is true and correct. Executed at San Mateo, California, on February
26  14, 2008.

27                                      _Suzanne Farbstein_
SUZANNE T. FARBSTEIN
28

10

1

## SERVICE LIST
### Gonzalez v. VCH Salinas I LLC, et al.
United States District Court, Northern District of California, San Jose
Case No. C07-05698 JW

2

3

| | |
|---|---|
| James K. Gumberg, Esq.<br>Nina M. Patane, Esq.<br>Sergio H. Parra, Esq.<br>Patane Gumberg LLP<br>4 Rossi Circle, Suite 231<br>Salinas, CA 93907 | Attorneys for Plaintiffs<br>Tel: (831) 755-1461<br>Fax: 1-831-755-1477<br>email: jgumberg@pglawfirm.com |
| Frank J. Riebli, Esq.<br>Mark Dean Petersen, Esq.<br>Farella Braun & Martel<br>235 Montgomery Street, Suite 3000<br>San Francisco, CA 94104 | Attorneys for defendants VCH Salinas I<br>LLC, Norm Yop, Inc. Realtors, Monica<br>Faranda dba Monte Bella Realty<br>Riebli Tel: (415) 954-4946<br>Petersen Tel: (415) 954-4406<br>Fax: 1-415-954-4480<br>email: friebli@fbm.com<br>email: mpetersen@fbm.com |
| Elizabeth C. Gianola, Esq.<br>Horan Lloyd Law Offices<br>499 Van Buren Street<br>Monterey, CA 93940 | Attorneys for defendant Universal<br>Mortgage & Sales Inc.<br>Tel: (831) 373-4131<br>email: gianola@horanlegal.com |
| Michael L. Smith, Esq.<br>Madonna A. Herman, Esq.<br>Manning & Marder, Kass Ellrod, Ramirez<br>One California Street, Suite 1100<br>San Francisco, CA 94111 | Attorneys for American Pacific Mortgage<br>dba Creative Mortgage<br>Tel: (415) 217-6990<br>Fax: 1-415-217-6999<br>email: mls@mmker.com<br>and mak@mmker.com |
| Carlos A. Alvarez, Esq.<br>Benjamin R. Ehrhart, Esq.<br>Steyer Lowenthal Boodrookas Alvarez<br>One California Street, Third Floor<br>San Francisco, CA 94111 | Attorneys for defendant Old Republic<br>Title Company<br>Tel: (415) 421-3400<br>Fax: 1-415-421-2234<br>email: calvarez@steyerlaw.com<br>and behrhart@steyerlaw.com |
| Sanford P. Shatz, Esq.<br>Countrywide Home Loans, Inc.<br>5220 Las Virgenes Road<br>MS AC-11<br>Calabasas, CA 91302 | Attorneys for defendant Countrywide<br>Financial Corporation dba American<br>Wholesale Lender<br>Tel: (818) 871-6062<br>Fax: 1-818-871-4669<br>email: sandy_shatz@countrywide.com |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

1

| Joshua E. Whitehair, Esq.<br>Michael Jan Steiner, Esq.<br>Severson & Werson<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111 | Attorneys for defendant Wells Fargo Bank<br>Tel: (415) 398-3344 (Steiner)<br>Tel: (415) 677-5631 (Whitehair)<br>Fax: 1-415-956-0439<br>email: jew@severson.com<br>email: mjs@severson.com |
| --- | --- |

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFT. IRA MORTGAGE'S ANSWER TO 1ST AMENDED
COMPLAINT; DEMAND FOR JURY TRIAL