NINA M. PATANE, Esq. (SBN 157079)
SERGIO H. PARRA, Esq. (SBN 247682)
PATANE · GUMBERG, LLP
Attorneys at Law
4 Rossi Circle, Suite 231
Salinas, California 93907
Telephone: (831) 755-1461
Facsimile: (831) 755-1477

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE)

| | |
|---|---|
| BERENICE GONZALEZ AND JOSE URTIZ, JORGE AGUIRRE, ELEAZAR BECERRA AND ROCIO BECERRA, J. GUADALUPE CONTRERAS AND TERESA CONTRERAS, all individually and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>VCH SALINAS I LLC dba VALLEY COMMUNITY HOMES and as MONTE BELLA REALTY, NORM YOP INC. REALTORS dba MONTE BELLA REALTY, MONICA FARANDA dba as MONTE BELLA REALTY, UNIVERSAL MORTGAGE & SALES INC., IRA MORTGAGE & HOME SALES, INC., AMERICAN PACIFIC MORTGAGE CORP. dba as CREATIVE MORTGAGE, OLD REPUBLIC TITLE CO., WELLS FARGO INC. dba AMERICA'S WHOLESALE LENDER, WELLS FARGO, NEW CENTURY MORTGAGE CORP., HOMEQ SERVICING CORP., CAMERON FINANCIAL GROUP INC., WELLS FARGO BANK, and DOES 1 TO 100, inclusive,<br><br>Defendants. | CASE NO. CV 07 05698 JW<br><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION OF OPPOSITION TO DEFENDANT WELLS FARGO'S MOTION TO DISMISS**<br><br><br><br><br><br><br><br><br><br><br><br>Date:        March 24, 2008<br>Time:        9:00 am.<br>Courtroom: 8<br>Judge:      Hon. James Ware |

## TABLE OF CONTENTS

I.      INTRODUCTION.................................................................................1

II.    FACTS...............................................................................................1

      1. Plaintiffs J. Guadalupe and Teresa Contreras.............................1

      2. Defendant Wells Fargo Bank........................................................2

III.   STANDARDS OF ADJUDICATION.............................................2

IV.   POINTS AND AUTHORITIES........................................................9

    A. THIS ACTION SHOULD NOT BE STAYED AS THE JUDUCIAL
       REFERENCE CLAUSE CITED BY DEFENDANT IS UNENFORCEABLE
       AND PLAINTIFF'S CLAIMS AGAINST WELLS FARGO ARE OTHERWISE
       SEPARABLE...........................................................................3

    B. PLAINTIFFS' CLAIMS AGAINST WELLS FARGO SHOULD STAND
       BECAUSE THE COMPLAINT PROVIDES MORE THAN
       SUFFICIENT FACTS AS TO PLACE WELLS FARGO ON NOTICE
       OF ITS LIABILITIES...............................................................4

      1. Plaintiffs' Claim Under Civ. Code §1632 Should Not be Dismissed
        Because its Loan Meets the Statutory Definition under 1632(b)(4)............4

      2. Plaintiffs' California Unruh Act Claim is Not Barred by the Statute of
        Limitations...........................................................................5

      3. Defendant Wells Fargo is liable for Breach of Fiduciary Trust and
        Concealment to the Extent it Is Found Liable for Any Agents Later
        Identified............................................................................7

      4. Plaintiffs' Negligence Claim Cannot be Dismissed Because Wells Owes
        A Duty of Care to Avoid Harming Plaintiffs With Its Mortgage Loan
        Products and Services..............................................................7

         a. Wells Fargo has a direct duty of care to the Plaintiffs....................8

      5. Plaintiffs' Fraud Claims Should Not be Dismissed as they Specifically
        Detail the Misrepresentations, the Speakers, The Timeframe and the
        Falsity of Wells' Statements to the Plaintiffs................................10

         a. Alleged Misrepresentations...................................................10

b.  Speaker………………………………………………………...10

c.   When/Where……………………………………………………11

d.  Oral or Written Statements…………………………………...11

C.  DEFENDANTS' MOTION UNDER RULE 12(E) AND TO STRIKE
UNDER RULE 12(F) SHOULD BE DENIED SINCE ANY CONFUSION
CAN BE STRAIGHETENED OUT WITH A REASONABLE READING
OF THE COMPLAINT…………………………………………………...11

1. Granting Wells' Motion for More Definite Statement Will Not Increase
its Ability To Litigate as the Specific Allegations in the Complaint and
the Loan Documents Are Already Sufficient……………………………11

2. It is not Necessary to Strike Plaintiffs' Complaint as the Cited Portions
of the Complaint Are neither Injurious Nor Redundant Allegations……….12

a.   The General Public Allegations Should Not Be Struck As Plaintiffs
Are Not Currently Seeking a Representative Action Against
Wells Fargo……………………………………………………...12

b.  Rescission in the Truth in Lending is allowed in Certain
Circumstances…………………………………………………13

c.  Punitive Damages for Negligent Misrepresentation Can be Remedied
by Stipulation………………………………………………………13

D. IN THE ALTERNATIVE, PLAINTIFFS REQUEST LEAVE TO AMEND….13

V. CONCLUSION…………...………………………………………………13

VI. PROOF OF SERVICE……………...…………………………………....15

Table of Contents and Table of Authorities in Support of Plaintiffs Opposition to Defendant Countrywide Financial Corp,
Motion to Dismiss or Motion to Strike

# TABLE OF AUTHORITIES

## CASES

Boxall v. Sequoia Union High School District (N.D.Cal. 1979), 464 F. Supp. 1104, 1114.......11

Bureerong v. Uvawas (C.D.Cal. 1996), 922 F. Supp. 1450, 1461.................................12

Comedy Club v. Improv West Associates, (9th Cir. 9-7-2007) Case No. 05-55739 and 05
    56100, 937, 953...............................................................................3

Conley v. Gibson, 355 U.S. 41, 45-46, 47-48 (1957)..........................................2, 3

Connor v. Great Western Sav. & Loan Assn. (1968) 69 Cal.2d 850, 865.........................8

Cooper v. Pickett (9th Cir. 1997), 137 F.3d 616, 627.......................................10

Dillon v. Legg (1968) 68 Cal.2d 728, 734.....................................................8

Fiorentino v. Travelers Ins. Co., (1978), 448 F. Supp. 1364, 1369-70.......................10

Gatto v. County Of Sonoma, (2004), 98 Cal.App.4th 744, 759, 760.............................6

Gilligan v. Jamco Develop. Corp., 108 F.3d 246, 249 (9th Cir. 1997).........................3

Hill v. G E Power Systems, Inc. (5th Cir. 2002), 282 F.3d 343, 347..........................3

Kay v. Wells Fargo & Co. N.A. (N.D. Cal. 7-24-2007), Case No. 07-01351 WHA, Page 5-6.....6

Kingman Park Civic Assn. v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003).................3

Krieger v. Fadely, 211 F.3d 134, 136 (D.C. Cir. 2000)......................................3

Lopez v. Smith  (9th Cir. 2000), 203 F.3d 1122, 1130......................................13

Macharia v. United States, 334 F.3d 61, 64, 67 (D.C. Cir. 2003)............................3

Munoz v. Int'l. Home Capital (N.D. Cal 2004), Case No. C03-01099 RS, Page 12...............4

Nymark v. Heart Fed. Savings & Loan Assn. (1991), 231 Cal.App.3d 1089, 1098...............8

Prudential Ins. Co. of Am. Sales Prac. (N.J. 1996), 975 F. Supp. 584, 620 and 621.........9, 10

Richards v. CH2M Hill Inc. (2001), 26 Cal.4th 798, 823.....................................6

River Colony Estates v. Bayview Financial Trading Group (S.D. Cal. 2003)
    Case No. 01-1420-IEG(LSP), Page 11.....................................................6

Rowland v. Christian (1968), 69 Cal.2d 108, 113............................................8

Ruiz v. Decision One Mortgage Co. (N.D. Cal. 2006), Case No. 03-01099 RS, Page 7.........4,7

Sagan v. Apple Computer, Inc. (C.D.Cal. 1994), 874 F. Supp. 1072, 1077.....................12

3

Sav-On Drug Stores, Inc. v. Super. Court, 34 Cal.App.4th 319, 326................12

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511-14 (2002)....................................3

Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985)......................2

__STATUTES__

Bus. and Prof. 10331(a)(1) ................................................................5

Bus. and Prof. 17204...........................................................................13

Cal. Civ. Code §1021.5........................................................................12

Cal. Civ. Code §1714(a)........................................................................8

Cal. Fin. Code §22000...........................................................................5

Cal. Fin. Code §22009...........................................................................5

Cal. Fin. Code §22050...........................................................................5

Civ. Code §1632.............................................................................4, 5, 6

Civ. Code §1632(b)(4).........................................................................5

Federal Rule of Civil Procedure 12(e)........................................................11

Rule 9(b)......................................................................................10

Rule (b)(6)......................................................................................3

355 U.S. 41 (1957...............................................................................2

__OTHER__

The Federal Racketeer Influenced and Corrupt Organizations Act..............................14

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION OF OPPOSITION TO DEFENDANT WELLS FARGO'S MOTION TO DISMISS

### I.
### INTRODUCTION

For better of for worse, Plaintiffs J. Guadalupe and Teresa Contreras (hereafter the "Contreras") placed their trust in Defendant Wells Fargo Bank (hereafter referred to as "Wells"). Like many Wells Fargo customers currently facing foreclosure, the Contreras believed that an established bank such as Wells Fargo with its heavy and aggressive advertising in the Hispanic community would be a best place to find a loan for their dream home. Instead of being treated like any other of its customers, Wells Fargo took advantage of their situation as Spanish speakers by selling them a predatory adjustable rate mortgage while failing to adequately disclose the material terms of its loan products. Now, that the devastating effects of its products are becoming evident, Wells Fargo would like to once again use the Contreras' limited English proficiency against them by claiming the Contreras should have known better.  Wells Fargo should have known better.

Defendant Wells Fargo should have known that by heavily advertising its services in Spanish that it would attract Spanish speakers. Just as oral mortgage contracts would not provide adequate disclosures to English speakers, oral Spanish contracts for the Contreras did not either. Wells also should have known that the Contreras would not discover the true nature of their predicament until long after the loan was made and only on the chance, the Contreras sought legal assistance. Wells should have known, that by engaging in predatory scheme to deceive and conceal the material terms of its contracts, that such conduct would lead to liability for fraud.

Therefore, since Wells Fargo cannot deny the existence of its legal obligations it had but not complete when entering into this transaction, Plaintiffs respectfully request that the Court deny its motion to dismiss in its entirety.

### II.
### FACTS

#### 1. Plaintiffs J. Guadalupe and Teresa Contreras

Plaintiffs J. Guadalupe and Teresa Contreras are a married couple residing in Salinas,

1

1  California with their young family. [Attached as Exhibit 1 to the Declaration of Sergio H. Parra is

2  a true and correct copy of Plaintiffs' First Amended Complaint (hereafter referred to as Plaintiffs'

3  Complaint")].  [Plaintiffs' Complaint ¶ 16.]   In late 2005, Plaintiffs entered into a contract to

4  purchase one of the homes being advertised by Defendants VCH Salinas, Norm Yop and Monica

5  Faranda in east Salinas [Plaintiffs' Complaint ¶ 42.]

6  **2.  Defendant Wells Fargo Bank**

7          In late 2005, Plaintiffs Teresa and J. Guadalupe Contreras sought to get a loan directly with

8  Wells Fargo because they felt it was a reputable national bank that they were familiar with and

9  knew offered its lending services in Spanish. [Plaintiffs' Complaint ¶ 50].  As such, Plaintiffs

10  Contreras inquired with Wells Fargo about getting a loan for their Monte Bella purchase.

11  [Plaintiffs' Complaint ¶ 50]. All of the conversations were in Spanish and at no point, was any

12  meaningful translation given by Wells Fargo. [Plaintiffs' Complaint ¶ 50]. Despite their credit

13  history and need for a good loan, Wells Fargo placed them into a 5-year adjustable rate mortgage

14  with a possibility of the interest- rate doubling on recast. [Plaintiffs' Complaint ¶ 50]. Wells

15  Fargo's agents never adequately explained any material terms of the loan. [Plaintiffs' Complaint ¶

16  50]. Moreover, none of the loan documents subsequently signed in January 2006 were in Spanish.

17  [Plaintiffs' Complaint ¶ 50].

18                                  **III.**
19                    **STANDARDS OF ADJUDICATION**

20          The case of Conley v. Gibson, 355 U.S. 41 (1957), the U.S. Supreme Court holds that a

21  Rule 12(b)(6) motion must not be granted "unless it appears beyond doubt that the plaintiff can

22  prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. When

23  reviewing a motion to dismiss, this Court must accept all allegations of material fact as true and

24  must construe said allegations in the light most favorable to the non-moving party. Western

25  Reserve Oil & Gas Co. v. New(9th Cir. 1985), 765 F.2d 1428, 1430.

26          "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely

27  granted." Gilligan v. Jamco Develop. Corp. (9th Cir. 1997), 108 F.3d 246, 249. That is because the

28

                                        2

1 | Complaint need only provide a short and plain statement of the claim, giving the defendant *fair*

2 | *notice* of the claim and the grounds upon which it rests. <u>Kingman Park Civic Assn. v. Williams</u>

3 | (D.C. Cir. 2003), 348 F.3d 1033, 1040. "Such simplified notice pleading is made possible by the

4 | liberal opportunity for discovery and the other pre-trial procedures established by the Rules to

5 | disclose more precisely the basis of both claim and defense to define more narrowly the disputed

6 | facts and issues." <u>Conley</u>, 355 U.S. at 47-48.

7 |       Therefore, it is not necessary for the plaintiff to plead all elements of his prima facie case

8 | in the complaint, <u>Swierkiewicz v. Sorema N.A.</u> (2002), 534 U.S. 506, 511-14, or "plead law or

9 | match facts to every element of a legal theory," <u>Krieger v. Fadely</u>, 211 F.3d 134, 136 (D.C. Cir.

10 | 2000). In fact, in hearing a Rule 12(b)(6) motion, the Court must treat the complaint's factual

11 | allegations, including mixed questions of law and fact — as true and draw all reasonable

12 | inferences therefrom in the plaintiff's favor. <u>Macharia v. United States</u>, 334 F.3d 61, 64, 67 (D.C.

13 | Cir. 2003). Therefore, Defendant Well Fargo's motion should be denied because it cannot show a

14 | lack of fair notice of the claims it faces.

15 |

16 | **IV.**<br>**POINTS AND AUTHORITIES**

17 | **A. THIS ACTION SHOULD NOT BE STAYED AS THE JUDICIAL REFERENCE**

18 | **CLAUSE CITED BY DEFENDANT IS UNENFORCEABLE AND PLAINTIFF'S CLAIMS**<br>**AGAINST WELLS FARGO ARE OTHERWISE SEPARABLE.**

19 |

20 |       Plaintiffs have filed a separate motion in opposition to Defendants VCH Salinas I, Norm

21 | Yop and Faranda's request for an order compelling arbitration. If the Court denies those

22 | Defendants' motion to stay, any joinder and/or request for a stay by any Defendants in the matter,

23 | including Wells Fargo, will be moot.

24 |       Even if the Court was to compel arbitration, Plaintiffs should have the option to proceed in

25 | litigating its claims against Wells Fargo. Defendant's reliance on <u>Hill v. G E Power Systems, Inc.</u>

26 | (5th Cir. 2002), 282 F.3d 343, 347 is not applicable since the Ninth Circuit has taken a different

27 | approach when it comes to arbitration clauses. "[G]enerally, arbitration clauses and contracts do

28 |

3

not bind non-parties in the absence of… extraordinary relationships" such as the existence of agency between those parties. Comedy Club v. Improv West Associates, (9th Cir. 9-7-2007), Case No. 05-55739 and 05-56100, 937, 953. The Court lucidly reasoned that the "strong public policy in favor of arbitration does not extend to those who are not parties to an arbitration agreement. . . ." Id.

In this case, Wells faces no agency liability for any other parties in this matter. As such, Wells should not be able to piggyback on any other parties in order to delay the litigation against it.

Moreover, on an equitable level, delaying any litigation against the remaining lenders will place Plaintiffs in an extremely detrimental situation. Since Plaintiffs are in danger of falling into foreclosure and even possibly, bankruptcy, such a stay would remove the impetus for resolving the matter and only lead to the dilution of the intent of the consumer protection statues that Plaintiffs now claims against Wells Fargo.

For these reasons, Plaintiffs claims should be allowed to proceed against Wells Fargo regardless of the other defendants' judicial reference clause.

**B. PLAINTIFFS' CLAIMS AGAINST WELLS FARGO SHOULD STAND BECAUSE THE COMPLAINT PROVIDES MORE THAN SUFFICIENT FACTS AS TO PLACE WELLS FARGO ON NOTICE OF ITS LIABILITIES.**

**1. Plaintiffs' Claim Under Civ. Code §1632 Should Not be Dismissed Because its Loan Meets the Statutory Definition under 1632(b)(4).**

First, Wells Fargo is liable under Cal. Civ. Code §1632 for the acts of any mortgage broker-agents it utilized to broker its loans. Munoz v. Int'l Home Capital (N.D. Cal 2004), Case No. C03-01099 RS, Page 12.  However, Defendant Wells Fargo is now attempting to avoid responsibility to translate its documents by stating that it was not was not acting as a mortgage broker but as a bank. The same argument was made by a lender, and rejected, in Ruiz v. Decision One Mortgage Co. (N.D. Cal. 2006), Case No. 03-01099 RS, Page 7. In that case, defendant argued that "that section 1632 is inapplicable because it was not acting as a real estate broker." Id. The Court rejected that arguments stating that, "plaintiffs have, under liberal federal pleading

4

1  standards, stated a claim against Decision One under a theory of secondary liability. Plaintiffs'

2  agency allegation is incorporated into their claim for violation of California Civil Code section

3  1632." Id.

4         Although Wells Fargo is a national bank, it still utilizes mortgage brokers in-house to

5  arrange mortgage loans at the local retail level. On this point, Wells Fargo argues that national

6  banks are exempted under Bus. and Prof. 10331(a)(1). Sure, national banks and their employees

7  may be exempted under Bus. and Prof. 10331(a)(1), but national banks routinely hire agents and/or

8  independent contractors to brokers its loans. At this stage, Wells Fargo cannot and has not brought

9  any factual proof that its local retail personnel that negotiated the Contreras loans were neither

10  agents nor brokers. This is a factual determination that is normally resolved through discovery

11  and/or summary adjudication. As such, since Plaintiffs have alleged that Wells Fargo is

12  secondarily liable for the acts of these brokers acting under its control, then it is liable under Cal.

13  Civ. Code §1632.

14         Secondly, Wells Fargo is also *directly liable* for making a loan under §1632(b)(4) as a

15  California Finance lender. According to §1632(b)(4), any loan covered by the California Finance

16  Lenders law at Cal. Fin. Code §22000 is subject to translation. In its defense, Wells Fargo argues

17  that because it is a national bank by virtue of Cal. Fin. Code §22050. it is exempted from the Cal.

18  Finance Lenders law. Although this is an accurate reading, is not dispositive. That is because

19  although a national bank is exempted under Cal. Fin. Code §22050, there is no ban for a national

20  bank to make itself applicable by attaining a California finance lenders license under §22009.

21  Again, Wells Fargo has not brought evidence at this premature stage to show that Wells Fargo

22  does not hold a California finance lenders license under §22009. Indeed, a public records search

23  shows that Wells Fargo does indeed hold several of these licenses. [Request for Judicial Notice,

24  Exhibit A].

25         As such, Wells Fargo is both *directly liable and liable on general agency* for not making a

26  translated loan under Civ. Code §1632(b)(4).

27  **2. Plaintiffs' California Unruh Act Claim is Not Barred by the Statute of Limitations**

28         First, it is not clear that Plaintiffs' California Unruh Act Claim is barred by a 1-year statute

5

1   of limitations. In Gatto, the Court held that "[t]he one-year statute will apply to causes of action

2   under provisions that evolved from the common law, the three-year statute will apply to others."

3   Gatto v. County Of Sonoma, (2004), 98 Cal.App.4th 744, 759. The Court went on to hold that a

4   one-year statute of limitations applies since "Gatto's complaint *relies entirely* on allegations of the

5   denial of full and equal access to public accommodations guaranteed under section 51 [of the state

6   constitution]" Id. at 760 [*Emphasis* added]. In other words, the three-year statute of limitations

7   applies to any claim that did not evolve from the common law. Id. Since Plaintiffs' Unruh claims

8   have evolved from certain statutory rights regulating the real estate industry (e.g. TILA, RESPA,

9   RICO, Cal. Civ. Code §1632, then the three-year statute of limitation should apply.

10      Secondly, the "course of conduct" continuing violation theory employed by the Ninth

11  Circuit states that a statute of limitations begins to run "not necessarily when the [plaintiff] first

12  believes that his or her rights may have been violated, but rather, either when the course of conduct

13  is brought to an end... or when the [plaintiff] is on notice that further efforts to end the unlawful

14  conduct will be in vain." Richards v. CH2M Hill Inc. (2001), 26 Cal.4th 798, 823. In our case,

15  Plaintiffs unknowingly purchased predatory mortgages with features that presented new surprise

16  rate hikes and terms as time passed long after the initial loan closing in late 2005. [Plaintiffs'

17  Complaint ¶¶29, 50, 54, 58-59].

18      Lastly, Plaintiffs' claims have been *equitably tolled* so as to allow the filing of its claims

19  beyond the strict one-year statute of limitations for Unruh claims. The equitable tolling doctrine

20  begins to apply when the plaintiffs uncover the concealed facts. River Colony Estates v. Bayview

21  Financial Trading Group (S.D. Cal. 2003) Case No. 01-1420-IEG(LSP), Page 11. [Court held that

22  in a loan transaction, plaintiff's claim may be equitably tolled until it learned of defendant's

23  concealed identity.].

24      Defendants' reliance on Molus for the proposition that equitably tolling is only available

25  only if Plaintiff proves fraudulent concealment is not accurate. There are two types of equitable

26  tolling theories applied in the Ninth Circuit. Kay v. Wells Fargo & Co. N.A. (N.D. Cal. 7-24-

27  2007), Case No. 07-01351 WHA, Page 5-6.

28      Under the first method, Plaintiffs must specifically allege why the *Equitable Tolling*

6

*doctrine* should be applied. Due to the Defendant's gross misrepresentation of the terms and loan process in Spanish, Plaintiffs were not able to access the terms of the English language contract. [Plaintiffs' Complaint ¶29 or page 7:21-24] Plaintiffs acted diligently and were not able to learn of the actual terms until they were translated for them later. [Plaintiffs' Complaint ¶29 or page 7:24-26 ]. Defendant's loan products were sitting time bombs that were waiting to explode long after the loans were executed. [Plaintiffs' Complaint ¶29 page 7:24-26 and ¶54 or page 15:13-19]. For these reasons, the Court's application of equitable tolling would be appropriate considering that Plaintiffs acted within two months in November 2007 after learning of material facts as to their potential claims against Defendants. [Plaintiffs' Complaint ¶29 or page7:18-21 ]

Secondly, under the Equitable Estoppel theory stated in Molus, Plaintiffs have already alleged its fraudulent concealment claim with particularity (*see* motion § No. 5).

Plaintiffs have alleged that there is no way that Plaintiffs would have learned of the actual meaning of the loan documents (executed in English) because the Spanish translations were so inadequate. Further, Plaintiffs only learned of any such legal issues until September 2007. [Plaintiffs' Complaint ¶¶29, 50, 54, 58-59]. Plaintiffs have specifically alleged that the equitable tolling doctrine should apply because "Defendants made various material misrepresentations in Spanish that differed than the English documents – which could not be discovered until the effects of the toxic transactions arose to cause them to seek help."[Plaintiffs' Complaint ¶29]. As such, Plaintiffs respectfully request that this claim be left to stand.

**3. Defendant Wells Fargo is liable for Breach of Fiduciary Trust and Concealment to the Extent it Is Found Liable for Any Agents Later Identified.**

To the extent that Defendant reveals in discovery that any agents were hired that formed a broker relationship with Plaintiffs, Wells Fargo should be held liable for breach of fiduciary trust and concealment as alleged in Plaintiffs' Complaint at ¶¶ 31, 152 and 153. Ruiz v. Decision One Mortgage Co. (N.D. Cal. 2006), Case No. 03-01099 RS, Page 6-7.

**4. Plaintiffs' Negligence Claim Cannot be Dismissed Because Wells Owes A Duty of Care to Avoid Harming Plaintiffs With Its Mortgage Loan Products and Services.**

7

a. Wells Fargo has a direct duty of care to the Plaintiffs

Plaintiffs have alleged that Wells Fargo owed the duties to act as a reasonably prudent lender and to reasonably oversee its employees who arranged its loan products. [Complaint ¶158]

"Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself." Cal. Civ. Code §1714(a).  "[D]uty," is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.'" Dillon v. Legg (1968) 68 Cal.2d 728, 734.

In California, a financial institution may owe a borrower a duty of care depending on "various factors, among which are [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm.'" Nymark v. Heart Fed. Savings & Loan Assn. (1991), 231 Cal.App.3d 1089, 1098 [quoting Connor v. Great Western Sav. & Loan Assn. (1968) 69 Cal.2d 850, 865.]. The *Rowland* factors also additional considerations: "[7] the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and [8] the availability, cost, and prevalence of insurance for the risk involved." Rowland v. Christian (1968), 69 Cal.2d 108, 113.

As a matter of law, duty should be found to exist under the circumstances where Plaintiffs allege that they were sold unreasonably drafted and designed loan products that were so harmful as to defy the duty of reasonableness. In respective order, the above 'duty' factors all favor the finding of duty by Wells Fargo:

**Factor [1] –Intent to Affect Plaintiff**: Clearly, Plaintiffs took its mortgage loans with Wells Fargo to purchase its home and with the desire to get the best loan possible. Instead they ended up with the risk of foreclosure, financial devastation and possibly, bankruptcy. [Plaintiffs' Complaint ¶54].

8

**Factor [2] – Foreseeable Harm:** Defendants created the loan products, and as its drafters, knew of the dangers of placing any borrowers in toxic mortgages. [Plaintiffs' Complaint ¶¶48, 54, 57, 158 and 159].

**Factor [3] – Certainty of Harm:** The injuries that were caused only became possible through the affirmative actions of Wells Fargo to design and sell its toxic products with disregard for the future risks to the borrowers. [Plaintiffs' Complaint ¶¶48, 54, 57, 158 and 159].

**Factor [4] – Closeness to Injury:** Wells Fargo not only was responsible to help Plaintiffs Contreras select their loan but also responsible to provide the necessary financial disclosures and documents.    [Plaintiffs' Complaint ¶50]

**Factor [5] – Moral Blame:** The injuries that were caused only became possible through the actions to support and enable and provide resources others to sell its toxic products. . [Plaintiffs' Complaint ¶¶48, 54, 57, 158 and 159]. Why would it be fair that mortgage brokers outside a bank's walls have a duty to act reasonably but a broker within those walls does not?

**Factor [6] – Policy of Prevention:** Holding Wells Fargo with a duty to responsibly place borrowers in mortgage loans that are not predatory and with a duty of care will help prevent future harm to other potential borrowers.

**Factor [7] – Burden on Defendant:** Since the Defendants as lenders are already subject to numerable statutory regulations its business, no extra burden will be placed on it considering that the finding of negligence will increase financial stability of borrowers in dealing with lenders. [Plaintiffs' Complaint ¶¶3, 7, and 8].

**Factor [8] - Insurance:** Finally, insurance should be readily available, and may already exist, for these companies in due course of their business activities along with any other ways, banks currently hedge their risks.

Courts have already long held that a financial services company can be directly liable for negligence duty to act with reasonable skill and diligence. In Re Prudential Ins. Co. of Am. Sales Prac. (N.J. 1996), 975 F. Supp. 584, 620 and 621. In Prudential, the plaintiff specifically argued

9

that a financial company owed a duty of care for " in training and supervising Prudential's sales agents, to ensure that the company conducted its sales transactions legally and properly, and to ensure that its agents fully disclosed all material facts and did not misrepresent or omit such facts to customers." Id. at 621. The Court stated that "it certainly cannot determine as a matter of law dismiss the Complaint" "when Plaintiffs have properly alleged that this conduct caused reasonably foreseeable injury to themselves…and that they suffered damages as a result thereof." Id. Even insurance agents owe a duty of care to an insured "to obtain the coverage that a reasonable and prudent professional insurance agent would have obtained under the circumstances." Fiorentino v. Travelers Ins. Co., (1978), 448 F. Supp. 1364, 1369-70.

As such, Wells Fargo should be held to have a duty of care to Plaintiffs Contreras when it decided to put the Contreras into a risky mortgage against the wishes of the Plaintiffs and the reasonable underwriting standards and practices that other lenders used.

### 5. Plaintiffs' Fraud Claims Should Not be Dismissed as they Specifically Detail the Misrepresentations, the Speakers, The Timeframe and the Falsity of Wells' Statements to the Plaintiffs

Plaintiffs set forth their fraud claims with "heightened particularity" as required by Rule 9(b) and clearly show how Defendant Wells Fargo is liable for directly making verbal and written fraudulent misrepresentation to Plaintiffs.

The heightened particularity requirement of Rule 9(b) does not require that every detail be stated in specific numbers or in precise time frames because the goal of 9(b) is only that "[o]verall, the complaint …[identify] the circumstances of the alleged fraud so that defendants can prepare an adequate answer." Cooper v. Pickett (9th Cir. 1997), 137 F.3d 616, 627. Under Rule 9(b), the following is a description of the various facts that have been alleged:

**a. Alleged Misrepresentations:**

- Defendant's agents never adequately explained any material terms of the loan [Plaintiffs' Complaint ¶50] and made numerous other misrepresentations that are specifically referred to in the Complaint. [Complaint ¶129]

**b. Speaker:**

10

- "WELLS FARGO agents";

- "At no point, was any meaningful translation given by WELLS FARGO." [Plaintiffs' Complaint ¶50]

**c.  When/Where:**

- *When*:  "In late 2005," "[l]oan documents signed in January 2006" [Plaintiffs' Complaint ¶50].

- *Where:* "Monterey County" [Plaintiffs' Complaint ¶28, 50]

**d.  Oral or Written Statements**

- *Oral Assertions*:  All conversations were in Spanish and at no point, was any meaningful translation given. [Complaint ¶50];  Defendant's agents never adequately explained any material terms of the loan [Complaint ¶50]; Numerous other misrepresentations that are specifically referred to in the Complaint. [Complaint ¶129]

- *Written Assertions*:  "Loan package" and "loan documents were not in Spanish" [Complaint ¶50]

e.  *Manner Which Statements Where Wrong:*

- Plaintiffs are now stuck in subprime adjustable rate mortgages with…terms that are vastly higher in costs than originally understood." etc. [Plaintiffs' Complaint ¶¶54, 57, 90, 96, 129, 131]

For these reasons, Plaintiffs' request that the Court finds that the fraud claims against Wells Fargo are stated with particularity as they provide all the reasonable information that can be gleaned before any discovery is completed. Otherwise, it would be unfair for Plaintiffs to only be able to bring a fraud claim without the detailed facts that only Wells Fargo now holds in its possession. As such, Plaintiffs' request that the motion to dismiss be denied on this basis.

**C. DEFENDANTS' MOTION UNDER RULE 12(E) AND TO STRIKE UNDER RULE 12(F) SHOULD BE DENIED SINCE ANY CONFUSION CAN BE STRAIGHETENED OUT WITH A REASONABLE READING OF THE COMPLAINT.**

**1. Granting Wells' Motion for More Definite Statement Will Not Increase its Ability To Litigate as the Specific Allegations in the Complaint Are Already Sufficient.**

11

1    "Motions for a more definite statement are viewed with disfavor and are rarely granted

2    because of the minimal pleading requirements of the Federal Rules." Bureerong v. Uvawas

3    (C.D.Cal. 1996), 922 F. Supp. 1450, 1461. "A motion for a more definite statement attacks

4    unintelligibility in a pleading, not simply mere lack of detail." Id. The Court goes further stating

5    that "a motion for a more definite statement should not be granted unless the defendant literally

6    cannot frame a responsive pleading. Id. [quoting Boxall v. Sequoia Union High School District

7    (N.D.Cal. 1979), 464 F. Supp. 1104, 1114].

8         Federal Rule of Civil Procedure 12(e) provides that a Rule 12(e)motion should only be

9    granted "when it is so vague and ambiguous that a party cannot reasonably be required to frame a

10   responsive pleading." This is because a motion for a more definite statement must be considered

11   "in light of the  liberal pleading standards" as a Complaint need only be a "short and plain

12   statement of the claim showing that the pleader is entitled to relief." Bureerong v. Uvawas

13   (C.D.Cal. 1996), 922 F. Supp. 1450, 1461 [quoting Sagan v. Apple Computer, Inc. (C.D.Cal.

14   1994), 874 F. Supp. 1072, 1077.]

15        While Plaintiffs' First Amended Complaint does not elaborate in every infinite detail the

16   various facts that will comprise Wells Fargo's liability for fraud, Defendant Wells Fargo has

17   enough information to proceed with discovery itself. Plaintiffs outline the timeframe, persons,

18   contents of discussions and the specific misrepresentations made. The actual loan documents, to

19   the extent that they are signed and dated, along with the facts in the Plaintiffs' Complaint is more

20   than sufficient to begin litigation of this matter. Therefore, Plaintiffs request that the Court deny

21   Wells' Fargo motion for a more definite statement.

22   **2. It is not Necessary to Strike Plaintiffs' Complaint as the Cited Portions of the Complaint
23   Are neither Injurious Nor Redundant Allegations.**

24        a. The General Public Allegations Should Not Be Struck As Plaintiffs Are Not Currently
         Seeking a Representative Action Against Wells Fargo

25   Defendants' reliance on Sav-On Drug Stores, Inc. v. Super. Court, 34 Cal.App.4[th] 319,

26   326 is clearly inapplicable here, are as the instant matter discusses the general requirements for a

27

28

12

1  class action lawsuit and not the California Unfair Competition Law. The same goes for

2  Defendants' citation of Bus. and Prof. §17204.

3      It is important to review the actual allegation made: "Since Plaintiffs bring this action on

4  their behalf, on behalf of each other as members of the public and on behalf of the general public,

5  they are entitled to attorneys' fees pursuant to Cal. Civ. Code §1021.5." Plaintiffs' Complaint ¶124.

6      The bottom line is that Plaintiffs have the right to bring an action under the Cal. Unfair

7  Competition and to seek attorneys' fees *on their own behalf under* Cal. Civ. Code §1021.5. As

8  such, the Plaintiffs agree to stipulate to having the First Amended Complaint be read in that light.

9      b. Rescission in the Truth in Lending is allowed in Certain Circumstances

10     Plaintiffs stipulate that the Complaint be read so that Wells Fargo is not subject to the

11 TILA rescission remedy.

12     c. Punitive Damages for Negligent Misrepresentation Can be Remedied by Stipulation

13     Although Plaintiff was previously alleging both negligent and gross negligence

14 misrepresentation against Plaintiffs, Plaintiffs stipulates that the Complaint should be read so that

15 Wells Fargo is not held for punitive damages for negligent misrepresentation.

16 **D. IN THE ALTERNATIVE, PLAINTIFFS REQUEST LEAVE TO AMEND**

17     To the extent that the Court finds it necessary for Plaintiffs to amend its complaint, the

18 Plaintiffs ask for leave to amend in order to cure any such deficiencies. Lopez v. Smith (9th Cir.

19 2000), 203 F.3d 1122, 1130.

20

21

22                                **V. CONCLUSION**

23     Plaintiffs have already stated in sufficient detail, without being too redundant or

24 unnecessarily windy, that the Defendant violated various laws. Requiring more information in the

25 Complaint not have a effect on the Defendant's ability to litigate as it will only delay this suit. Out

26 of the many claims alleged by Plaintiff, Wells Fargo chooses to concentrate on minute details that

27 can be easily dealt with, short of requiring amendment. For these reasons, Plaintiffs request that

28 the Court deny its motion to dismiss, motion for more a definite statement of facts and motion to

13

1    strike.

2

3    Dated: February 29, 2008          PATANE • GUMBERG, LLP

4

5

6                                  By: _____
                                        SERGIO H. PARRA
7                                        NINA M. PATANE
                                         Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION OF
OPPOSITION TO DEFENDANT WELLS FARGO'S MOTION TO DISMISS**

**PROOF OF SERVICE**

STATE OF CALIFORNIA -- COUNTY OF MONTEREY

I declare that I am employed in the County of Monterey, State of California.  I am over the age of eighteen years and not a party to the within cause; my business address is Patane · Gumberg, LLP, 4 Rossi Circle, Suite 231, Salinas, California 93907.

On March 1, 2008, I served the foregoing document(s) described as:
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND IN THE ALTERNATIVE, MOTION TO STRIKE; DECLARATION OF SERGIO PARRA IN OPPOSITION OF DEFENDANT WELLS FARGO BANK'S  MOTION TO DISMISS OR ALTERNATIVELY, IN SUPPORT OF MOTION TO STRIKE; PLATNIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' MOTION IN OPPOSITION TO WELLS FARGO BANK'S MOTION TO DISMISS;**

( )  BY E-FILE - By transmitting via efiling the document(s) listed above set forth below on this date from 4 Rossi Circle, Suite 231, Salinas, California 93907.

( )  BY MAIL - By placing the documents listed above in a sealed envelope, addressed as set forth below.  I am readily familiar with the firm's practice for the collection and processing of correspondence.  Under that practice it would be deposited with U.S. POSTAL SERVICE on that same day with postage thereon fully prepaid at Salinas, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

( )  BY PERSONAL SERVICE - By personally delivering the document(s) listed above to the person(s) or other proper person(s) at the address(es) set forth below.

**SEE E-FILING LIST ATTACHED**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 1, 2008, at Salinas, California.

PAM KIMBALL

1

Elizabeth C. Gianola, Esq.
Horan, Lloyd Law Offices
499 Van Buren Street
Monterey, CA, 93940

Mark D. Peterson, Esq.
Frank J. Riebli, Esq.
Farella Braun-Martel, LLP
Russ Building-235 Montgomery St.
San Francisco, CA 94104

John S. Blackman, Esq.
Farbstein & Blackman, APC
411 Borel Avenue, Suite 425
San Mateo, CA 94402

Michael J Steiner
Severson & Werson
One Embarcadero Center, Suite 2600
San Francisco, CA  94111

Michael Smith
Manning & Marder, Kass, Ellrod, Ramirez LLP
One California Street Suite 1100
San Francisco, CA  94111

Countrywide Homes Loans, Inc.
Sandy Shatz, Esq.
SVP, Asst. General Counsel
5220 Las Virgenes Rd. Mail Stop AC-11
Calabasas, CA 91302

Steyer, Lowenthal, Boodrookas,
Alvarez & Smith, LLP
Carlos Alvarez, Esq.
One California Street, Third Floor
San Francisco, CA 94111

Nicolas Dauiso, Esq.
Robinson Tait, PS
616 First Ave., Suite 550
Seattle, WA 98104

Mark D. Peterson, Esq.
Frank J. Riebli, Esq.
Farella Braun-Martel, LLP

Russ Building-235 Montgomery St.
San Francisco, CA 94104

Mark D. Peterson, Esq.
Frank J. Riebli, Esq.
Farella Braun-Martel, LLP
Russ Building-235 Montgomery St.
San Francisco, CA 94104