NINA M. PATANE, Esq. (SBN 157079)
SERGIO H. PARRA, Esq. (SBN 247682)
PATANE · GUMBERG, LLP
Attorneys at Law
4 Rossi Circle, Suite 231
Salinas, California 93907
Telephone: (831) 755-1461
Facsimile: (831) 755-1477

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE)

| | |
|---|---|
| **BERENICE GONZALEZ AND JOSE URTIZ, JORGE AGUIRRE, ELEAZAR BECERRA AND ROCIO BECERRA, J. GUADALUPE CONTRERAS AND TERESA CONTRERAS**, all individually and on behalf of the general public, <br><br> Plaintiffs, <br><br> v. <br><br> **VCH SALINAS I LLC** dba **VALLEY COMMUNITY HOMES** and as **MONTE BELLA REALTY, NORM YOP INC. REALTORS** dba **MONTE BELLA REALTY, MONICA FARANDA** dba as **MONTE BELLA REALTY, UNIVERSAL MORTGAGE & SALES INC., IRA MORTGAGE & HOME SALES, INC., AMERICAN PACIFIC MORTGAGE CORP.** dba as **CREATIVE MORTGAGE, OLD REPUBLIC TITLE CO., COUNTRYWIDE HOME LOANS INC. dba AMERICA'S WHOLESALE LENDER, COUNTRYWIDE FINANCIAL CORP., NEW CENTURY MORTGAGE CORP., HOMEQ SERVICING CORP., CAMERON FINANCIAL GROUP INC., WELLS FARGO BANK,** and **DOES 1 TO 100**, inclusive, <br><br> Defendants. | CASE NO. CV 07 05698 JW <br><br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION IN OPPOSITION TO DEFENDANT OLD REPUBLIC'S MOTION TO DISMISS** <br><br><br><br><br><br><br><br><br><br> Date:          March 24, 2008 <br> Time:          9:00 am. <br> Courtroom:  8 <br> Judge:        Hon. James Ware |

1

## TABLE OF CONTENTS

I.     INTRODUCTION.................................................................................................1

II.    FACTS.............................................................................................................1

       1.  The Parties..................................................................................................1

           a. Plaintiffs...............................................................................................2

           b. Defendant Old Republic Title Company.............................................2

III.   STANDARDS OF ADJUDICATION.................................................................2

III.   POINTS AND AUTHORITIES.........................................................................3

       A.  THIS ACTION SHOULD NOT BE STAYED AS THE JUDICIAL
           REFERENCE CLAUSE REFERRED TO BY OLD REPUBLIC IS
           UNFORCEABLE AND PLAINTIFF'S CLAIMS AGAINST OLD REPUBLIC
           ARE OTHERWISE SEPARABLE..................................................................3

       B.  DEFENDANT OLD REPUBLIC'S MOTION TO DISMISS SHOULD BE
           DISMISSED BECAUSE IT FAILS TO SHOW THAT OLD REPUBLIC
           TITLE IS NOT LEGALLY RESPONSIBLE FOR PLAINTIFFS'
           DAMAGES..............................................................................................4

              1.  There is No Escrow Immunity for Old Republic as They Can be Held
                  Responsible as any Escrow Company for Violating Plaintiffs' Civil and
                  Consumer Protection Rights..................................................................4

              2.  Plaintiffs' Fair Housing Claim Applies to Old Republic Because They
                  Provided Escrow Services to Plaintiffs in their Monet Bella Home
                  Purchases.............................................................................................6

              3.  Plaintiffs Allege That Defendant Old Republic Formed A Rico
                  Enterprise With Developer Defendants And Jointly Committed the
                  Predicate Offenses of Mail and Wire Fraud.........................................7

                  a.  Plaintiffs specifically allege that in several dates after October 2005
                      that the RICO Enterprise Made Various False Representations in
                      Salinas to each of the Plaintiffs.....................................................8

                  b.  Plaintiffs Specifically Allege That the Enterprise Committed Mail and
                      Wire Fraud Upon the Plaintiffs......................................................9

              4.  Plaintiffs' RESPA Claim Have Alleged That Old Republic Collected
                  Unearned Fees and Failed to Disclose Secret Kickbacks Received From the
                  Developer Defendants For Repeat Tuscany at Monte Bella Business..............10

i

5. Plaintiffs Have Detailed Old Republic's Discriminatory Treatment of Plaintiffs Which Violates Both the Cal. Unruh Act and Cal. FEHA Statutes.................11

6. Plaintiffs' Ninth Claim For Violation of the Unfair Competition Law Survives Because Plaintiffs Are Not Required to Elect Remedies at the Pleading Stage................................................................................12

1. Plaintiffs Have Sufficiently Alleged That Developers Defendants are Not Only Directly Liable for Negligence and Negligence Per Se, But Also Liable On an Agency Theory.................................................17

7. Plaintiffs' Fraud Claims Should Not be Dismissed as they Specifically Detail the Misrepresentations, The Timeframe and the Falsity of Old Republic's Statements to Plaintiffs.............................................13

C. DEFENDANTS' MOTION UNDER RULE 12(E) AND TO STRIKE UNDER RULE 12(F) SHOULD BE DENIED SINCE ANY CONFUSION CAN BE STRAIGHETENED OUT WITH A REASONABLE READING OF THE COMPLAINT.......................................................................14

a. Granting Old Republic's Motion for More Definite Statement Will Not Increase its Ability To Litigate as Specific Allegations in the Complaint and the Loan Documents Are Already Sufficient................................14

D. IN THE ALTERNATIVE, PLAINTIFFS REQUEST LEAVE TO AMEND ......15

IV. CONCLUSION.........................................................................15

V. PROOF OF SERVICE..............................................................16

TABLE OF CONTENTS AND TABLE OF AUTHORITIES IN SUPPORT OF PLAINTIFFS OPPOSITION TO DEFENDANT OLD REPUBLIC TITLE'S, MOTION TO DISMISS OR MOTION TO STRIKE

1

## TABLE OF AUTHORITIES

2

### CASES

3   Beard v. Worldwide Mortgage Corp. (W.D. Tenn 2005), Case No. 04-2183-D/An.

4        Page 1, 8, 11, 17...................................................................6, 8, 9

5   Boxall v. Sequoia Union High School District (N.D.Cal. 1979), 464 F. Supp. 1104, 1114.......14

6   Bureerong v. Uvawas (C.D.Cal. 1996), 922 F. Supp. 1450, 1461.................................14

7

8   Burkons v. Ticor Title Ins. Co. Of Cal. (1991), 168 Ariz. 345, 353...........................5

9   Carr v. Home Tech Co. Inc. (W.D.Tenn. 2007), 476 F. Supp.2d 859, 866-867.....................6

10  Conley v. Gibson, 355 U.S. 41, 45-46, 47-48 (1957)........................................2, 3

11  Cooper v. Pickett (9th Cir. 1997), 137 F.3d 616, 627........................................13

12  Edwards v. Marin Park, Inc. (9th Cir. 2004), 356 F.3d 1058, 1066.............................8

13  Gilligan v. Jamco Develop. Corp. (9th Cir. 1997), 108 F.3d 246, 249..........................3

14  Hy Cite Corp. v. Badbusinessbureau.Com, L.L.C., (Ariz. 2005) Case No. 04-2856-PHX-EHC,

15       Page 1, 11.......................................................................10

16  Kingman Park Civic Assn. v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003)...................3

17  Krieger v. Fadely, 211 F.3d 134, 136 (D.C. Cir. 2000).......................................3

18  Lee v. Escrow Consultants Inc. (1989), 210 Cal.App.3d 915, 925..............................5

19  Lopez v. Smith  (9th Cir. 2000), 203 F.3d 1122, 1130.......................................15

20  Macharia v. United States, 334 F.3d 61, 64, 67 (D.C. Cir. 2003).............................3

21  Mark Properties v. National Title Co. (2000), 116 Nev. 1158, 1162. .........................6

22  Miniace v. Pacific Maritime Association, (N.D.Cal. 2006),Case No.C 04-03506 SI, Page 1, 5

23       ..............................................................................6

24  Odom v. Microsoft Corp. (9th Cir. 2007) 486 F.3d 541, 547.................................7

25  Peterson Development Co. Inc. v. Torrey Pines Bank (1991) 233 Cal.App.3d 103. 117..........4

26  Phleger v. Countrywide Home Loans, Inc. (N.D.Cal. 12-24-2007) page 5.......................5

27  Sagan v. Apple Computer, Inc. (C.D.Cal. 1994), 874 F. Supp. 1072, 1077....................14

28  Sebastian Intern. Inc. v. Russolillo (C.D. Cal. 2001), 128 F. Supp.2d 630, 635. ...........9

Superior Bank F.S.B. v. Tandem Nat. Mortgage Inc. (Md. 2000), 197 F. Supp.2d 298,

      323............................................................................................8

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511-14 (2002).................................6

Triple A Management Company v. Frisone (1999), 69 Cal.App.4th 520, 534-535.................5

U.S. v. State of Ohio (S.D. Ohio 1995), 885 F. Supp. 1055, 1061............................6

Van't Rood v. County of Santa Clara (2003), 113 Cal.App.4th 549, 573,......................9

WADE v. LAKE COUNTY TITLE CO., 6 Cal.App.3d 824, 828 (1970)............................4

Western Reserve Oil & Gas Co. v. New (9th Cir. 1985), 765 F.2d 1428, 1430)...................3

## STATUTES

Federal Rule of Civil Procedure 12(e)..........................................................14

Rule 9(b)..............................................................................8, 9, 13

Rule 12(b)(6)...............................................................................13

Rule 12(b)(6)................................................................................3

Rule 12(e).................................................................................14

12 U.S.C. § 2607(a)........................................................................10

12 U.S.C. § 2607(b)........................................................................10

12 U.S.C. § 2607(c)........................................................................10

18 U.S.C. §1341-1343........................................................................9

The Fair Housing Act at 42 U.S.C. §3604(b).....................................................6

iv

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO OLD REPUBLIC'S MOTION TO DISMISS**

## I.
## INTRODUCTION

Old Republic Title is a settlement services company. It should be neutral. It should only act according to its obligations to the law and the escrow instructions. Because it did not, it is now a defendant in this lawsuit. Rather than comply with its legal obligations, Old Republic choose to enter into an inappropriate relationship with Developer Defendants, who was in the process of developing thousands of homes in Salinas, CA.   Thousands of homes means thousands of escrow transactions. It is no surprise then that each of the Plaintiffs found themselves, without any choice, and to their detriment, with same people at Old Republic. Instead of purchasing their dream home, though the fault of many defendants including Old Republic, the Plaintiffs ended up with a toxic mortgage. Even before Plaintiffs actually signed their contracts, their purchases were already set-up and doomed to fail. Since Old Republic illegally benefited from these transactions, it should be held responsible for its role in that failure.

## II.
## FACTS

### 1. The Parties

*a. Plaintiffs*

The Complaint has been filed by four families in Salinas, California. Plaintiffs Berenice Gonzalez and Jose Urtiz are a married couple residing in Salinas, California with their two young children. [Attached as Exhibit 1 to the Declaration of Sergio H. Parra is a true and correct copy of Plaintiffs' Complaint, hereafter referred to as "Complaint"] [¶13].   Plaintiff Jorge Aguirre is a married man residing in Salinas, California with his family [Complaint ¶14].  Plaintiffs Eleazar Becerra and Rocio Becerra are also married and residing in Salinas. [Complaint ¶15]. Lastly, Plaintiffs J. Guadalupe Contreras and Teresa Contreras are married individuals in Salinas California with young children too. [Complaint ¶16]. All four couples are Hispanic individuals whom cannot competently read or write in the English language. [Complaint ¶13-17].

1

### b. Defendant Old Republic Title Company

Defendant Old Republic is a title company that provides settlement services in Monterey County. [Complaint ¶18]. Plaintiffs allege that Old Republic never adequately explained its financial relationships with the various parties or their right to seek another settlement agent. [Complaint ¶46]. Rather, Defendants VCH Salinas, Norm Yop Realtors and Monica Faranda ("Defendant Developers") simply told them that 'all buyers were required' to use Defendant Old Republic as the escrow agent. [Complaint ¶46]. Furthermore, Old Republic hid the material terms of the transaction undertaken; charged unearned and excessive fees and costs for its services and failed to otherwise act competently as a settlement agent. [Complaint ¶46]. Old Republic also failed to disclose the things of value exchanged with the Developer Defendants for its repeat business. [Complaint ¶46].

On the day of each of their respective closing dates, each of the Plaintiffs were sent to the same person(s) at Defendant Old Republic by the Developers to close their respective transactions. [Complaint ¶52]. At all times, Defendant Old Republic advertised its Spanish services and conducted its communications with Plaintiffs in Spanish. [Complaint ¶52]. Taking advantage of its position, Old Republic failed to provide an adequate disclosure of Plaintiffs' rights in their respective purchases from Defendants Developers. [Complaint ¶52]. Moreover, Old Republic also failed to disclose all the fees collected and charged unearned/excessive fees and costs for its services. [Complaint ¶52]. Lastly, Old Republic knew and failed to report and correct the tortuous conduct of other actors and furthermore, failed to discharge its obligations to Plaintiffs under the law. [Complaint ¶52].

### III.
### STANDARDS OF ADJUDICATION

The U.S. Supreme Court in Conley v. Gibson, 355 U.S. 41 (1957) held that a Rule 12(b)(6) motion must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. In considering a motion to dismiss, this Court must accept all allegations of material fact as true and must construe said allegations in the light most favorable to the non-moving party. Western Reserve Oil & Gas

2

Co. v. New (9th Cir. 1985), 765 F.2d 1428, 1430.

The Ninth Circuit holds that "[t]he motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." Gilligan v. Jamco Develop. Corp. (9th Cir. 1997), 108 F.3d 246, 249. That is because the Complaint need only provide a short and plain statement of the claim, giving the defendant *fair notice* of the claim and the grounds upon which it rests. Kingman Park Civic Assn. v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." Conley, 355 U.S. at 47-48.

Therefore, it is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, Swierkiewicz v. Sorema N.A. (2002), 534 U.S. 506, 511-14, or "plead law or match facts to every element of a legal theory," Krieger v. Fadely (D.C. Cir. 2000), 211 F.3d 134, 136. In fact, in hearing a Rule 12(b)(6) motion, the Court must treat the complaint's factual allegations, including mixed questions of law and fact — as true and draw all reasonable inferences therefrom in the plaintiff's favor. Macharia v. United States, 334 F.3d 61, 64, 67 (D.C. Cir. 2003).  Since the defendant's motion should be granted only when fair notice is lacking at to the claim(s) it faces, as this is not the case in the instant Complaint, the motion to dismiss should be denied.

## IV.
## POINTS AND AUTHORITIES

### A. THIS ACTION SHOULD NOT BE STAYED AS THE JUDUCIAL REFERENCE CLAUSE REFERRED TO BY OLD REPUBLIC IS UNENFORCEABLE AND PLAINTIFFS' CLAIMS AGAINST OLD REPUBLIC ARE OTHERWISE SEPARABLE.

Plaintiffs have filed a separate motion in opposition to Defendants VCH Salinas I, Norm Yop and Faranda's request for an order compelling arbitration. If the Court denies Defendants' motion to stay, this will of course, make any request for a stay in the matter, moot.  Even if the Court was to compel arbitration, Plaintiffs should have the option to proceed in litigating its claims

3

against Old Republic and request the opportunity to amend the Complaint accordingly before doing so.

Moreover, on an equitable level, delaying any litigation with a judicial reference while staying the action against all other defendants will place the Plaintiffs in a greatly disadvantageous situation. Since Plaintiffs are in danger of falling into foreclosure and possibly, bankruptcy, such a stay would remove the impetus for resolving the matter and only lead to the dilution of intent of the consumer protection statutes that Plaintiffs now claims against Old Republic. Therefore, in the event that judicial reference is ordered, Plaintiffs request that the claims against Old Republic be allowed to proceed.

**B. DEFENDANT OLD REPUBLIC'S MOTION TO DISMISS SHOULD BE DISMISSED BECAUSE IT FAILS TO SHOW THAT OLD REPUBLIC TITLE IS NOT LEGALLY RESPONSIBLE FOR PLAINTIFFS' DAMAGES.**

**1. There is No Escrow Immunity for Old Republic as They Can be Held Responsible as Any Escrow Company for Violating Plaintiffs' Civil and Consumer Protection Rights.**

Defendants' reliance of Peterson Development Co. for the proposition that escrow companies are somehow immune to any kind of lawsuit is misplaced [*See* Defendant Old Republic's Memorandum, 3:8-10]. Actually, there are at least *seven* distinct ways in which Plaintiffs allege that Old Republic is liable to Plaintiffs.

First, an escrow company owes a limited fiduciary duty to all parties to the transaction. Peterson Development Co. Inc. v. Torrey Pines Bank (1991) 233 Cal.App.3d 103. 117. This includes the failure to act as fiduciary to all parties and complying with escrow instructions. Id. Plaintiffs have alleged that Defendant Old Republic owed a fiduciary duty to them and Old Republic breached that duty. [Complaint ¶152].

Second, it is also the "duty of an escrow holder to exercise reasonable skill and ordinary diligence in his employment, and if the escrow holder acts negligently, it is ordinarily liable for any loss occasioned by its breach of duty." Wade v. Lake County Title Co. (1970), 6 Cal.App.3d 824, 828. In this respect, Plaintiffs have alleged that Defendant Old Republic "failed to act

4

competently as a settlement agent" and owed a duty "to act as a reasonably prudent person or entity in the same profession or entity.". [Complaint ¶152 and 157].

Third, as discussed later in this memorandum, escrow companies are subject to federal statutes such as RESPA, RICO, Fair Housing Act, Unruh Act and FEHA.

Fourth, no case in California has held that escrow companies are immune to intentional torts that are committed outside the escrow companies' normal scope of work. For instance, although a settlement agent "is an agent and fiduciary of the parties to the escrow" this duty is exceed when there is "clear evidence of fraud." Phleger v. Countrywide Home Loans, Inc. (N.D.Cal. 12-24-2007), Case No C 07-1686 SBA, Page 1, 5. Plaintiff have been able to allege "sufficient facts to form the basis of a fraud cause of action against defendant in its capacity as an escrow holder." Lee v. Escrow Consultants Inc. (1989), 210 Cal.App.3d 915, 925. Under the immunity argued by Old Republic, an escrow company would never be liable for conversion, embezzlement, fraud any other intentional tort as long as it demonstrated that the escrow instruction were complied with.

Fifth, no case in California states that escrow companies in California do not a limited duty to disclose apparent fraud being committed in front of its eyes (much less, when such fraud acts to the benefit of the escrow company itself!). In fact, "an escrow agent has a legal duty to disclose information obtained in the course of the agency and material to the subject matter of the agency, and the agent will be presumed to have fulfilled this duty." Triple A Management Company v. Frisone (1999), 69 Cal.App.4th 520, 534-535. Furthermore, many jurisdictions across the country have found that a limited escrow duty to disclose:

> [D]oes not permit the escrow agent to close its eyes in the face of known facts and console itself with the thought that no one has yet confessed fraud. Although not required to investigate, when the agent is aware of facts and circumstances that a reasonable escrow agent would perceive as evidence of fraud, then there is a duty to disclose."

Burkons v. Ticor Title Ins. Co. Of Cal. (1991), 168 Ariz. 345, 353. An escrow agent has a "limited duty to disclose facts concerning actual fraud of which the agent is actually aware." Mark

Properties v. National Title Co. (2000), 116 Nev. 1158, 1162.

Lastly, Old Republic is liable for the information that it has acquired as agent of its principals (Developer Defendants – Complaint ¶31). "An agent in California is always held to have notice of the principal's information. This is because 'notice to an agent is notice to the principal';. . . one who acts through another be presumed to know all that the agent learns during the transaction, whether it is actually communicated to him or not." Van't Rood v. County of Santa Clara (2003), 113 Cal.App.4th 549, 573. Furthermore, any agent must act in good faith and exercise  ordinary care and diligence.  Miniace v. Pacific Maritime Association (N.D. Cal. 2006), Case No. C 04-03506 SI, Page 1, 5.

As such, Defendant Old Republic's request that *all* of Plaintiffs claims should fail based upon the mere fact it is an escrow should be denied.

## 2.  Plaintiffs' Fair Housing Claim Applies to Old Republic Because They Provided Escrow Services to Plaintiffs in their Monet Bella Home Purchases.

The Fair Housing Act at 42 U.S.C. §3604(b) broadly makes it unlawful:

> To discriminate against any person in the terms, conditions,  or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

A Fair Housing violation may be asserted against a title company that is alleged to have discriminated in providing services in connection with the plaintiff's mortgage. Beard v. Worldwide Mortgage Corp. (W.D. Tenn 2005), Case No. 04-2183-D/An. Page 1, 16. Also, a title company can be liable under the Fair Housing Act when it engages in a fraudulent scheme to defraud homebuyers based upon race. Carr v. Home Tech Co. Inc. (W.D.Tenn. 2007), 476 F. Supp.2d 859, 866-867.

Plaintiffs have clearly alleged that Old Republic has discriminated against them in the terms and conditions of its services related to the purchase of their homes. [Complaint ¶64]. The provision of escrow services implicate the Fair Housing Act because it is almost impossible for members of a protected category to legitimately purchase any home without the use of settlement services. As such, Defendant Old Republic is subject to the Fair Housing Act.

6

Secondly, despite Old Republic's contention, Plaintiffs specifically alleges that Old Republic "targeted Plaintiffs as Hispanics and because of their national origin in Mexico and/or Latin America." [Complaint ¶63]. Defendant "OLD REPUBLIC... discriminated against each of its respective clients in its provision of its services and products related to real estate transactions." [Complaint ¶64]. Plaintiffs also allege that Defendant Old Republic subjected Plaintiffs to discriminatory treatment [Complaint ¶65]; utilized facially-neutral business practices [Complaint ¶66]; and utilized reverse-redlining techniques [Complaint ¶67]. To Defendants' credit, Defendant also acknowledges that Plaintiffs allege those specific acts that constitute discriminatory conduct such as the failure to make disclosures, collecting of earned fees, charging of excessive costs etc. [Complaint ¶21, 46, 52, 77, and 91]. Since Plaintiffs detail the specific acts taken by Old Republic against Plaintiffs that are the basis for their discrimination claims, it is clear that Plaintiffs have sufficiently stated a claim against Old Republic.

Accordingly, the claim of discrimination against Old Republic is sufficiently stated as to give it adequate notice to proceed with this lawsuit.

### 3. Plaintiffs Allege That Defendant Old Republic Formed A Rico Enterprise With Developer Defendants And Jointly Committed the Predicate Offenses of Mail and Wire Fraud.

The Federal Racketeer Influenced and Corrupt Organizations Act [hereafter "RICO"] may be pled in cases, such as this one, where a group of entities jointly act to derive income from illegal "racketeering activity." In order to state a claim under RICO, plaintiffs must allege that defendants engaged in : "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Odom v. Microsoft Corp. (9th Cir. 2007) 486 F.3d 541, 547. At issue, however, is whether the Plaintiffs have alleged a predicate acts by the enterprise.

Plaintiffs allege that the Developer Defendants along with Old Republic "constitute a coordinated group of entities and/or an enterprise with ongoing operations to defraud unsuspecting homebuyers." [Complaint ¶77]. The fraudulent racketeering scheme consisted of the Developer Defendants marketing and/or advertising to unsuspecting Spanish speaking individuals and then funneling these transactions to Defendant Old Republic in order to ensure "the closing of fraudulent transactions." [Complaint ¶77]. The Developer Defendants entered into an undisclosed

relationship with Defendant Old Republic to achieve its common purpose of defrauding homebuyers. [Complaint ¶79]. As such, the enterprise and its scheme has been sufficiently alleged.

### a. Plaintiffs specifically allege that in several dates after October 2005 that the RICO Enterprise Made Various False Representations in Salinas to each of the Plaintiffs.

In a consumer fraud case, the elements of wire and mail fraud satisfying Rule 9(b) are:  (1) A scheme to defraud including the specific misrepresentations made and, (2) Use of Interstate Commerce in Furtherance of the Scheme.  Beard v. Worldwide Mortgage Corp. (W.D. Tenn 2005), Case No. 04-2183-D/An. Page 1, 11. Plaintiffs must allege the time, place, and content of the alleged misrepresentations underlying its RICO fraud claims by the enterprise. Edwards v. Marin Park, Inc. (9th Cir. 2004), 356 F.3d 1058, 1066.  However, it should be noted that "the fact that [Plaintiff] does not allege specific use of mail or wire by each Defendant does not provide a basis for dismissal of the RICO claims." Superior Bank FSB v. Tandem Nat. Mortg. Inc. (Md. 2000), 197 F. Supp.2d 298, 323. This is because it is sufficient to allege that the "all or some of the Defendants used the U.S. mail or private or commercial interstate carriers in the furtherance of the predatory lending scheme." Beard v. Worldwide Mortgage Corp. (W.D. Tenn 2005), Case No. 04-2183-D/An. Page 1, 16

Plaintiffs have alleged that Defendants "utilized U.S. mail and interstate carriers along with interstate telephone lines to discuss and transfer fraudulent documents and marketing material." [Complaint ¶76]. Furthermore, below are specific facts related to the RICO scheme by the enterprise that meets the Rule 9(b) particularity requirement:

**Time**
* Urtiz-Gonzalez: "Starting in...October 2005;" "On or about October 21, 2005;" "late in the day;" "March 2006"; "At Respective Closing Dates" [Plaintiffs' Complaint ¶¶32, 38, 39, 46, 52]

* Becerras: "Starting in...October 2005;" "fall of 2005;" "January 2006" ; "At Respective Closing Dates" [Complaint ¶¶32, 40,1, 46, 52]

* Contreras: "Starting in...October 2005;" "On or about October 22, 2005;" "January 2006" ; "At Respective Closing Dates"   [Complaint ¶¶32, 42 , 43,46, 52]

* Aguirre: "Starting in...October 2005;" "On or about February, 2006;"  "April 2006" ; "At Respective Closing Dates" [Complaint ¶¶32, 44 , 45, 46, 52]

**Place/Person: For all Plaintiffs:**

"Monterey County;" "East Salinas," "Sales Offices set up at Tuscany at Monte Bella Development;" the "Monte Bella Sales Office"; "to same person at Old Republic." [Complaint ¶¶18-21, 32, 34, 38-44, 52, respect.]

**Content – For all Plaintiffs:** Please see Complaint ¶¶32-44, 46, 47, 52 and 75.

As such, there can be no doubt that sufficient facts have been alleged against the enterprise.

### b. Plaintiffs Specifically Allege That the Enterprise Committed Mail and Wire Fraud Upon the Plaintiffs.

To show a "pattern of racketeering activity", a plaintiff must establish that a group of related (1) defendants committed two or more predicate offenses causing plaintiffs to suffer an injury as a result. Beard v. Worldwide Mortgage Corp. (W.D. Tenn 2005), Case No. 04-2183-D/A, Page 8. Predicate offenses for RICO are defined under 18 U.S.C. §1341-1343. The most common offense invoked in RICO claims involving mortgage fraud are based on the predicate offenses of mail, wire, radio or television fraud as defined under these statutes.

The use of interstate commerce is simply shown when "a mailing or an interstate electronic communication occurred." Beard v. Worldwide Mortgage Corp. (W.D. Tenn 2005), Case No. 04-2183-D/A, Page 1, 17. An allegation that documents were sent or received either by U.S. Mail, private or commercial interstate carriers, use of the telephone or the Internet in furtherance of the scheme to defraud, always suffices. Id. at 15. Furthermore, an exception exists to the Rule 9(b) particularity requirement as it applies to this element, "when the relevant facts lie exclusively within the knowledge and control of the opposing party." Id. at 10-11. [quoting U.S. v. State of Ohio (S.D. Ohio 1995), 885 F. Supp. 1055, 1061. Plaintiffs have gone well beyond the standards required in the Ninth Circuit, as "in a mailing case, the mailings only need to be in furtherance of a scheme to defraud and do not themselves need to be fraudulent or untrue." Sebastian Intern. Inc. v. Russolillo (C.D. Cal. 2001), 128 F. Supp.2d 630, 635.

Plaintiffs have not only exhaustively detailed the various fraudulent misrepresentations made by the enterprise it has also specifically alleged that Defendants "utilized U.S. Mail and interstate carriers along with interstate telephone lines to discuss and transfer fraudulent

9

documents and marketing materials." [Complaint ¶76]. Plaintiffs have also alleged that Defendants (including Old Republic) schemed to obtain " approval of home purchase documents…of other entities such as lenders." [Complaint ¶75] . These other entities span nationwide and include corporations such as Countrywide Home Loans Inc. from New York [Complaint ¶23] and banks with nationwide offices such as Wells Fargo [Complaint ¶28]. Furthermore, the use of a website and the sending e-mails to further a scheme are types of transmissions that meet the wire fraud element. Hy Cite Corp. v. Badbusinessbureau.com, L.L.C., (Ariz. 2005) Case No. 04-2856-PHX-EHC, Page 1, 11. Although the Defendant Old Republic would like for Defendant to identify the details behind how specific documents were sent and the specific telephone conversations, those details cannot be provided at the pleading stage and is unreasonable considering that only the Enterprise holds these specific details. For these reasons, the RICO Claim should be preserved so that to resolve these issues in discovery.

**4. Plaintiffs' RESPA Claim Have Alleged That Old Republic Collected Unearned Fees and Failed to Disclose Secret Kickbacks Received From the Developer Defendants For Repeat Tuscany at Monte Bella Business.**

First, RESPA at 12 U.S.C. § 2607(b) forbids the collection of unearned fees or the payment of work not actually performed. Since Plaintiffs alleged "Old Republic collected unearned fees" a violation of this section has been properly alleged. [Complaint ¶91].

Second, RESPA also outlaws the payment of secret kickbacks or "things of value" between parties in a real estate transaction. 12 U.S.C. § 2607(a). RESPA not only forbids the secret exchange of monies but also explicitly forbids the exchange of things of value between the settlement agent and sellers without disclosure to the affected buyers. [ *See* Complaint ¶91].

Third, RESPA at 12 U.S.C. § 2607(c) requires the disclosure of its relationship with any of the parties in a residential transaction. Plaintiffs have alleged that no such disclosure was given. [Complaint ¶46].

Instead of recognizing the allegations have been made, Old Republic is attempting to avoid the undisputed fact that all four Plaintiffs (on chance) ended up with the same people at Old Republic who railroaded them into signing a fraudulent set of documents. [Complaint ¶52].

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION IN
OPPOSITION TO DEFENDANT OLD REPUBLIC'S MOTION TO DISMISS

Plaintiffs specifically alleged that Old Republic failed to disclose those things of value received from the Defendant Developers. [Complaint ¶91]. As Old Republic never explained its relationship with the Developers, the charges and monies being exchanged and failed to act competently as a settlement agent, it is liable under RESPA. [Complaint ¶46].

Since Defendants are on notice of their liability of their liability under this statue, then the Plaintiffs' RESPA cannot be dismissed for failure to state a claim.

### 5. Plaintiffs Have Detailed Old Republic's Discriminatory Treatment of Plaintiffs Which Violates Both the Cal. Unruh Act and Cal. FEHA Statutes.

Despite Old Republic's contention, Plaintiffs specifically allege that Old Republic "targeted Plaintiffs as Hispanics and because of their national origin in Mexico and/or Latin America." [Complaint ¶63]. Defendant "OLD REPUBLIC… discriminated against each of its respective clients in its provision of its services and products related to real estate transactions." [Complaint ¶64]. Plaintiffs also allege that Defendant Old Republic subjected Plaintiffs to not only intentional discriminatory treatment [Complaint ¶65] but also that it utilized facially-neutral business practices [Complaint ¶66]; and utilized reverse-redlining techniques [Complaint ¶67]. Plaintiffs allege specific acts that constitute discriminatory conduct such as the failure to make disclosures, collecting of earned fees, charging of excessive costs etc. [Complaint ¶21, 46, 52, 77, and 91]. Since Plaintiffs detail the specific acts taken by Old Republic against Plaintiffs which are the source of the indiscrimination claim, it is clear that Plaintiffs have sufficiently stated a claim against Old Republic.

To the extent that Defendant Old Republic is not considering the allegations made in previous paragraphs in the other discrimination claims alleged, it should mind the fact that Plaintiffs incorporated these paragraphs in the Complaint to avoid the making of repetitive allegations made in the first Fair Housing claim. [Complaint ¶105 – Unruh and ¶109-FEHA]. Accordingly, the state Unruh and FEHA discrimination claims against Old Republic are sufficiently stated so as to provide it with adequate notice to proceed with this lawsuit.

### 6. Plaintiffs' Ninth Claim For Violation of the Unfair Competition Law Survives Because Plaintiffs Are Not Required to Elect Remedies at the Pleading Stage.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION IN OPPOSITION TO DEFENDANT OLD REPUBLIC'S MOTION TO DISMISS

First, no law is cited by Defendant that stands for the idea that a failure to "plead and prove an inadequate remedy at law" at the pleading stage dooms the availability of that remedy at a later point, let alone that means that the underlying cause of action must be dismissed.

Drawing all reasonable references in Plaintiffs' favor, it is clear that equitable remedies are necessary considering that Plaintiffs "are now stuck in subprime, adjustable rate mortgages....and is now considering foreclosure and possible bankruptcy to forestall complete devastation of their financial livelihood." [Plaintiffs' Complaint ¶54]. This makes sense why Plaintiffs in their prayer for relief ask for "specific performance of...any contractual agreement so that the defendants take back the homes and/or the loans entered into by Plaintiffs with restitution." [Plaintiffs' Complaint ¶166].

Secondly, despite Defendant's contention, Plaintiffs have alleged at multiple places the *continuing and ongoing* wrongful conduct by Old Republic that should be enjoined: "Defendants [including Old Republic] constitute a coordinated group of entities and/or an enterprise with ongoing operations to defraud.." [Complaint ¶77]; "Defendants [including Old Republic] constitute to engage in the same racketeering business practices..." [Complaint ¶78]; and "Defendants [including Old Republic] have engaged in, and continue to engage in, a pattern and practice of unfair business practices....Such conduct also presents an ongoing harm..." [Complaint ¶114].

Lastly, Plaintiffs have also alleged that Old Republic received profits, monies or things of value to be restored to Plaintiffs in numerous places, thereby making restitution necessary: "things of value exchanged with [Developer Defendants] for its repeat business." [Complaint ¶46]; and "things of value and/or kickbacks received from other civil conspirators such [Developer Defendants] [Complaint ¶91]." As such, restitution is available against Old Republic.

Since Plaintiffs have alleged that injunctive relief and restitution are warranted under the allegations of the Complaint, Plaintiffs' unfair competition claim should not be dismissed per Rule 12(b)(6).

**7. Plaintiffs' Fraud Claims Should Not be Dismissed as they Specifically Detail the**

**Misrepresentations, The Timeframe and the Falsity of Old Republic's Statements to Plaintiffs.**

Plaintiffs allege its fraud claims with "heightened particularity" as required by Rule 9(b). Defendant Old Republic is liable for directly making verbal and written fraudulent misrepresentation to Plaintiffs.

The heightened particularity requirement of Rule 9(b) does not require that every detail be stated in specific numbers or in precise time frames because the goal of 9(b) is only that "[o]verall, the complaint …[identify] the circumstances of the alleged fraud so that defendants can prepare an adequate answer." Cooper v. Pickett (9th Cir. 1997), 137 F.3d 616, 627. Under Rule 9(b), the following is a description of the various facts that have been alleged:

**Time**
* Urtiz-Gonzalez:  "Starting in…October 2005;" "On or about October 21, 2005;" "late in the day;" "March 2006"; "At Respective Closing Dates" [Plaintiffs' Complaint ¶¶32, 38, 39, 46, 52]

* Becerras:  "Starting in…October 2005;" "fall of 2005;" "January 2006" ; "At Respective Closing Dates" [Complaint ¶¶32, 40,1, 46, 52]

* Contreras:  "Starting in…October 2005;" "On or about October 22, 2005;" "January 2006" ; "At Respective Closing Dates"   [Complaint ¶¶32, 42 , 43,46, 52]

* Aguirre:  "Starting in…October 2005;" "On or about February, 2006;" "April 2006" ; "At Respective Closing Dates" [Complaint ¶¶32, 44 , 45, 46, 52]

**Place/Person: For all Plaintiffs:**
 "Monterey County;" "East Salinas," "Sales Offices set up at Tuscany at Monte Bella Development;" the "Monte Bella Sales Office"; "to same person at Old Republic." [Complaint ¶¶18-21, 32, 34, 38-44, 52, respect.]

**Content – For all Plaintiffs:** Please see Complaint ¶¶32-44, 46, 47, 52 and 75.

For these reasons, Plaintiffs' request that the Court finds that the claims stand.

Lastly, since it has been already established in this motion that Defendant Old Republic owes a fiduciary duty and duty to act reasonably, Plaintiffs' state tort claims claim should survive Defendant's motion to dismiss.

**C. DEFENDANTS' MOTION UNDER RULE 12(E) AND TO STRIKE UNDER RULE 12(F) SHOULD BE DENIED SINCE ANY CONFUSION CAN BE STRAIGHTETENED OUT WITH A REASONABLE READING OF THE COMPLAINT.**

1. Granting Old Republic's Motion for More Definite Statement Will Not Increase its Ability To

13

1  Litigate as  Specific Allegations in the Complaint and the Loan Documents Are Already
   Sufficient.

2         "Motions for a more definite statement are viewed with disfavor and are rarely granted

3  because of the minimal pleading requirements of the Federal Rules." Bureerong v. Uvawas

4  (C.D.Cal. 1996), 922 F. Supp. 1450, 1461. "A motion for a more definite statement attacks

5  unintelligibility in a pleading, not simply mere lack of detail." Id. The Court goes further stating

6  that "a motion for a more definite statement should not be granted unless the defendant literally

7  cannot frame a responsive pleading. Id. [quoting Boxall v. Sequoia Union High School District

8  (N.D.Cal. 1979), 464 F. Supp. 1104, 1114].

9         Federal Rule of Civil Procedure 12(e) provides that a Rule 12(e)motion should only be

10 granted "when it is so vague and ambiguous that a party cannot reasonably be required to frame a

11 responsive pleading." This is because a motion for a more definite statement must be considered

12 "in light of the liberal pleading standards" as a Complaint need only be a "short and plain

13 statement of the claim showing that the pleader is entitled to relief." Bureerong v. Uvawas

14 (C.D.Cal. 1996), 922 F. Supp. 1450, 1461 [quoting Sagan v. Apple Computer, Inc. (C.D.Cal.

15 1994), 874 F. Supp. 1072, 1077.]

16        Old Republic's core rationale for its motion for a more definite statement is that all of the

17 discrimination allegations made in Plaintiffs' first claim cannot be incorporated by reference into

18 Plaintiffs' State Unruh and FEHA Claims. In the instant matter, Plaintiffs have taken great care in

19 attempting to provide a short and plain statement that does included redundant lists of allegations

20 that reasonably apply to various claims they are now asserting while in this process, ensuring that

21 any unique elements required the individual statutes ware respected.

22        Plaintiffs should likewise prevail in its fraudulent claims against because Old Republic

23 cannot reasonably argue that it does not have notice when Plaintiffs provide specific details on

24 how at the respective closing dates the same person at Old Republic failed to make certain specific

25 disclosures and failed in its legal obligations with each of the Plaintiffs. [Complaint ¶¶46-52].

26        Accordingly, the motion for definite statement should be denied since Old Republic has

27 sufficient notice as to proceed with litigating this matter.

28
                                          14

1

**D. IN THE ALTERNATIVE, PLAINTIFFS REQUEST LEAVE TO AMEND**

2

   To the extent that the Court finds it necessary for Plaintiffs to amend its complaint, the

3

Plaintiffs ask for leave to amend in order to cure any such deficiencies. Lopez v. Smith (9th Cir.

4

2000), 203 F.3d 1122, 1130.

5

6

                                    **V.**

7

                              **CONCLUSION**

8

   For these reasons, Plaintiffs request that the Court deny Old Republic's motion to dismiss

9

and motion for a more a definite statement of facts.

10

11

Dated: February 21, 2008          PATANE • GUMBERG, LLP

12

13

14                        By: _____
                              SERGIO H. PARRA
15                            NINA M. PATANE
                              Attorneys for Plaintiffs
16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA -- COUNTY OF MONTEREY

3

I declare that I am employed in the County of Monterey, State of California.  I am

4

over the age of eighteen years and not a party to the within cause; my business address is Patane ·

5

Gumberg, LLP, 4 Rossi Circle, Suite 231, Salinas, California 93907.

6

On March 1, 2008, I served the foregoing document(s) described as:

7

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS AND IN THE ALTERNATIVE, MOTION TO STRIKE;
DECLARATION OF SERGIO PARRA IN OPPOSITION OF DEFENDANT OLD
REPUBLIC'S MOTION TO DISMISS OR ALTERNATIVELY, IN SUPPORT OF
MOTION TO STRIKE; PLATNIFFS' REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF PLAINTIFFS' MOTION IN OPPOSITION TO OLD REPUBLIC'S
MOTION TO DISMISS;**

8

9

10

( )   BY E-FILE - By transmitting via efiling the document(s) listed above set forth
below on this date from 4 Rossi Circle, Suite 231, Salinas, California 93907.

11

12

( )   BY MAIL - By placing the documents listed above in a sealed envelope, addressed
as set forth below.  I am readily familiar with the firm's practice for the collection
and processing of correspondence.  Under that practice it would be deposited with
U.S. POSTAL SERVICE on that same day with postage thereon fully prepaid at
Salinas, California, in the ordinary course of business.  I am aware that on motion
of the party served, service is presumed invalid if postal cancellation date or
postage meter date is more than one day after date of deposit for mailing in
affidavit.

13

14

15

16

17

( )   BY PERSONAL SERVICE - By personally delivering the document(s) listed above
to the person(s) or other proper person(s) at the address(es) set forth below.

18

19

**SEE E-FILING LIST ATTACHED**

20

21

I declare under penalty of perjury under the laws of the State of California that the

22

foregoing is true and correct.

23

Executed on March 1, 2008, at Salinas, California.

24

25

26

PAM KIMBALL

27

28

1

Elizabeth C. Gianola, Esq.
Horan, Lloyd Law Offices
499 Van Buren Street
Monterey, CA, 93940

Mark D. Peterson, Esq.
Frank J. Riebli, Esq.
Farella Braun-Martel, LLP
Russ Building-235 Montgomery St.
San Francisco, CA 94104

John S. Blackman, Esq.
Farbstein & Blackman, APC
411 Borel Avenue, Suite 425
San Mateo, CA 94402

Michael J Steiner
Severson & Werson
One Embarcadero Center, Suite 2600
San Francisco, CA  94111

Michael Smith
Manning & Marder, Kass, Ellrod, Ramirez LLP
One California Street Suite 1100
San Francisco, CA  94111

Countrywide Homes Loans, Inc.
Sandy Shatz, Esq.
SVP, Asst. General Counsel
5220 Las Virgenes Rd. Mail Stop AC-11
Calabasas, CA 91302

Steyer, Lowenthal, Boodrookas,
Alvarez & Smith, LLP
Carlos Alvarez, Esq.
One California Street, Third Floor
San Francisco, CA 94111

Nicolas Dauiso, Esq.
Robinson Tait, PS
616 First Ave., Suite 550
Seattle, WA 98104

Mark D. Peterson, Esq.
Frank J. Riebli, Esq.
Farella Braun-Martel, LLP

Russ Building-235 Montgomery St.
San Francisco, CA 94104

Mark D. Peterson, Esq.
Frank J. Riebli, Esq.
Farella Braun-Martel, LLP
Russ Building-235 Montgomery St.
San Francisco, CA 94104