Sanford Shatz          State Bar No. 127229
Attorney at Law
5220 Las Virgenes Road, MS: AC-11
Calabasas, California 91302
Telephone: (818) 871-6062
Fax: (818) 871-4669

Attorneys for Defendant Countrywide Home Loans, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRICE GONZALEZ AND JOSE URTIZ, JORGE AGUIRRE, ELEAZAR BECERRA AND ROCIO BECERRA, J. GUADALUPE CONTRERAS AND TERESA CONTRERAS, all individually and on behalf of the general public, <br><br> Plaintiff, <br><br> vs. <br><br> VCH SALINAS I LLC dba VALLEY COMMUNITY HOMES and as MONTE BELLA REALTY, NORM YOP INC. REALTORS dba MONTE BELLA REALTY, MONICA FARANDA dba as MONTE BELLA REALTY, UNIVERSAL MORTGAGE & SALES INC., IRA MORTGAGE & HOME SALES, INC., AMERICAN PACIFIC MORTGAGE CORP. dba as CREATIVE MORTGAGE, OLD REPUBLIC TITLE CO., COUNTRYWIDE FINANCIAL CORP. dba AMERICA'S WHOLESALE LENDER, NEW CENTURY MORTGAGE CORP., CAMERON FINANCIAL GROUP INC., WELLS FARGO BANK, and DOES 1 TO 100, inclusive, <br><br> Defendants. | Case No.: C07 05698 JW <br><br> Hon. James Ware <br> Courtroom 8, 4th Floor <br><br> File Date: November 8, 2007 <br> Trial Date: Not Assigned <br><br> [PROPOSED] ORDER GRANTING COUNTRYWIDE FINANCIAL CORPORATION'S AND COUNTRYWIDE HOME LOANS' MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT AND TO STRIKE <br><br> Date: March 24, 2008 <br> Time: 9:00 a.m. <br> Courtroom: 8 |

1   The motion to dismiss plaintiffs' first amended complaint for failure to state a claim or in the alternative for a more definite statement and motion to strike by moving parties defendants Countrywide Financial Corporation and Countrywide Home Loans, Inc. dba America's Wholesale Lender came on regularly for hearing before the Honorable James Ware, United States District Judge Presiding, at the date and time set forth above. Patane-Gumberg, LLP, by Sergio H. Parra, appeared on behalf of plaintiffs Beatrice Gonzalez, Jose Urtiz, Jorge Aguirre, and others. Sanford Shatz, attorney at law, appeared on behalf of defendants Countrywide Financial Corporation, and Countrywide Home Loans, Inc. Other appearances are reflected in the record.

After considering the moving papers, opposition papers, reply papers, and oral argument, the court finds as follows:

1.  Countrywide Financial Corporation's motion and Countrywide Home Loans, Inc.'s motion are well taken and should be granted.

2.  No facts are alleged about Countrywide Financial Corporation other than it is the alter ego of Countrywide Home Loans, Inc., and no facts are alleged to support that contention. Accordingly, Countrywide Financial Corporation is dismissed.

3.  The first cause of action for violation of the Fair Housing Act against Countrywide Financial Corporation and Countrywide Home Loans, Inc. fails to state a claim upon which relief can be granted because the plaintiffs fail to specify any term of the loans that were discriminatory, the complaint fails to specify the specific wrongs allegedly committed by any defendant and the complaint fails to state sufficient facts to state a claim.

4.  The second cause of action for violation of the Equal Credit Opportunity Act should be dismissed because the complaint merely alleges that Countrywide Home Loans made the plaintiffs a loan that they requested and fails to allege any specific term of the loan that is discriminatory, and the complaint fails to specify any specific loans allegedly committed by Countrywide Financial Corporation or Countrywide Home Loans, Inc.

5.  The third cause of action is not asserted against Countrywide Home Loans, Inc. or Countrywide Financial Corporation.

6. The fourth cause of action for violation of the Real Estate Settlement Procedures Act is dismissed because there is no private right of action against Countrywide Financial Corporation or Countrywide Home Loans, Inc. under the Real Estate Settlement Procedures Act, the plaintiffs fail to state a claim upon which relief can be granted, the claim is uncertain, Jorge Aguirre is not a proper plaintiff on this claim because neither Countrywide Financial Corporation nor Countrywide Home Loans, Inc. is alleged to have originated a loan to him, and the complaint fails to specify any wrongs allegedly committed by any defendant.

7. The fifth cause of action for violation of the Truth In Lending Act is dismissed because it is barred against Countrywide Home Loans, Inc. and Countrywide Financial Corporation by the one year statute of limitation, the complaint fails to plead sufficient facts to establish that either Countrywide Home Loans, Inc. or Countrywide Financial Corporation violated TILA, the cause of action is uncertain, and the complaint fails to specify the wrongs allegedly committed by either Countrywide Home Loans, Inc. or Countrywide Financial Corporation.

8. The sixth cause of action for violation of California Civil Code section 1632 is dismissed because Countrywide Home Loans, Inc. and Countrywide Financial Corporation had nothing to do with the signing of the loan documents at issue, the complaint is devoid of any facts pursuant to which Countrywide Home Loans and Countrywide Financial Corporation could be vicariously liable for the defendants who did originate the loan, and the complaint fails to specify any alleged wrongs committed by either Countrywide Home Loans, Inc. or Countrywide Financial Corporation.

9. The seventh cause of action for violation of the California UNRUH Civil Rights Act is dismissed because the claim against Countrywide Home Loans, Inc. and Countrywide Financial is barred by the statute of limitation, Countrywide Home Loans, Inc. made the requested loan, the compliant fails to specify any particular term of the loan which would be different but for any of the plaintiffs' ethnicity, and the complaint fails to specify the specific wrongs allegedly committed by either Countrywide Home Loans, Inc. or Countrywide Financial Corporation.

10. The eighth cause of action for violation of the Fair Employment and Housing Act is dismissed because Countrywide Home Loans, Inc. actually made the loans to plaintiffs that they requested, the complaint fails to allege any discriminatory terms, and the complaint fails to specify the specific wrongs allegedly committed by either Countrywide Home Loans, Inc., or Countrywide Financial Corporation.

11. The ninth cause of action for unfair competition is dismissed on the grounds that private causes of action for violation of California Civil Code section 17200 have been severely circumscribed by the initiative passed in November 2004 and the claim does not apply here, neither Countrywide Home Loans, Inc. nor Countrywide Financial Corporation are alleged to have engaged in any unfair act with regard to any of the plaintiffs other than making the loans or acquiring the loans that the plaintiffs requested and received, the plaintiffs are not entitled to recovery of any damages, punitive or otherwise, the complaint fails to state a claim upon which relief can be granted against either Countrywide Home Loans, Inc. or Countrywide Financial, and the complaint fails to specify the wrongs allegedly committed by either Countrywide Home Loans, Inc. or Countrywide Financial Corporation.

12. The tenth cause of action for intentional misrepresentation is dismissed because the complaint fails to plead fraud with particularity against either Countrywide Home Loans, Inc. or Countrywide Financial Corporation. The plaintiffs do not allege any facts to establish any representations made by either Countrywide Home Loans, Inc. or Countrywide Financial Corporation that either defendant knew to be false, the complaint does not allege any facts to show that any of the plaintiffs reasonably relied on either Countrywide Home Loans, Inc.'s or Countrywide Financial Corporation's false representations, plaintiffs' reliance on the allegedly false representations did not cause any of the plaintiffs damage, the plaintiffs have not alleged the identity of any person who spoke on behalf of either Countrywide Home Loans, Inc. or Countrywide Financial Corporation, the cause of action is uncertain, and the complaint fails to specify the specific wrongs allegedly committed by either Countrywide Home Loans, Inc. or Countrywide Financial Corporation.

13. The eleventh cause of action for negligent misrepresentation is dismissed because

the complaint fails to plead fraud with particularity against either Countrywide Home Loans, Inc. or Countrywide Financial Corporation. The plaintiffs do not allege any facts to establish any representations made by either Countrywide Home Loans, Inc. or Countrywide Financial Corporation that either defendant knew to be false, the complaint does not allege any facts to show that any of the plaintiffs reasonably relied on either Countrywide Home Loans, Inc.'s or Countrywide Financial Corporation's false representations, plaintiffs' reliance on the allegedly false representations did not cause any of the plaintiffs damage, the plaintiffs have not alleged the identity of any person who spoke on behalf of either Countrywide Home Loans, Inc. or Countrywide Financial Corporation, the cause of action is uncertain, and the complaint fails to specify the specific wrongs allegedly committed by either Countrywide Home Loans, Inc. or Countrywide Financial Corporation.

14. The twelfth cause of action for concealment is dismissed because the complaint fails to plead fraud with particularity against either Countrywide Home Loans, Inc. or Countrywide Financial Corporation. The plaintiffs do not allege any facts to establish any representations made by either Countrywide Home Loans, Inc. or Countrywide Financial Corporation that either defendant knew to be false, the complaint does not allege any facts to show that any of the plaintiffs reasonably relied on either Countrywide Home Loans, Inc.'s or Countrywide Financial Corporation's false representations, plaintiffs' reliance on the allegedly false representations did not cause any of the plaintiffs damage, the plaintiffs have not alleged the identity of any person who spoke on behalf of either Countrywide Home Loans, Inc. or Countrywide Financial Corporation, the cause of action is uncertain, and the complaint fails to specify the specific wrongs allegedly committed by either Countrywide Home Loans, Inc. or Countrywide Financial Corporation.

15. The thirteenth cause of action for breach of fiduciary trust is dismissed because none of the plaintiffs allege any facts to establish any duty owed to them by either Countrywide Home Loans, Inc. or Countrywide Financial Corporation, the complaint does not allege any facts to show that Countrywide Home Loans, Inc. or Countrywide Financial Corporation breached any duty that may have been owed to any of the plaintiffs, the complaint does not allege any facts to

establish that Countrywide Home Loans, Inc. or Countrywide Financial Corporation breached any duties owed to plaintiffs that caused damage, the plaintiffs do not allege any facts to show that they were damaged by any act or omission of Countrywide Home Loans, Inc. or Countrywide Financial Corporation, none of the plaintiffs are entitled to tort damages for a contract cause of action, and the complaint fails to specify the wrongs allegedly committed by either Countrywide Home Loans, Inc. or Countrywide Financial Corporation.

16. The fifteenth cause of action for negligence is dismissed because none of the plaintiffs allege any facts to establish any duty owed to them by either Countrywide Home Loans, Inc. or Countrywide Financial Corporation, the complaint does not allege any facts to show that Countrywide Home Loans, Inc. or Countrywide Financial Corporation breached any duty that may have been owed to any of the plaintiffs, the complaint does not allege any facts to establish that Countrywide Home Loans, Inc. or Countrywide Financial Corporation breached any duties owed to plaintiffs that caused damage, the plaintiffs do not allege any facts to show that they were damaged by any act or omission of Countrywide Home Loans, Inc. or Countrywide Financial Corporation, none of the plaintiffs are entitled to tort damages for a contract cause of action, and the complaint fails to specify the wrongs allegedly committed by either Countrywide Home Loans, Inc. or Countrywide Financial Corporation.

17. Eleazar Becerra, Rico Becerra, J. Guadalupe Contreras, and Teresa Contreras' purported claims, if any, against Countrywide Financial Corporation or Countrywide Home Loans, Inc. are dismissed in their entirety because these plaintiffs do not assert any claims against Countrywide Home Loans, Inc. or Countrywide Financial Corporation, and they do not assert any relationship with Countrywide Home Loans, Inc. or Countrywide Financial Corporation, and they do not assert that either Countrywide Home Loans, Inc. or Countrywide Financial Corporation did anything to them.

18. Plaintiffs' current complaint is unintelligible, vague and ambiguous, and neither Countrywide Home Loans, Inc. nor Countrywide Financial Corporation can reasonably be required to frame a responsive pleading in that the plaintiffs fail to specify the identity of Countrywide Home Loans, Inc. and Countrywide Financial Corporation, their relationship with

any defendant, any defendant's purported activities, either defendant's purported relationship with any of the other named defendants, or any activity purportedly undertaken by Countrywide Home Loans, Inc. or Countrywide Financial Corporation that may have had any effect on any of the plaintiffs.

THEREFORE, IT IS ORDERED THAT:

1. The motion to dismiss based on Plaintiffs' failure to state a claim is granted in its entirety with/without leave to amend.

2. The motion for a more definite statement of their claims against Countrywide Home Loans, Inc. and Countrywide Financial Corporation is granted in its entirety with/without leave to amend.

3. Plaintiffs shall have ___ days leave to file and serve a second amended complaint.

DATED: February ___, 2008

HONORABLE JAMES WARE
UNITED STATES DISTRICT JUDGE

**PROOF OF SERVICE**
(C.C.P. section 1013a(3))

STATE OF CALIFORNIA    )
                      ) SS.
COUNTY OF LOS ANGELES  )

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 5220 Las Virgenes Road, MS: AC-11, Calabasas, California 91302.

On February 25, 2008, I served [PROPOSED] ORDER GRANTING COUNTRYWIDE'S MOTION TO DISMISS on all interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

See attached Mailing List

[X]    **(BY MAIL)** On February 25, 2008, I placed said envelopes for collection and mailing, following ordinary business practices, at the business offices of Countrywide Home Loans, Inc., at the address set forth above, for deposit in the United States Postal Service. I am readily familiar with the practice of Countrywide Home Loans, Inc. for collection and processing of correspondence for mailing with the United States Postal Service, and said envelopes will be deposited with the United States Postal Service on said date in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **(BY OVERNIGHT DELIVERY)** On February ___, 2008, I placed said envelopes for collection and mailing, following ordinary business practices, at the business offices of Countrywide Home Loans, Inc., at the address set forth above, for deposit with Federal Express with delivery fees provided. I am readily familiar with the practice of Countrywide Home Loans, Inc. for collection and processing of correspondence for mailing with Federal Express, and said envelopes will be deposited with Federal Express on said date in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **(BY HAND DELIVERY)**

[ ]    **(BY FACSIMILE)** On February ___, 2008, by use of facsimile machine number 818-871-4669, I served a copy of the within document(s) on the above interested parties at the facsimile numbers as indicated. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct. Executed on February 25, 2008, at Calabasas, California.

_____
Desiree Rais

<u>MAILING LIST</u>

Sergio H. Parra
Nina Michele Patane
Patane Gumberg, LLP
4 Rossi Circle, Suite 231
Salinas, CA 93907

Frank J. Riebli
Mark Dean Peterson
Farella Braun & Martel
235 Montgomery Street
Russ Building
San Francisco, CA 94104

Elizabeth Catherine Gianola
Horan Lloyd Law Offices
499 Van Buren Street
Monterey, CA 93940

Roger Dean Wintle
The Heritage Law Group
99 Almaden Blvd. Suite 710
San Jose, CA 95113

Charles William Nugent
American Pacific Mortgage
3000 Lava Ridge Court, Suite 200
Roseville, CA 95661

Edward Egan Smith
Steyer Lowenthal Boodrookas Alvarez
One California Street, Third Floor
San Francisco, CA 94111

Joshua Eric Whitehair
Michael Jan Steiner
Severson & Werson
One Embarcadero Center, 26th Floor
San Francisco, CA 94111