Sanford Shatz        State Bar No. 127229
Sandy_Shatz@Countrywide.com
5220 Las Virgenes Road, MS: AC-11
Calabasas, California 91302
Telephone: (818) 871-6062
Fax: (818) 871-4669

Attorneys for Defendant Countrywide Home Loans, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRICE GONZALEZ AND JOSE URTIZ, JORGE AGUIRRE, ELEAZAR BECERRA AND ROCIO BECERRA, J. GUADALUPE CONTRERAS AND TERESA CONTRERAS, all individually and on behalf of the general public, <br><br> Plaintiff, <br><br> vs. <br><br> VCH SALINAS I LLC dba VALLEY COMMUNITY HOMES and as MONTE BELLA REALTY, NORM YOP INC. REALTORS dba MONTE BELLA REALTY, MONICA FARANDA dba as MONTE BELLA REALTY, UNIVERSAL MORTGAGE & SALES INC., IRA MORTGAGE & HOME SALES, INC., AMERICAN PACIFIC MORTGAGE CORP. dba as CREATIVE MORTGAGE, OLD REPUBLIC TITLE CO., COUNTRYWIDE FINANCIAL CORP. dba AMERICA'S WHOLESALE LENDER, NEW CENTURY MORTGAGE CORP., CAMERON FINANCIAL GROUP INC., WELLS FARGO BANK, and DOES 1 TO 100, inclusive, <br><br> Defendants. | Case No.: C07 05698 JW <br><br> Hon. James Ware <br> Courtroom 8, 4th Floor <br><br> File Date: November 8, 2007 <br> Trial Date: Not Assigned <br><br> REPLY MEMORANDUM OF POINTS AND AUTHORITIES BY COUNTRYWIDE HOME LOANS AND COUNTRYWIDE FINANCIAL CORPORATION IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; DECLARATION OF SANFORD SHATZ <br><br> Date: March 24, 2008 <br> Time: 9:00 a.m. <br> Courtroom: 8 |

s:\ss\lc\Gonzalez-Urtiz\mtn-dis-rep                     – 1 –

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

I.     <u>INTRODUCTION</u>.

Plaintiffs, who bought their properties at the height of the real estate market, filed this action seeking to recover their alleged losses against the developer-sellers, real estate brokers, escrow company, and lenders. Plaintiffs' opposition makes three points clear. First, plaintiffs Beatrice Gonzalez and Jose Urtiz ("Gonzalez-Urtiz") and Jorge Aguirre ("Aguirre") (collectively "Plaintiffs") cannot state a claim against either defendant Countrywide Financial Corporation ("CFC") or defendant Countrywide Home Loans, Inc. ("CHL"). Plaintiffs allege no connection of any type with CFC and allege that it is nothing more than the parent holding company for CHL. Plaintiffs sole connection with CHL is that it originated and services the loans made to Gonzalez-Urtiz and it services one loan made to Aguirre. These facts are insufficient to state a claim. Second, Plaintiffs hide their inability to state a claim by "lumping" each defendant with the other defendants and then refusing to differentiate how each plaintiff was treated by defendant. While a particular defendant may have done a particular fact to a particular defendant, the complaint does not differentiate the how the seven plaintiffs were treated by the seven lenders or brokers. Third, Plaintiffs overreach by exaggerating the claims or misstating the law in a desperate effort to "recover" something. Plaintiffs may have been wronged, but their alleged claims cannot be deciphered in their first amended complaint.

The court should grant the motion to dismiss or for a more definite statement. There is no basis to any claims against CFC. As plaintiffs acknowledge, CFC is a holding company and the parent of CHL. Plaintiffs do not allege any other connection between CFC and themselves other than that one of CFC's subsidiaries happens to service their mortgage loans. This contention is insufficient to state any claim against a properly constituted corporation.

The court should dismiss CHL from the lawsuit based on any allegation that its "agents" acted improperly. California law is contrary to plaintiffs' contentions – a loan broker zealously represents the borrower in securing a good loan, the broker's duties are independent of those of the lender, and breach of the broker's duties are not chargeable to a lender.

Finally, each of plaintiffs' purported claims lack merit, are not properly alleged, or are

REPLY MEMORANDUM OF POINTS AND AUTHORITIES BY COUNTRYWIDE HOME LOANS AND COUNTRYWIDE FINANCIAL CORPORATION IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1   barred as a matter of law.  Not only do plaintiffs fail to state any claim, but many of the claims

2   cannot be stated even with amendment.  As such, CFC and CHL urge the court to dismiss this

3   matter in its entirety.

4

5   II.     SUMMARY OF FACTS ABOUT CHL AND CFC.

6          The complaint asserts very few facts against CFC or CHL.  Those facts are as follows:

7          CHL is a New York corporation doing business as America's Wholesale Lender.  FAC ¶

8   23.  Without alleging any facts of any type, plaintiffs assert that CFC "is the alter ago, successor,

9   trustee, financer and/or sponsor of" CHL.  FAC ¶ 23.  Defendant Universal Mortgage & Sales,

10  Inc. ("Universal") is a loan broker.  FAC ¶ 22.  Universal placed Gonzalez-Urtiz in two

11  Countrywide loans.  FAC ¶ 48.  Plaintiffs thought Countrywide would be a good lender because

12  it was recommended by other defendants.  FAC ¶ 48.

13         Defendant American Pacific Mortgage Corp. dba Creative Mortgage, is a loan broker.

14  FAC ¶¶ 24, 51.  Defendant New Century Mortgage Company ("New Century") is a California

15  corporation.  Creative placed Aguirre in two New Century loans, the second of which was sold to

16  CHL.  FAC ¶ 25.

17         No other allegations are asserted against CHL or CFC.  No other allegations are asserted

18  against "Countrywide" unless Countrywide is lumped in with at least one other and as many as

19  seven other defendants.

20

21  III.    CFC AND CHL ARE INDEPENDENT COMPANIES AND HAVE THEIR OWN

22          RIGHTS AND RESPONSIBILITIES.

23         The undisputed facts establish that CHL and CFC are separate corporations, with

24  independent existences and responsibilities.

25         In their moving papers, CHL establishes that it is a New York corporation licensed to do

26  business in California.  Request for judicial notice by Countrywide Home Loans and

27  Countrywide Financial Corporation ("CRJN") Ex. "D."  CHL also established that it does

28  business in Monterey County as America's Wholesale Lender.  CRJN, Ex. "F."  Plaintiffs do not

REPLY MEMORANDUM OF POINTS AND AUTHORITIES BY COUNTRYWIDE HOME LOANS AND
COUNTRYWIDE FINANCIAL CORPORATION IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1  dispute these facts.

2      CHL also established in its moving papers that it originated a first and second position

3  loan to Gonzalez-Urtiz, CRJN, Exs. "A," "B," and services a second position loan to Aguirre.

4  CRJN, Ex. "C." Plaintiffs agree.

5      CFC is a Delaware corporation licensed to do business in California. CRJN, Ex. "E."

6  Plaintiffs agree. They submit CFC's form 10K which states that CFC is a Delaware corporation.

7  Plaintiffs' Request For Judicial Notice ("PRJN"), Ex. "C." CFC's Form 10K acknowledges that

8  CFC is a holding company.[1]

9      Plaintiffs also establish that America's Wholesale Lender, the dba for CHL, is a division

10 of Countrywide Bank FSB, a nationally chartered federal savings bank. See PRJN, Ex. "B."

11 Plaintiffs also argue that CFC is a publicly traded company. PRJN, Ex. "A."

12     Plaintiffs offer no facts of any type to dispute the contention that CHL and CFC are

13 separate, licensed, corporations. Plaintiffs offer no fact or law to show that corporations cannot

14 be parents and subsidiaries of each other, and that each separate corporation maintains its own

15 legal risk and liability.

16     In the present case, CFC has no involvement with any of the parties to this litigation, no

17 involvement with any of the loans originated or serviced in this litigation, no connection with the

18 plaintiffs in any way, shape or form, and no connection with any of the other defendants, other

19 than its wholly owned subsidiary, CHL. As a separate corporation, CFC is not liable for any of

20 the acts of its subsidiary, CHL. Because there are no facts of any type alleged to show that CFC

21 should be involved in this litigation, it should be dismissed.

22     CHL is merely alleged to exist. No facts are specifically alleged about CHL. CHL

23 showed that it originated two loans to Gonzalez-Urtiz, CRJN, Exs. "A" & "B," and that it

24 services the Aguirre second, CRJN, Ex. "L." Because no other facts of any type are alleged to

25 show that CHL should be involved in this litigation, it should be dismissed.

26 _____

27 [1]   On one occasion plaintiffs derisively refer to CFC as a shell corporation, while other times
   refer to it as a holding company. Plaintiffs offer no facts to deny that CFC is a Delaware

28 corporation and the parent company of CHL, a separate New York corporation.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES BY COUNTRYWIDE HOME LOANS AND
COUNTRYWIDE FINANCIAL CORPORATION IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1    In a deceptive effort to state a claim, the plaintiffs use the "mud" theory of pleading – toss

2  mud on a wall to see what sticks.  They lump all of the defendants together, as if collectively

3  "defendants" were the same entity, and claim that the lumped-together defendants all did the

4  same nefarious act to each plaintiff.  For example, in the alleged misrepresentation claims,

5  plaintiffs as a group allege that "UNIVERSAL, IRA, CREATIVE, COUNTRYWIDE, NEW

6  CENTURY, CAMERON and WELLS" took certain specific actions.  FAC ¶¶ 126, 129, 143,

7  146.  See also FAC ¶ 96.  For other claims, plaintiffs strung together these same defendants, but

8  added the weight of Old Republic.  "UNIVERSAL, IRA, CREATIVE, OLD REPUBLIC,

9  COUNTRYWIDE, NEW CENTURY, CAMERON and WELLS" took certain actions.  FAC ¶¶

10  64, 70, 107, 111.  Plaintiffs also allege that UNIVERSAL, IRA, CREATIVE, COUNTRYWIDE,

11  CAMERON and NEW CENTURY" took certain actions, FAC ¶ 90.  At no point do plaintiffs

12  specify any particular actions.  Plaintiffs made claims against lenders "COUNTRYWIDE,

13  CAMERON, NEW CENTURY and WELLS" or "COUNTRYWIDE, NEW CENTURY,

14  CAMERON and WELLS" without specifying who did what.  FAC ¶¶ 64, 94, 95, 95, 96, 96, 107,

15  111, 120, 121, 126, 130, 143, 152, 158.  When plaintiffs dropped Wells, they still lumped

16  COUNTRYWIDE, CAMERON and NEW CENTURY."  FAC ¶¶ 88, 88, 88, 103, 130, 147.

17  Plaintiffs also lump Countrywide (both CFC and CHL) with HomeQ, FAC ¶¶ 89, 96, 103, 159,

18  so claim that these defendants are "liable to the extent that they acquired, conspired to acquire

19  and/or service AGUIRRE's loans . . ."

20    As argued in Wells Fargo's reply brief, the Supreme Court in <u>Bell Atlantic Company v.</u>

21  <u>Twombly</u>, ___ U.S. ___, 127 S. Ct. 1955 (2007) requires a plaintiff to allege "enough facts to

22  state a claim to relief that is plausible on its face."  <u>Id</u> at 1974.  The plaintiff's obligation to

23  provide the "grounds" of his "entitle[ment] to relief" [which] requires more than labels and

24  conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Id</u>. at

25  1964-65, citations omitted.  A complaint cannot "leave open the possibility that a plaintiff might

26  later establish some 'set up undisposed facts' to support recover."  <u>Id</u>. at 1968, citations omitted.

27  A motion to dismiss under rule 12(b)(6) should be granted where the plaintiffs have failed to

28  move "their claims across the line from conceivable to plausible."  <u>Id</u>.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES BY COUNTRYWIDE HOME LOANS AND
COUNTRYWIDE FINANCIAL CORPORATION IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1    In the present case, while seven plaintiffs assert the same mass allegations against various

2    combinations of the defendants, they never specify which plaintiff is asserting a claim against

3    CFC, or CHL, or any other defendant.  Plaintiffs claims are too muddy and too mixed to permit

4    CFC or CHL to prepare a meaningful response.  CFC and CHL respectfully as the court to direct

5    plaintiffs to segregate out their claims and specify how each defendant wronged each of them.

6    Plaintiffs incorrectly seek to assert liability against CFC, a holding company, without

7    alleging any facts of any type.  This claim is improper.  To establish a claim for alter ego,

8    plaintiffs must "allege specifically both of the elements of alter ego liability, as well as facts

9    supporting each." Brennan v. Concord EFS, Inc., 369 F. Supp. 2d 1127, 1136.  They do not.  In

10   addition, their lumping claims fail.  While the civil rules require a short and plain statement of

11   the claim showing that the pleader is entitled to relief, the pleading must give fair notice of the

12   claim asserted and the grounds on which it rests.  Id.  A complaint that lumps claims by seven

13   plaintiffs against at least seven defendants "fails to five fair notice of the claim to those

14   defendants." Id.  A more definite statement is required.

15

16   IV.   CFC AND CHL DO NOT HAVE AGENTS IN THIS TRANSACTION, AND THE

17         BROKERS REPRESENT THEIR BORROWERS.

18   California law is clear that a mortgage broker is the borrower's agent, and the fiduciary

19   duty on the part of the mortgage broker is **non-delegable**.  In California, a "mortgage loan broker

20   is customarily retained by a borrower to act as the *borrower's agent* in negotiating an acceptable

21   loan." Wyatt v. Union Mortgage Comp., 24 Cal. 3d 773, 782 (1979) (emphasis in original).  A

22   mortgage broker owes a fiduciary duty of the "highest good faith toward his principal" and is

23   "charged with the duty of fullest disclosure of all material facts concerning the transaction that

24   might affect the principal's decision." Id.  The loan broker has a duty to explain all the terms of

25   the loan to the borrower and advise the borrower of the risks of the transaction.  Miller and Starr,

26   CALIFORNIA REAL ESTATE (3d ed. 2007), § 4:32; see also Cal. Bus. & Prof. Code §§ 10131,

27   10240-10241.  The broker may be liable for the borrower's damages if the broker makes

28   materially misleading or incomplete representations regarding the terms of the loan, such as the

REPLY MEMORANDUM OF POINTS AND AUTHORITIES BY COUNTRYWIDE HOME LOANS AND
COUNTRYWIDE FINANCIAL CORPORATION IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1   rate of interest, late payments, and the amount of the balloon payment, or fails to advise the

2   principal of material risks or disadvantages of the loan terms.  Wyatt, 24 Cal. 3d at 782-83;

3   UMET Trust v. Santa Monica Med. Inv. Co., 140 Cal. App. 3d 57, 65 (1985).

4           This fiduciary duty on the part of the mortgage broker is ***non-delegable***:

5                   The principle is well established a fiduciary cannot delegate

6                   fiduciary duties to another in an effort to avoid their strictures or to

7                   avoid responsibility for the manner in which they are undertaken.

8                   To hold otherwise would allow mortgage loan brokers to evade

9                   their responsibilities by simply allocating them among numerous

10                  unlicensed independent contractors.  This would subvert the real

11                  estate law's purpose to upgrade the standards of the real estate

12                  profession, which includes mortgage loan brokers, and to provide

13                  protection to the consuming public.

14  Barry v. Raskov, 232 Cal. App. 3d 447, 455 (1991).  Thus, CHL owed no duty to protect

15  Plaintiffs from their brokers failing to uphold any fiduciary duties.  The "general rule" that "a

16  financial institution owes no duty of care to a borrower when the institution's involvement in the

17  loan transaction does not exceed the scope of its conventional role as a mere lender of money."

18  Nymark v. Heart Fed. Savings & Loan Assoc., 231 Cal. App. 3d 1089 (1991).

19          In Plata v. Long Beach Mortgage Co., a predatory lending case involving a non-English

20  speaking plaintiff, the court stated that, "in general, there is no duty of care owed to a borrower

21  by a lender" unless "the lender actively participates in the financed enterprise beyond the domain

22  of the usual money lender."  2005 WL 3417375 (N.D. Cal. Dec. 13, 2005) (citing Nymark v.

23  Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1095 (1991)).  The court held that mere

24  allegations that "a 'reasonably prudent' lender would not have originated the loans" or that the

25  lender "'acted negligently in failing to properly consider, investigate, evaluate or audit'"

26  plaintiff's "'loan application and/or ability to repay loans'" were insufficient to give rise to a

27  claim of negligence against the lender.  Plata, 2005 WL 3417375, *6.  Thus, the court granted

28  defendant-lender's motion to dismiss the negligence claim as to the lender's direct liability.  Id.

1    Similarly, in <u>Ruiz v. Decision One Mortgage Co., LLC</u>, the court upheld the general rule

2 that "in California, generally, there is no duty of care owed to a borrower by a lender." 2006 WL

3 2067072, (N.D. Cal. July 25, 2006) (citing <u>Nymark v. Heart Fed. Sav. & Loan Ass'n</u>, 231 Cal.

4 App. 3d 1089, 1095 (1991)). The court concluded that "plaintiffs have not alleged that Decision

5 One owed them a duty establishing direct liability," and granted defendant's motion to dismiss

6 the negligence claim as it related to direct liability by the lender. <u>Id.</u> at *3.

7    In the present case, the complaint seeks to impose liability on CHL and CFC due to the

8 acts of their "agents." Presumably those "agents" are the mortgage brokers, Universal and

9 Creative, and the prior lender, New Century. However, as California law makes clear, mortgage

10 brokers represent the borrowers, Gonzalez, Urtiz and Aguirre, and do not represent the lender.

11 Any actions undertaken by the mortgage brokers, or their failure to act, is chargeable to them,

12 and neither CFC nor CHL is liable for the breaches. There is no agency relationship as a matter

13 of law, and any claims based on an agency relationship should be dismissed.

14

15 V.    <u>THE COURT SHOULD GRANT THE MOTION TO DISMISS IN ITS ENTIRETY, OR</u>

16        <u>ORDER A MORE DEFINITE STATEMENT.</u>

17     A.    <u>Plaintiffs Do Not State A Claim For Violation Of The Fair Housing Act</u>.

18     Plaintiffs attempt to assert a FHA violation arising out of discrimination "in its provision

19 of its services and products." FAC ¶ 64. CFC and CHL argued that plaintiffs failed to show how

20 either defendant violated this act. The motion argued that the complaint did nothing more than

21 allege that plaintiffs bought at the height of the market. CFC made no loans. CHL, dba

22 America's Wholesale Lender, made loans to Gonzalez-Urtiz. CRJN, Ex. "A" & "B." Plaintiffs

23 do not allege how CFC or CHL wronged Gonzalez, or Urtiz, or Aguirre, as compared with how

24 "defendants" wronged "plaintiffs." No facts are alleged. No claim is set forth.

25     Even if Gonzalez or Urtiz can state a claim, Aguirre cannot state a claim against CFC or

26 CHL, because his loans were not originated by CFC or CHL.

27     This claim should be dismissed.

28

REPLY MEMORANDUM OF POINTS AND AUTHORITIES BY COUNTRYWIDE HOME LOANS AND
COUNTRYWIDE FINANCIAL CORPORATION IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1        B.     <u>Plaintiffs Do Not State A Claim For Violation Of Equal Credit Opportunity Act</u>.

2        Plaintiffs' ECOA claim is even less well pled.  There, plaintiffs claim that "Defendants

3   discriminated against each of its respective Plaintiffs . . . in the terms and conditions [of] the

4   mortgage loan contracts." FAC ¶ 71.  CFC and CHL again argued that plaintiffs failed to show

5   how either defendant violated this act - the complaint did nothing more than allege that plaintiffs

6   bought at the height of the market.  CFC made no loans.  CHL, dba America's Wholesale

7   Lender, made loans to Gonzalez-Urtiz.  CRJN, Ex. "A" & "B."  Neither made loans to Aguirre.

8   Plaintiffs do not allege how CFC or CHL wronged Gonzalez, or Urtiz, or Aguirre, as compared

9   with how "defendants" wronged "plaintiffs."  Even if Gonzalez or Urtiz can state a claim,

10  Aguirre cannot against CFC or CHL, because his loans were not originated by CFC or CHL.

11       No facts are alleged.  No claim is set forth.  This claim should be dismissed.

12       C.     <u>Plaintiffs Do Not State A Claim For Violation Of The Real Estate Settlement</u>

13                <u>Procedure Act</u>.

14       Plaintiffs RESPA claim is limited and poorly plead.  Gonzalez-Urtiz allege that Universal

15  received a yield spread premium.  FAC ¶ 84.  Aguirre makes no such claim.  Plaintiffs also claim

16  that the brokers (but not CHL or CFC) received excessive fees.  FAC ¶ 86.  As shown above, the

17  brokers are not agents for CFC or CHL.  The fees paid to the brokers are set forth in the

18  complaint.  The fees paid to CHL ($725 by Gonzalez-Urtiz and $0 by Aguirre) are not, and are

19  apparently not at issue.  The motion argued that these charges were not unlawful or actionable.

20  Plaintiffs agree.  ("While it is correct that the YSP and other commissions are not illegal per se . .

21  .")  Opp. Mem. 10:18.  Plaintiffs' complaint seeks to pin liability based on the lender's

22  supervisory duties, but brokers and borrowers are free to negotiate compensation.  Instead, in

23  their opposition, plaintiffs make <u>new</u> arguments, which are not found in the complaint.  The

24  motion should be granted, and plaintiffs directed to amend to state a claim specifically against

25  CHL and CFC by Gonzalez-Urtiz on the one hand, and Aguirre, on the other.

26       D.     <u>Plaintiffs Do Not State A Claim For Violation Of The Truth In Lending Act</u>.

27       Plaintiffs complaint asserts that the lenders failed to provide material disclosure to

28  plaintiffs.  FAC ¶¶ 95, 96.  The affected disclosures are not identified.  The complaint also

1  alleges that the lenders charged unreasonable fees. The motion first argued that the damages

2  claim is time-barred. 15 U.S.C. § 1640(e). Plaintiffs respond with equitable tolling even though

3  they received the loans and bought the property more than one year before they sued. The

4  specific equitable tolling argument, under <u>King v. California</u>, 784 F.2d 910 (9th Cir. 1986), is that

5  "defendants" employed a foreign-language switch and bait technique, that prevented meaningful

6  disclosure. In <u>King</u>, the court upheld equitable tolling when the plaintiffs were not provide with

7  the name of the actual lender, as required by the then-existing language in the statute, until after

8  their loan closed, and they filed the damages lawsuit immediately thereafter. In our case,

9  plaintiffs apparently allege that they were provided with the English language disclosures, and

10  just did not bother to translate them until long after the statute of limitations had run. Plaintiffs

11  do not allege that CFC or CHL prevented them from seeking help sooner, merely that they did

12  not seek help until they contacted an attorney. Even if the delay is somehow attributable to CFC

13  or CHL, the Truth In Lending Act does not require presentation of any disclosures in any

14  language other than English. Hence a foreign language disclosure is not "material" under TILA,

15  and the statute of limitations has expired. If one could wait for a statute of limitations to begin to

16  run until one contacts an attorney, then the statutes of limitation have no meaning.

17     If the statute on the claim has not run, plaintiffs do not allege, without lumping, which

18  lender failed to provide which material disclosures to which borrower. CFC did not provide any

19  disclosures, because it is not alleged to have made any loans. CHL, dba America's Wholesale

20  Lender, made two loans to Gonzalez-Urtiz, but they do not allege the identity of the missing

21  disclosures. Aguirre cannot allege that CFC or CHL did not make disclosures, because Aguirre

22  alleges that CFC and CHL did not make him loans, New Century made the loans. FAC ¶ 51. At

23  the very least, the claims against CFC should be dismissed without leave to amend, Aguirre's

24  alleged claims against CHL should be dismissed without leave to amend, and Gonzalez-Urtiz

25  should be given leave to allege the identity of the missing disclosures.

26     Plaintiffs overreaching is further evident in that plaintiffs seek to rescind the purchase

27  money loans. FAC ¶ 98. A purchase money loan, 15 U.S.C. § 1602(w), is not subject to

28  rescission under 15 U.S.C. § 1635(e)(1). Refinance loans may be rescindable; purchase money

s:\ss\lc\Gonzalez-Urtiz\mtn-dis-rep          – 10 –

1    loans are not. The claim should be dismissed.

2        E.    Plaintiffs Do Not State A Claim For Violation Of Civil Code Section 1632.

3        Plaintiffs allege that "businesses that negotiate primarily in Spanish with another party

4    deliver documents translated in that language to that party." FAC ¶ 101. From this single

5    misstatement of law, plaintiffs seek to rescind the loans with CFC and CHL. Plaintiffs

6    overreach, and fail to state a claim. First, neither CFC nor CHL negotiated with Gonzalez-Urtiz

7    or Aguirre. CFC did no negotiation and made no loans. It should be dismissed. It was CHL

8    who entered into the loan agreement with Gonzalez-Urtiz, the broker did not enter into the

9    agreement. The statute does not require the broker to provide a translation of the ultimate

10   contract merely if the broker negotiates it on behalf of the borrower with the lender. The statute

11   requires the lender to provide a translation of the contract if the lender negotiates it in a specified

12   language and enters into it. "Any person . . . who negotiates primarily in Spanish . . . in the

13   course of <u>entering into any of the following</u> . . ." Cal. Civ. Code, § 1632(b), emphasis added.

14   See Opp. Mem. 14-15. Here the statute does not apply. CHL did not negotiate with Gonzalez-

15   Urtiz. Their agent, the loan broker, provided a translation. If that translation was erroneous,

16   Gonzalez-Urtiz has their remedy against the loan broker.

17       Similarly, New Century is not alleged to have negotiated the Aguirre loan and it is not

18   subject to rescission.

19       Finally, as with Wells Fargo, the statute does not apply to CHL or CFC. Plaintiffs

20   acknowledge that America's Wholesale Lender is part of Countrywide Bank, FSB. See PRJN,

21   Ex. "B." CFC is the holding company for CHL, dba America's Wholesale Lender. PRJN, Exs.

22   "A" & "B." A federal savings bank is not a broker for purposes of this statute. See Cal. Bus. &

23   Prof. Code, § 10133.1(a)(1). The claim should be dismissed.

24       F.    Plaintiffs Do Not State A Claim For Violation Of The California UNRUH Civil

25              Rights Act.

26       Plaintiffs claim is that lenders "discriminated" against all of the plaintiffs in the identical

27   way, FAC ¶ 106, and are therefore entitled to damages. That discrimination is allegedly that the

28   (group of) lenders "discriminated against each of its respective clients in its provision of its

s:\ss\lc\Gonzalez-Urtiz\mtn-dis-rep          – 11 –

REPLY MEMORANDUM OF POINTS AND AUTHORITIES BY COUNTRYWIDE HOME LOANS AND
COUNTRYWIDE FINANCIAL CORPORATION IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1   services and products related to real estate transactions." FAC ¶ 107. CFC and CHL argued that

2   plaintiffs failed to show how either defendant violated this act - the complaint did nothing more

3   than allege that plaintiffs bought at the height of the market. CFC made no loans. CHL, dba

4   America's Wholesale Lender, made loans to Gonzalez-Urtiz. CRJN, Ex. "A" & "B." Plaintiffs

5   do not allege how CFC or CHL wronged Gonzalez, or Urtiz, or Aguirre, as compared with how

6   "defendants" wronged "plaintiffs." Even if Gonzalez or Urtiz can state a claim, Aguirre cannot

7   against CFC or CHL, because his loans were not originated by CFC or CHL. Furthermore, the

8   claims are barred by the statute of limitation. <u>Gotto v. County of Sonoma</u>, 98 Cal. App. 4th 744,

9   759 (2002).

10        No discrimination facts are alleged. No discrimination claim is set forth. The claim is

11  late. This claim should be dismissed.

12        G.    <u>Plaintiffs Do Not State A Claim For Violation Of The California Fair</u>

13              <u>Employment And Housing Act</u>.

14        As with FHA, ECOA, and Unruh, no facts are alleged about either CFC or CHL unless

15  they are lumped in with every defendant and every plaintiff. Defendants are entitled to know the

16  specific claims asserted against them and the factual basis for those claims. The motion should

17  be granted.

18        H.    <u>Plaintiffs Do Not State A Claim For Violation Of Unfair Business Practices Act</u>.

19        The complaint asserts that four lenders engaged in five specific acts, without

20  differentiating between lenders and borrowers. Specifically, CHL originated the loan to

21  Gonzalez-Urtiz and merely services the loan made to Aguirre, and CFC has nothing to do with

22  any of the plaintiffs, yet the complaint lumps every lender together. The motion argues that no

23  facts are alleged by specific plaintiffs with respect to specific defendants, and the claims must be

24  specified. The opposition does not help show how a claim is stated. First plaintiffs acknowledge

25  the lumping by citing paragraph 115, which incorporates the previous 114 paragraphs. Opp.

26  Mem. 16:7. Next, plaintiffs refer to paragraph 120, which lumps all of the lenders together with

27  all of the borrowers. Opp. Mem. 16:10-11. No specific claims are asserted against CHL or CFC.

28        In the present case, no borrower can assert a claim against CFC. It is a holding company

REPLY MEMORANDUM OF POINTS AND AUTHORITIES BY COUNTRYWIDE HOME LOANS AND
COUNTRYWIDE FINANCIAL CORPORATION IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1  not involved in the transactions.  Aguirre cannot assert a claim against CHL because it acquired

2  servicing rights after the loan closed.  Finally, no claim is specified against CHL, by any party, or

3  even CFC, by any party.  As such, the motion should be granted and more definite statement

4  provided.

5      I.      Plaintiffs Do Not State A Claim For Intentional Misrepresentation, Negligent

6              Misrepresentation, or Concealment.

7          The complaint asserts the truism that one party may not make false representations to

8  another.  FAC ¶126.  Then plaintiffs collectively allege that seven lenders made eight purported

9  representations to each of the plaintiffs.  The motion argues that the complaint does not meet the

10  heightened pleading requirements for fraud.  The opposition does not disagree.

11          Plaintiffs fail to allege fraud against CFC or CHL.  Plaintiffs first argue that unidentified

12  "others" are the agents for CFC or CHL.  Plaintiffs allege no facts to show how the principals,

13  CFC or CHL, created the agency.  Plaintiffs allege no facts to show how the agency existed.  As

14  shown above, there is no agency.  When Plaintiffs try to show how specific facts are alleged, they

15  fail there as well.

16          Plaintiffs claim that one representation was "failed to adequately disclose the terms."

17  Opp. Mem. 18:11, 17.  Plaintiffs do not allege who made this statement, to whom it was made,

18  when it was made, why it was made or its relevance.  Plaintiffs claim that there were assurances

19  that "this loan package was the best they could get" with the same deficiencies.  Opp. Mem.

20  18:12, 15-16.  Plaintiffs then lump their opposition with "numerous other misrepresentations are

21  specifically alleged."  Opp. Mem. 18:13, 18.  None are alleged by CFC.  None are alleged by

22  CHL.

23          As to the speaker, CFC and CHL allegedly made the misrepresentations via a "Spanish

24  speaking agent at Universal," Opp. Mem. 18:20, by providing loan documents, Opp. Mem. 18,

25  and by "Creative's" assurances, Opp. Mem. 18:23.  No representations were allegedly made by

26  CFC or CHL.  No claim is made that CHL's loan documents are inaccurate.  The sole claim

27  appears to be that the borrowers bought properties at the top of the market and they cannot know

28  afford their loans.

s:\ss\lc\Gonzalez-Urtiz\mtn-dis-rep                – 13 –

1   There are no specific allegations of fraud or concealment by CFC.  There are no specific

2   allegations of fraud or concealment by CHL.  The complaint makes no allegations against these

3   two defendants specifically.  There is no basis to the fraud claims.  Even if CHL somehow is

4   liable for fraud, there is no basis to any claim against CFC.  Aguirre has no claim against CHL.

5   Those claims should be dismissed.

6       J.      Plaintiffs Do Not State A Claim For Breach Of Fiduciary Trust.

7   The complaint boldly asserts that the lenders owed and breached fiduciary duties without

8   alleging any facts to support a fiduciary relationship.  It is undisputed that CHL made two loans

9   to Gonzalez-Urtiz and services a loan made to Aguirre.  There are no allegations that CHL or

10  CFC helped any plaintiff purchase the properties, select the properties, use the properties or profit

11  from the properties.  The alleged breaches relate solely to making loans.  The motion argued that

12  based on these facts there is no fiduciary duty owed by a lender to a borrower and therefore there

13  can be no breach of fiduciary duty.  Plaintiffs do not disagree.  Instead, they lump their

14  opposition and claim the "defendants" are liable because of the [unspecified] acts of the other

15  defendants.  Opp. Mem. 22:10-14.  There is no basis to this claim.  It should be dismissed.

16      K.      Plaintiffs Do Not State A Claim For Negligence.

17  The complaint alleges that the lenders owed the borrowers duties based on an

18  unidentified source, and as found in various statutes.  The motion argued that no independent tort

19  duties were owed.  Plaintiffs counter that two duties are owed:  act as a reasonably prudent

20  lender, and oversee its agents.  Opp. Mem. 20:15-16.  Neither of these purported "duties" gives

21  rise to a claim by plaintiffs.

22  A reasonably prudent lender seeks to protect its own interests.  See Nymark v. Heart Fed.

23  Savings & Loan Assoc., 231 Cal. App. 3d 1089 (1991).  If the lender acts prudently, its loan is

24  repaid.  If not, the lender may suffer losses when the loan defaults.  In the case of purchase

25  money loans, as here, the lenders sole recourse is to the property.  Should the borrower default, it

26  is the lender who loses.  No duty to the borrower is breached, and none is owed.

27  Similarly, CFC and CHL have no agents, as a matter of fact and law.  As shown above,

28  the loan brokers represent the borrowers and are the borrowers' agents.  Plaintiffs do not allege

REPLY MEMORANDUM OF POINTS AND AUTHORITIES BY COUNTRYWIDE HOME LOANS AND
COUNTRYWIDE FINANCIAL CORPORATION IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1   any facts to show how CFC of CHL created an agency, the scope of that agency or even its

2   function. As such, the actions for the purported "agents" are not chargeable to CHL and CFC.

3   The negligence claim should be dismissed.

4        L.    CFC's And CHL's Motion To Dismiss Was Timely.

5        Plaintiffs allege that the motion is untimely. Plaintiffs opposition cites counsel's

6   declaration for the proposition that CFC and CHL were given four extensions and the response

7   was untimely. Opp. Mem. 23:23-26, citing Para decl., p. 2. Parra's declaration does not state

8   that four extensions were granted. The opposition overreaches. Parra did not make this

9   statement because he worked with counsel for defendants to add a party and serve both CFC and

10  CHL by notice of lawsuit and request for a waiver of service of summons. That document,

11  attached to the reply declaration as Exhibit "E" is dated November 21, 2007, and provides CFC

12  and CHL with 60 days to respond to the first amended complaint, until January 22, 2008.

13  Because the motion was served prior to that time, on January 18, 2008, it is timely.

14

15  VI.   CONCLUSION.

16       Plaintiffs (all seven) assert fourteen causes of action against defendants (all thirteen)

17  without attempting to differentiate the parties, and without asserting specific facts by a specific

18  plaintiff against a specific defendant. Instead, plaintiffs merely allege that they bought four

19  different properties and hired different loan brokers to help them obtain seven different loans to

20  purchase their homes. Plaintiffs do not allege any contact with CHL other than that two plaintiffs

21  obtained two loans from CHL, and one plaintiff has one loan that is serviced by CHL. No

22  plaintiffs have any connection with CFC, CHL's parent holding company, and its inclusion in

23  this litigation is baseless. There is no merit to plaintiffs' claims, because none are alleged. CFC

24  and CHL respectfully request that the court grant the motion to dismiss, and order plaintiffs to

25

26

27

28

s:\ss\lc\Gonzalez-Urtiz\mtn-dis-rep          – 15 –

REPLY MEMORANDUM OF POINTS AND AUTHORITIES BY COUNTRYWIDE HOME LOANS AND
COUNTRYWIDE FINANCIAL CORPORATION IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1    provide a more definite statement an amended pleading.

2    DATED: March 10, 2008                By: _____

3                                            SANFORD SHATZ

4                                            Attorneys for Defendants
                                             Countrywide Home Loans, Inc. and

5                                            Countrywide Financial Corporation

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY MEMORANDUM OF POINTS AND AUTHORITIES BY COUNTRYWIDE HOME LOANS AND
COUNTRYWIDE FINANCIAL CORPORATION IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1                                     <u>DECLARATION OF SANFORD SHATZ</u>

2        I, Sanford Shatz, declare:

3        1.     I am an attorney licensed to practice law before all of the courts in the State of

4 California and am the attorney of record for defendants Countrywide Financial Corporation

5 ("CFC") and Countrywide Home Loans, Inc. ("CHL") in the above-referenced matter. I have

6 personal knowledge of the facts contained in this declaration and, if called as a witness, could

7 and would competently testify to them.

8        2.     I am attaching as Exhibit "E" to this declaration correspondence that I sent to

9 plaintiffs' counsel, Sergio Parra, containing a return of the notice of lawsuit and request for

10 waiver of service and summons that I signed on behalf of Countrywide Financial Corporation

11 and Countrywide Home Loans, Inc. These documents were originally dated November 21, 2007,

12 and with the return of the documents, CFC and CHL each had sixty days to respond to the

13 complaint, up to and including January 22, 2008.

14        I declare under penalty of perjury under the laws of the United States of America that the

15 foregoing is true and correct and that this declaration is executed on March 10, 2008, at

16 Calabasas, California.

17                                      SANFORD SHATZ

18

19

20

21

22

23

24

25

26

27

28

s:\ss\lc\Gonzalez-Urtiz\mtn-dis-rep          – 17 –

# Exhibit E



## Countrywide®

**Legal Department**
5220 Las Virgenes Road, MS: AC-11, Calabasas, CA 91302

# FAX

| | |
|---|---|
| Date: | **January 10, 2008** |
| Number of pages including cover sheet: | 5 |

| **TO:** | **Sergio Parra, Esq.** | | **FROM:** | **Helen W. Quan** |
|---|---|---|---|---|
| | | | | Legal Department |
| | | | | Mail Stop AC-11 |
| | | | | Helen_Quan@Countrywide.com |
| Phone: | | | Direct Line: | 818.871.4079 |
| Fax phone: | 831-755-1477 | | Fax #: | 818.871.4602 |
| CC: | | | | |

**REMARKS:**    ☐ Urgent    ☒ For your review    ☐ Reply ASAP    ☐ Please comment

**See attached.**

Notice: The information contained in this FAX message is privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this FAX message is not the intended recipient or the agent responsible for delivering it to the intended recipient, please immediately notify us by (collect) telephone. Also, please return the original FAX message to us at the address above via the U.S. Postal Service.    EXHIBIT E

Gonzalos-
Urtiz

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:  (A)  Sandy Shatz, Esq.

as  (B)  attorney for _____ of (C)  Countrywide Financial Corp.

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _____ Northern _____ District of _____ California _____

and has been assigned docket number (E) CV 07-05698 JW _____.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) ___20___ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 21st day of ___November___, 2007.

Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A - Name of Individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of individual to corporate defendant
C - Name of corporate defendant, if any
D - District
E - Docket number of action
F - Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

EXHIBIT E

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, <u>Countrywide Financial Corp.</u>, acknowledge receipt of your request
  (DEFENDANT NAME)

that I waive service of summons in the action of <u>Gonzalez et al., v. VCH, et al.</u>,
                                                        (CAPTION OF ACTION)

which is case number <u>CV 07-05698 JW</u> in the United States District Court
                        (DOCKET NUMBER)

for the Northern District of California.

   I have also received a copy of the complaint in the action, two copies of this instrument, and a
means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this
lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process
in the manner provided by Rule 4.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or
to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the
service of the summons.

   I understand that a judgment may be entered against me (or the party on whose behalf I am acting)
if an

answer or motion under Rule 12 is not served upon you within 60 days
after                                                         <u>11/21/07</u>,
                                                        (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

<u>1-10-08</u>                    <u>[signature]</u>
  (DATE)                          (SIGNATURE)

                    Printed/Typed Name: <u>SANFORD SHATZ</u>

                    As <u>SVP</u> of <u>CFC</u>
                         (TITLE)              (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons
and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States
to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and
return the waiver.

   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought
in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives
service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later
object to the jurisdiction of the court or to the place where the action has been brought.

   A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff)
a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time,
a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had
been actually served when the request for waiver of service was received.

EXHIBIT E

Gonzales-Urtiz

AO 398 (12/93)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:   (A)  Sandy Shatz, Esq.

as   (B)  attorney for _____ of (C)  Countrywide Home Loans, et al

       A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.)
A copy of the complaint is attached to this notice. It has been filed in the United States District Court
for the (D) _____ Northern _____ District of _____ California _____

and has been assigned docket number (E)  CV 07-05698 JW _____.

       This is not a formal summons or notification from the court, but rather my request that you sign and return the
enclosed waiver of service In order to save the cost of serving you with a judicial summons and an additional copy of the
complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) ___20___ days after the
date designated below as the date on which this Notice and Request Is sent. I enclose a stamped and addressed envelope
(or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

       If you comply with this request and return the signed waiver, It will be filed with the court and no summons will be
served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will
not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice
is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

       If you do not return the signed waiver within the time Indicated, I will take appropriate steps to effect formal service
in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask
the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that
connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set
forth at the foot of the waiver form.

       I affirm that this request Is being sent to you on behalf of the plaintiff, this ___21___ day of ___November___, ___2007___.


Signature of Plaintiff's Attorney
Or Unrepresented Plaintiff


A - Name of Individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of Individual to corporate defendant
C - Name of corporate defendant, if any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days if located in foreign country) In which to return waiver

EXHIBIT E

AO 399  (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Countrywide Homes Loans Inc. _____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Gonzalez et al., v. VCH, et al. _____,
(CAPTION OF ACTION)

which is case number CV 07-05698 JW _____ in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after _____  11/21/07 ____,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_1-10-08_____                    _Stanford Shaatz (signature)_____
(DATE)                                            (SIGNATURE)

Printed/Typed Name: _STANFORD SHAATZ_____

As _SVP_ of _CHL_
(TITLE)                  (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

EXHIBIT E

Confirmation Report — Memory Send

```
Page      : 001
Date & Time: Jan-10-2008  11:54am
Line 1    : +818-225-4022
Line 2    : +
Machine ID : COUNTRYWIDE LEGAL
```

| | | |
|---|---|---|
| Job number | : | 265 |
| Date | : | Jan-10 11:52am |
| To | :☎9918317551477 | |
| Number of pages | : | 005 |
| Start time | : | Jan-10 11:52am |
| End time | : | Jan-10 11:54am |
| Pages sent | : | 005 |
| Status | : | OK |

Job number    : 265        *** SEND SUCCESSFUL ***



# Countrywide®

### Legal Department
5220 Las Virgenes Road, MS: AC-11, Calabasas, CA 91302

## FAX

Date:   **January 10, 2008**
Number of pages including cover sheet:   **5**

| TO: | **Sergio Parra, Esq.** |
|---|---|
| Phone: | |
| Fax phone: | **831-755-1477** |
| CC: | |

| FROM: | **Helen W. Quan** |
|---|---|
| | Legal Department |
| | Mail Stop AC-11 |
| | Helen_Quan@Countrywide.com |
| Direct Line: | **818.871.4079** |
| Fax #: | **818.871.4602** |

REMARKS:    ☐ Urgent    ☒ For your review    ☐ Reply ASAP    ☐ Please comment

See attached.

Notice:  The information contained in this FAX message is privileged and confidential, intended only for the use of
the individual or entity named above. If the reader of this FAX message is not the intended recipient or the agent
responsible for delivering it to the intended recipient, please immediately notify us by (collect) telephone.  Also,
please return the original FAX message to us at the address above via the U.S. Postal Service.

EXHIBIT E