1  JEFFREY H. LOWENTHAL  (SBN: 111763)
   CARLOS A. ALVAREZ  (SBN: 143839)
2  STEYER LOWENTHAL BOODROOKAS
     ALVAREZ & SMITH LLP
3  One California Street, Third Floor
   San Francisco, California  94111
4  Telephone: (415) 421-3400
   Facsimile: (415) 421-2234
5
6  Attorneys for Defendant Old Republic Title Company
7
8                       UNITED STATES DISTRICT COURT
9                      NORTHERN DISTRICT OF CALIFORNIA
10                                  (SAN JOSE)
11

| | |
|---|---|
| 12  BERENICE GONZALEZ AND JOSE URTIZ, ) | CASE NO. C07 05698 JW |
|     JORGE AGUIRRE, ELEAZAR BECERRA  ) | |
| 13  AND ROCIO BECERRA, J. GUADALUPE    ) | DEFENDANT OLD REPUBLIC TITLE |
|     CONTRERAS AND TERESA CONTRERAS, ) | COMPANY'S **REPLY** |
| 14  all individually and on behalf of the general ) | MEMORANDUM IN SUPPORT OF ITS: |
|     public,                                                              ) | (1) MOTION FOR STAY PENDING |
| 15                                                                       ) | OUTCOME OF THE JUDICIAL |
|                 Plaintiffs,                                         ) | REFERENCE PROCEEDING |
| 16                                                                       ) | BETWEEN PLAINTIFFS AND |
|         vs.                                                          ) | DEFENDANT VCH-SALINAS I, LLC; |
| 17                                                                       ) | OR ALTERNATIVELY, |
|     VCH SALINAS I LLC dba VALLEY           ) | (2) MOTION TO DISMISS CLAIMS |
| 18  COMMUNITY HOMES and as MONTE     ) | PURSUANT TO RULE 12(b)(6); OR |
|     BELLA REALTY, NORM YOP INC.          ) | ALTERNATIVELY, |
| 19  REALTORS dba MONTE BELLA REALTY, ) | (3) MOTION FOR MORE DEFINITE |
|     MONICA FARANDA dba MONTE BELLA  ) | STATEMENT PURSUANT TO RULE |
| 20  REALTY, UNIVERSAL MORTGAGE &     ) | 12(e) |
|     SALES INC., IRA MORTGAGE & HOME  ) | |
| 21  SALES, INC., AMERICAN PACIFIC           ) | DATE:     March 24, 2008 |
|     MORTGAGE CORP. dba CREATIVE        ) | TIME:      9:00 a.m. |
| 22  MORTGAGE, OLD REPUBLIC TITLE CO., ) | CTRM:    8, Fourth Floor |
|     COUNTRYWIDE HOME LOANS INC. dba ) | JUDGE:   Honorable James Ware |
| 23  AMERICA'S WHOLESALE LENDER,       ) | |
|     COUNTRYWIDE FINANCIAL CORP., NEW ) | |
| 24  CENTURY MORTGAGE CORP., HOMEQ  ) | |
|     SERVICING CORP., CAMERON             ) | |
| 25                                                                       ) | |
|                                                                              ) | |
| 26 | |

27  DEFENDANT OLD REPUBLIC TITLE COMPANY'S **REPLY** MEMORANDUM IN SUPPORT OF ITS: (1)
    MOTION FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN
28  PLAINTIFFS AND DEFENDANTS VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) MOTION TO DISMISS
    CLAIMS PURSUANT TO RULE 12(b); OR ALTERNATIVELY, (3) MOTION FOR MORE DEFINITE
    STATEMENT PURSUANT TO RULE 12(e)
    S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Reply.wpd

|   |   |
|---|---|
| 1 | FINANCIAL GROUP, INC., WELLS FARGO ) |
| 2 | BANK, and DOES 1 TO 100, inclusive,   ) |
| 3 |              Defendants.              ) |

Old Republic Title Company ("Old Republic") hereby submits the following **reply** opposition to Plaintiffs' opposition to Old Republic's motion to stay or alternatively to dismiss or for a more definite statement.

## I.
## INTRODUCTION

Old Republic's motion to stay should be granted as Plaintiff's admittedly signed the written purchase agreements with the developer VCH-Salinas I, LLC ("VCH") requiring that if either party "commences a legal proceeding for a dispute arising under this Purchase Agreement . . . all the issues in such action, whether of fact or law, shall be resolved by judicial reference pursuant to the provisions of California Code of Civil Procedure Section 638 through 645.1." Because these contracts clearly require a judicial reference - not a trial before the Court, the Court should grant VCH's motion to compel arbitration and stay the remainder of this action, including those claims asserted against Old Republic. Harvey v. Joyce (5th Cir. 2000) 199 F.3d 790, 795 (Non-signatories to arbitration agreements have standing to seek stay of proceedings where arbitration involves same facts and the lawsuit would render the arbitration proceeding redundant and meaningless). Old Republic joins in each of the arguments made by the other defendants in support of an order compelling Plaintiffs' to honor their agreement to arbitrate.

As the Court will recall, Old Republic has moved to dismiss in large part because as to Old Republic, Plaintiff's first amended complaint does little more than state broad conclusory allegations. Thus, Old Republic also alternatively seeks a more definite statement pursuant to Rule 12(e). Unfortunately, Plaintiff's opposition memorandum does little more than restate the

- 1 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S **REPLY** MEMORANDUM IN SUPPORT OF ITS: (1) MOTION FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND DEFENDANTS VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) MOTION TO DISMISS CLAIMS PURSUANT TO RULE 12(b); OR ALTERNATIVELY, (3) MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Reply.wpd

1  conclusory allegations of its complaint and particularly fails to plead fraud with specificity,

2  predicate acts under Rico and what "fees" and "kickbacks" are the subject of their RESPA

3  claims.  Most fundamentally, however, Plaintiffs also offer no substantive response to the well

4  settled principle that an escrow holder cannot be held liable in contract or tort where it is

5  undisputed that the escrow holder faithfully complied with the instructions of its principals.  Lee

6  v. Title Insurance and Trust Company (1982) 264 Cal.App.2d 160, 162, 163 ("no liability

7  attaches to the escrow holder for his failure to do something not required by the terms of the

8  escrow or for a loss incurred while obediently following his escrow instructions.").

9       Finally, Plaintiffs' reliance upon Beard v. Worldwide Mortgage Corp. (W.D. Tenn 2005)

10  354 F. Supp. 2d 789, is misplaced.  Contrary to Plaintiffs' arguments Beard does not support the

11  proposition that an alleged violation of Section 3605 "may be assert against a title company".

12  Oppos. Memo., 6:18.  Rather, following the plain language of the statute (quoted by Old

13  Republic in the moving papers), the Beard Court dismissed the plaintiff's claim against the

14  escrow holder in that case alleging violation Section 3605 because plaintiff did not allege that

15  the escrow holder "engaged in the business of residential real estate transaction as defined by

16  Section 3605".  Id. at 809.

17       Accordingly, for all the reasons set forth in the moving papers and as set forth herein,

18  Plaintiffs should be compelled to arbitrate its dispute with VCH and the remainder of this action

19  should be stayed, including all claims against Old Republic.

20  II.<br>LEGAL ARGUMENT

21

A.    THIS ACTION SHOULD BE STAYED PENDING THE OUTCOME OF THE

22         JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND VCH

23       Citing no law, Plaintiffs simply argue that the contracts requiring a judicial reference are

24  unenforceable.  Also citing no law, Plaintiffs also argue that no stay should be imposed because

25

26  - 3 -

27  DEFENDANT OLD REPUBLIC TITLE COMPANY'S **REPLY** MEMORANDUM IN SUPPORT OF ITS: (1) MOTION FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND DEFENDANTS VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) MOTION TO DISMISS

28  CLAIMS PURSUANT TO RULE 12(b); OR ALTERNATIVELY, (3) MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Reply.wpd

to do so would be "inequitable". In short, there is nothing inequitable about requiring Plaintiffs to abide by their agreement. Moreover, because the claims against VCH, Old Republic and other parties are based upon the same transactions, the claims against Old Republic are not "separable" as argued by Plaintiffs.

Here, the litigation involves non-arbitrating parties. As such the , the court has discretion to stay the litigation as to them and the Court should do so. Harvey v. Joyce (5th Cir. 2000) 199 F.3d 790, 795-796.

B.  ALL OF PLAINTIFFS' CLAIMS FAIL BECAUSE OLD REPUBLIC'S ONLY OBLIGATION AS ESCROW HOLDER WAS TO FOLLOW THE ESCROW INSTRUCTIONS OF ITS PRINCIPALS AND PLAINTIFFS HAVE NOT ALLEGED THAT OLD REPUBLIC FAILED TO DO SO

Plaintiffs do not dispute that Old Republic's involvement in Plaintiffs' home purchase transactions was limited to acting as escrow holder and providing "settlement services." FAC, ¶21, 46, 52. The law is well settled that an escrow holder, such as Old Republic, is a "limited agent" who is obligated to strictly comply with the instructions of its principals. Peterson Development Co., Inc. v. Torrey Pines Bank (1991) 233 Cal.App.3d 103, 117-118; Lee v. Title Insurance and Trust Company (1982) 264 Cal.App.2d 160, 162. Consequently, "no liability attaches to the escrow holder for his failure to do something not required by the terms of the escrow or for a loss incurred while obediently following his escrow instructions." Id. at 163. This rule has been uniformly applied to preclude liability against an escrow holder for the failure to undertake actions not specifically required by the escrow instructions.

Plaintiff's respond to this well settled law by citing to apparent Arizona and Nevada case law and the general law of agency. Incredulously, Plaintiff's argue that: 1) an escrow holder should be held liable for failing to advise one party to the escrow that the other party is defrauding him/her; and 2) that the laws of general agency apply to escrow holders. Both of these arguments are precisely contrary to governing law.

- 4 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S **REPLY** MEMORANDUM IN SUPPORT OF ITS: (1) MOTION FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND DEFENDANTS VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) MOTION TO DISMISS CLAIMS PURSUANT TO RULE 12(b); OR ALTERNATIVELY, (3) MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Reply.wpd

First, as explained in Lee, the appellate court explained:

> Put abstractly, **the crucial question is whether the escrow holder is under a fiduciary duty to go beyond the escrow instructions and notify each party of any suspicious fact or circumstance** which has come to his attention before or during the life of the escrow which could conceivably affect such party even though the fact or circumstance is not related to his specific escrow instructions.

Id. at 162. The court of appeal answered this question in the negative:

> The fundamental principles underlying the obligations of a general agency would not, and could not, tolerate the operation of an escrow such as we have here, as a general agency. **If the several escrow instructions create in the escrow holder an agency, it must be one limiting the obligations of the escrow holder to each party to the escrow in accordance with the instructions given by such party**. This in practice has been the underlying principle that has made possible the development of the escrow method of handling transactions which has become such an important factor in conveyancing and other business activities. Upon this theory, it has been given almost universal judicial sanction in this and other jurisdictions.

Id. at 164 (quoting Blackburn v. McCoy (1934) 1 Cal.App.2d 648, 654 (emphasis added)).

Because to do otherwise would make escrows unworkable, California Courts have been uniformly followed the limiting principles of Lee. Scheafer v. Manufacturers Bank (1980) 104 Cal. App. 3d 70, 77-78 (no liability for damages suffered where escrow holder complied with instructions; "In Axley, as here, it was not that the escrow was as fault, but that plaintiff unfortunately relied on the representations of others"); Claussen v. First American Title Company (1986) 186 Cal. App. 3d 429, 435-437 ("An escrow holder has no general duty to police the affairs of its depositors, however.").

Here, where it is undisputed that Old Republic complied with Plaintiffs' instructions, it cannot be held liable for it alleged knowledge that other defendants were taking advantage of and/or defrauding Plaintiffs.

Similarly, as explained in Lee the "underlying the obligations of a general agency would not, and could not, tolerate the operation of an escrow" and cannot be applied to escrow holders. The Court have consistently held that the fiduciary relationship of an escrow holder is a "limited

one" which requires only that the escrow holder comply with the instructions. For example, in Hannon v. Western Title Insurance Company (1989) 211 Cal. App. 3d 1122, the court of appeal recently rejected a claim that the escrow holder could be held liable for "negligence" for failing to deposit escrow funds in an interest bearing account even though there was no specific instruction to do so. Id. at 1126. In rejecting this claim, the court applied the Lee rule and explaining that regardless of the plaintiff's denomination of the cause of action, the underlying analysis is the same:

> "Because the agency is a limited one, we hold that an escrow holder has no duty to deposit funds in an interest-bearing account, absent instruction to do so. Plaintiff also claims in the first cause of action that Western violated its duty of reasonable skill and diligence and thus was negligent. Negligence however, cannot exist without a breach of a duty to the injured party. [Citation omitted]. Since we find no duty to deposit the funds in an interest-bearing account, there can be no negligence."

Id. at 1128 (emphasis added).

Here, because Old Republic's only obligation was to carry out the written escrow instructions of its principals and Plaintiffs have not alleged that Old Republic failed to do so, all of Plaintiffs' claims against Old Republic fail as a matter of law. Plaintiffs' thirteenth claim for breach of fiduciary duty and fourteenth claim for negligence are both based on alleged breaches of duties allegedly owed to Plaintiffs. FAC, ¶151-161.

C.  PLAINTIFFS' FIRST CLAIM FOR VIOLATIONS OF SECTION 3605 OF THE FAIR HOUSING ACT FAILS BECAUSE OLD REPUBLIC DID NOT "ENGAGE IN A REAL ESTATE RELATED TRANSACTION" WITHIN THE MEANING OF THE ACT

In its moving papers Old Republic challenged Plaintiffs' FHA claims based upon Section 3605. In response, cite to Beard v. Worldwide Mortgage Corp. (W.D. Tenn 2005) 354 F. Supp. 2d 789. Plaintiff's reliance on Beard is entirely misplaced. Contrary to Plaintiffs' arguments Beard does not support the proposition that an alleged violation of Section 3605 "may be assert against a title company". Oppos. Memo., 6:18. Rather, the Beard Court dismissed the

- 6 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S **REPLY** MEMORANDUM IN SUPPORT OF ITS: (1) MOTION FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND DEFENDANTS VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) MOTION TO DISMISS CLAIMS PURSUANT TO RULE 12(b); OR ALTERNATIVELY, (3) MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Reply.wpd

1  plaintiff's claim against the escrow holder in that case alleging violation Section 3605 because

2  plaintiff did not allege that the escrow holder "engaged in the business of residential real estate

3  transaction as defined by Section 3605". Id. at 809.  As in this case, the escrow holder sought to

4  dismiss Plaintiff's Section 3605 claims based upon the language of the statute which prohibits

5  "any entity whose business includes engaging in residential real estate-related transactions" from

6  discriminating against any person on the basis of race, color, religion, sex, handicap, familial

7  status or national origin, in making available such a transaction or in the terms and conditions of

8  such a transaction.  42 U.S.C. §3605(a). The Beard Court agreed with the escrow holder holding

9  that:

10  > Plaintiff alleges that Defendants acted as the settlement agent for the loan transaction.
    > Plaintiff does not allege, however, that either Winkel or Equity Title engaged in the
11  > business of real estate transactions as defined by Section 3605.  Accordingly, the Court
    > grants Defendants motion to dismiss Plaintiff';s claims against Equity Title and Winkel
12  > for violation of 42 U.S.C. Section 3605.

13  Here, Plaintiffs cannot allege that Old Republic was involved in the sale, brokerage or

14  appraisal of their homes or in making any loans or providing any financial assistance to them

15  for the purchase, construction, improvement, repair or maintenance of their homes.  To the

16  contrary, Plaintiffs specific allegations are that they were sent to Old Republic to "close their

17  respective transactions" and that Old Republic acted as a "settlement agent" and provided

18  Plaintiffs with "settlement services."   FAC, ¶21, 46, 52.  Any contrary conclusory allegations

19  should be disregarded.  Beliveau v. Caras (C.D. CA 1995) 873 F.Supp. 1393, 1395-1396

20  [conclusory allegations and legal characterizations should be disregarded].

21  Accordingly, under the plain language of the statute and Beard, Old Republic's motion to

22  dismiss should be granted.

23  D.   PLAINTIFFS' THIRD CLAIM FOR VIOLATIONS OF RICO (18 U.S.C. §1962 *ET SEQ.*) FAILS BECAUSE PLAINTIFFS HAVE NOT PLED THE CLAIM WITH
24       SPECIFICITY AS THEY ADMIT THEY MUST

- 7 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S **REPLY** MEMORANDUM IN SUPPORT OF ITS: (1) MOTION FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND DEFENDANTS VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) MOTION TO DISMISS CLAIMS PURSUANT TO RULE 12(b); OR ALTERNATIVELY, (3) MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Reply.wpd

With respect to RICO, Plaintiffs admit that they must plead the claim with specificity and allege "the time, place and content of the alleged misrepresentations underlying its RICO fraud claims". Oppos. Memo., 8: 8-9. Yet, in referring to actual allegations of the complaint, Plaintiff's opposition simply refers back to the conclusory allegations in Plaintiffs' first amended complaint. For example, Plaintiff's fail to identify the actual persons at Old Republic who they claim defrauded them and as to the "content" of the claimed "specific representations" Plaintiff simply state: "Content - For all Plaintiffs: Please see Complaint ¶¶ 32-44, 46, 47, 52 and 75." Oppos. Memo., 9:3. By Plaintiffs' own admission and recitation of the law, more is clearly required.

Further, plaintiffs have not even attempted to identify Old Republic's claimed predicate acts. Citing <u>Beard v. Worldwide Mortgage Corp.</u> (W.D. Tenn 2005) 354 F. Supp. 2d 789, plaintiffs argue that they need not specifically plead predicate acts as to Old Republic. Plaintiff reliance on <u>Beard</u> for this proposition is misplaced. As explained in <u>Beard</u>, "a plaintiff must, within reason, describe the time, place and content of the mail and wire communications". Id at 802, quoting <u>Jepson Inc. v. Makita Corp.</u>, 34 F. 3d 1321, 1328; <u>see</u> <u>also</u> <u>Swartz v. KPMG LLP</u> (9th Cir. 2007) 476 F.3d 756, 764-765 ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'"); <u>Moore v. Kayport Package Express, Inc.</u> (9th Cir. 1989) 885 F.2d 531, 541.

Because Plaintiffs' RICO claim is plead with no specificity as against Old Republic and does not plead any predicate acts as to Old Republic, it fails as a matter of law and must be dismissed.

E.  CONTRARY TO PLAINTIFF'S HOLLOW ARGUMENTS, PLAINTIFFS' FOURTH CLAIM FOR VIOLATIONS OF THE RESPA (12 U.S.C. §2601 *ET SEQ.*) DO NOT

- 8 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S **REPLY** MEMORANDUM IN SUPPORT OF ITS: (1) MOTION FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND DEFENDANTS VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) MOTION TO DISMISS CLAIMS PURSUANT TO RULE 12(b); OR ALTERNATIVELY, (3) MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Reply.wpd

APPLY TO "EXCESSIVE FEES" AND PLAINTIFFS HAVE NOT IDENTIFIED ANY "KICKBACKS" WITHIN THE MEANING OF THE ACT

Citing no law and simply restating the conclusory allegations of the complaint, Plaintiffs claim that Old Republic should be "on notice" of their liability under the statute. Of course, as set forth in the moving papers, Plaintiffs have not identified the claimed excessive charges they seek to attack or the claimed "kickback" that Old Republic supposedly received.

Most significantly, Plaintiffs do not even discuss or attempt to distinguish case law on point holding that RESPA does not prohibit overcharges or excessive fees. Maganallez v. Hilltop Lending Corp. (N.D. CA 2007) 505 F.Supp. 594, 604 ["Section 8(b) was not intended to serve as a price cap for settlement services"]. Plaintiffs' conclusory allegations that Old Republic received kickbacks should be disregarded. Beliveau v. Caras (C.D. CA 1995) 873 F.Supp. 1393, 1395-1396 [conclusory allegations, legal characterizations, unreasonable inferences or unwarranted factual deductions need not be accepted].

Because Plaintiff has not alleged a violation of RESPA as against Old Republic, the motion to dismiss should be granted.

F.  PLAINTIFFS' NINTH CLAIM FOR VIOLATIONS OF THE CALIFORNIA UNFAIR BUSINESS PRACTICES LAW (CAL. BUS. & PROF. CODE §17200 *ET SEQ.*) FAILS BECAUSE PLAINTIFFS HAVE NOT SPECIFICALLY ALLEGED ANY ONGOING CONDUCT BY OLD REPUBLIC TO BE ENJOINED OR THAT THEIR LEGAL REMEDIES ARE INADEQUATE

Citing no law, Plaintiff argues that they may maintain an action for injunctive relief even where the complaint is clear that there is no possible future harm. Attempting to ignore the specific allegation in their complaint challenging escrows that have closed and real property contracts that have been consumated, Plaintiff rely upon conclusory allegations of future harm. These allegations should be disregarded.

The only two remedies available under Plaintiffs' unfair business practices claim (Cal. Bus. & Prof. Code §§17200 *et seq.*) are injunctive relief and restitution. Kraus v. Trinity

- 9 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S **REPLY** MEMORANDUM IN SUPPORT OF ITS: (1) MOTION FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND DEFENDANTS VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) MOTION TO DISMISS CLAIMS PURSUANT TO RULE 12(b); OR ALTERNATIVELY, (3) MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Reply.wpd

1  Management Services, Inc. (2000) 23 Cal.4th 116, 128-29 ["restitution is the only monetary

2  remedy expressly authorized by section 17203"]; Korea Supply Co. v. Lockheed Martin Corp.

3  (2003) 29 Cal.4th 1134, 1147-48 [restitution of profits or monies given to defendant in which

4  plaintiff has an ownership interest is the only monetary remedy under §§17200 *et seq.*].

5  Plaintiffs' first amended complaint seeks both of these remedies.  FAC, ¶167, 169.

6  It is well established that:

7  Injunctive relief under sections 17203 and 17535 cannot be used . . . to enjoin an
event which has already transpired; a showing of threatened future harm or
8  continuing violation is required. [citations]  Injunctive relief has no application to
wrongs which have been completed [citations] absent a showing that past
9  violations will probably recur.

10  People v. Toomey (1984) 157 Cal.App.3d 1, 20.  Here, Plaintiffs allege that the escrows for their

11  home purchase transactions closed between October 2005 and May 2006.  FAC, ¶32-45.

12  Because Plaintiffs have not alleged a continuing wrong as to Old Republic, any claim for

13  injunctive relief pursuant to its ninth cause of action alleging unfair business practices fails as

14  matter of law.

15  Moreover, the only monetary relief available under §§17200 *et seq.* is "the disgorgement

16  of money that has been wrongfully obtained or, in the language of the statute, an order

17  'restor[ing] . . . money . . . which may have been acquired by means of . . . unfair competition.'"

18  Bank of the West v. Superior Court (1992) 2 Cal.App.4th 1254, 1266.  In Kraus v. Trinity

19  Management Services, Inc. (2000) 23 Cal.4th 116, 128-29, the California Supreme Court

20  decided that "restitution is the only monetary remedy expressly authorized by section 17203."

21  See also, Korea Supply Co. v. Lockheed Martin Corp. (2003) 29 Cal.4th 1134, 1147-48

22  (reaffirming that restitution of profits or monies given to defendant in which plaintiff has an

23  ownership interest is the only remedy under §§17200 *et seq.*).

24  Although Plaintiffs request that "Defendants . . . disgorge all profits, monies and things

- 10 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S **REPLY** MEMORANDUM IN SUPPORT OF ITS: (1)
MOTION FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN
PLAINTIFFS AND DEFENDANTS VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) MOTION TO DISMISS
CLAIMS PURSUANT TO RULE 12(b); OR ALTERNATIVELY, (3) MOTION FOR MORE DEFINITE
STATEMENT PURSUANT TO RULE 12(e)
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Reply.wpd

of value received from Plaintiffs" (FAC, ¶169), it is impossible to determine what "profits, monies or things of value" Old Republic purportedly received from Plaintiffs. Moreover, to the extent Plaintiffs seek disgorgement of any alleged "kickbacks" received by Old Republic, Plaintiffs cannot establish that they had any ownership interest in such funds nor are Plaintiffs' conclusory allegations that Old Republic received kickbacks from VCH, YOP or Faranda supported by any factual allegations.

Finally, in order obtain equitable remedies in an unfair business practices claim, the plaintiff must plead and prove an inadequate remedy at law. Barquis v. Merchants Collection Assn. (1972) 7 Cal.3d 94, 103-108 (in alleging unfair business practices, plaintiff must allege an inadequate remedy at law). Because Plaintiffs have failed to allege that their legal remedies are inadequate, an essential element of this claim, this claim fails as a matter of law.

For all of these reasons, Plaintiffs' unfair business practices claim fails as a matter of law and should be dismissed.

G. PLAINTIFFS' TENTH, ELEVENTH AND TWELFTH CLAIMS FOR INTENTIONAL MISREPRESENTATION, NEGLIGENT MISREPRESENTATION AND FRAUDULENT CONCEALMENT FAIL BECAUSE PLAINTIFFS HAVE NOT ALLEGED FRAUD WITH THE REQUISITE SPECIFICITY

Plaintiff's contention that they have sufficiently pled fraud as against Old Republic simply ignores Rule 9(b) as their complaint does not come close to compliance.

Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." F.R.C.P. 9(b). In addition, Rule 9(c) requires that a complaint: (1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent. F.R.C.P. 9(c).

As noted in the moving papers, Plaintiffs fail to allege the name of any person who made specific knowingly false representations on behalf of Old Republic or knowingly concealed or

- 11 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S **REPLY** MEMORANDUM IN SUPPORT OF ITS: (1) MOTION FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND DEFENDANTS VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) MOTION TO DISMISS CLAIMS PURSUANT TO RULE 12(b); OR ALTERNATIVELY, (3) MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Reply.wpd

failed to disclose any material facts to Plaintiffs. Plaintiff's answer to this is to identify " the same person at Old Republic". Oppos. Memo. 13: 18. This allegation is plainly insufficient. Despite their arguments to the contrary, Plaintiffs also fail to allege when and where the statements were made or explain why the alleged statements were fraudulent and merely state as to "content" of the statements "Please see Complaint ¶¶ 32-44, 46, 47, 52, and 75". Oppos. Memo., 13:20. Because Plaintiffs have failed to meet the Rule 9 specificity requirements for pleading fraud, Plaintiffs' fraud claims fail as a matter of law and should be dismissed.

H. PLAINTIFFS' THIRTEENTH AND FOURTEENTH CLAIMS FOR BREACH OF FIDUCIARY DUTY AND NEGLIGENCE FAIL BECAUSE OLD REPUBLIC'S ONLY OBLIGATION AS ESCROW HOLDER WAS TO FOLLOW THE INSTRUCTIONS OF ITS PRINCIPALS AND PLAINTIFFS HAVE NOT ALLEGED THAT OLD REPUBLIC FAILED TO DO SO

Plaintiffs' thirteenth claim for breach of fiduciary duty and fourteenth claim for negligence are both based on alleged breaches of duties allegedly owed to Plaintiffs. FAC, ¶151-161. As discussed above, however, Old Republic's only obligation was to carry out the written escrow instructions of its principals. Peterson Development Co., Inc. v. Torrey Pines Bank (1991) 233 Cal.App.3d 103, 117-118; Lee v. Title Insurance and Trust Company (1982) 264 Cal.App.2d 160, 162. Plaintiffs have not alleged that Old Republic failed to follow a single escrow instruction, thus, these claims fail as a matter of law (as with all of Plaintiffs' claims).

I. OLD REPUBLIC'S RULE 12(e) MOTION FOR A MORE DEFINITE STATEMENT SHOULD BE GRANTED

A Rule 12(e) motion for more definite statement is proper when the complaint is so vague and ambiguous that defendant cannot be reasonably required to frame a responsive pleading. Famolare, Inc. v. Edison Bros. Storage, Inc. (E.D. CA 1981) 525 F.Supp. 940, 949; Cellars v. Pacific Coast Packaging, Inc. (N.D. CA 1999) 189 F.R.D. 575, 578. Plaintiffs' claims for violations of the Fair Housing Act (first claim), RICO (third claim), RESPA (fourth claim),

- 12 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S **REPLY** MEMORANDUM IN SUPPORT OF ITS: (1) MOTION FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND DEFENDANTS VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) MOTION TO DISMISS CLAIMS PURSUANT TO RULE 12(b); OR ALTERNATIVELY, (3) MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Reply.wpd

Unruh Civil Rights Act (seventh claim), FEHA (eighth claim) and Unfair Business Practices Law (ninth claim), intentional misrepresentation (tenth claim), negligent misrepresentation (eleventh claim), fraudulent concealment (twelfth claim), breach of fiduciary trust (thirteenth claim) and negligence (fourteenth claim) are based on general allegations that refer to "Plaintiffs" and "Defendants" even though it is apparent that not all defendants are involved in each aspect of the home purchase transactions.  For example, Plaintiffs admit that Old Republic merely provided settlement services in Plaintiffs' home purchase transactions and was not involved in the marketing, sale or financing of Plaintiffs' homes but allege that "Defendants targeted Plaintiffs for the purchase of overvalued new homes and/or higher cost subprime mortgage loans" (FAC, ¶64).  See also FAC, 67 ("Defendants continue to sell homes and/or provide loans to other homebuyers").

The charging allegations that refer to Old Republic (as opposed to "Defendants") are conclusory and not supported by specific factual allegations.  FAC, ¶46, 52, 64.  Although Plaintiffs allege that Old Republic "discriminated" against its clients, they fail to allege any facts to support this allegations.  FAC, ¶64, 107.  Plaintiffs also allege that Old Republic "hid the material terms of the transaction undertaken" but do not identify any specific transaction (the first amended complaint describes a total of 4 transactions) or the specific material terms Old Republic allegedly hid.  FAC, ¶46.  Similarly, Plaintiffs allege that Old Republic "knew and failed to report and correct the tortuous conduct of other actors" but do not identify the "other actors" or explain how Old Republic knew of their allegedly tortuous conduct.  FAC, ¶52.

Additionally, Plaintiffs' fraud claims (tenth, eleventh and twelfth) do not comply with the pleading specificity requirements of Rule 9.  F.R.C.P. 9.  Plaintiffs allege that Old Republic made misrepresentations about Plaintiffs' right to have Spanish language loan documents and use a settlement agent of their choice, Old Republic's relationship with other parties, the

- 13 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S **REPLY** MEMORANDUM IN SUPPORT OF ITS: (1) MOTION FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND DEFENDANTS VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) MOTION TO DISMISS CLAIMS PURSUANT TO RULE 12(b); OR ALTERNATIVELY, (3) MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Reply.wpd

1  unlawful conduct of other parties and Old Republic's charges. FAC, ¶128, 145. Plaintiffs have
2  not identified who made the alleged misrepresentations, to whom they were made, when they
3  were made or why they were false when made. To meet the pleading particularity requirement
4  applicable to fraud, however, Plaintiffs must allege the time, place and content of the alleged
5  misrepresentation or omission, the identity of the person making the misrepresentation or
6  omission and an explanation as to how an alleged statement or omission was false or misleading
7  when made. Wenger v. Lumisys, Inc. (N.D. CA 1998) 2 F.Supp.2d 1231, 1239. Plaintiffs' have
8  failed to do so.

9  Plaintiffs should at a minimum be required to amend the first amended complaint to
10 specify which the who, what, when, where and why of each alleged misrepresentation or
11 wrongful act by Old Republic and which specific Plaintiffs were involved.

### III.
### CONCLUSION

For the reasons discussed above, this action should be stayed pending the outcome of the arbitration between Plaintiffs and VCH. Alternatively, Plaintiffs' claims against Old Republic for violations of the Fair Housing Act (first claim), RICO (third claim), RESPA (fourth claim), Unruh Civil Rights Act (seventh claim), FEHA (eighth claim) and Unfair Business Practices Law (ninth claim), intentional misrepresentation (tenth claim), negligent misrepresentation (eleventh claim), fraudulent concealment (twelfth claim), breach of fiduciary trust (thirteenth claim) and negligence (fourteenth claim) should be dismissed because they fail to state claims upon which relief may be granted. In any event, Plaintiffs should at a minimum be required to amend the first amended complaint to include a more definite statement of their claims against Old Republic.

DATED: March 10, 2008                STEYER LOWENTHAL BOODROOKAS
                                     ALVAREZ & SMITH LLP

- 14 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S **REPLY** MEMORANDUM IN SUPPORT OF ITS: (1) MOTION FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND DEFENDANTS VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) MOTION TO DISMISS CLAIMS PURSUANT TO RULE 12(b); OR ALTERNATIVELY, (3) MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Reply.wpd

By:    /s/ Carlos A. Alvarez
       Carlos A. Alvarez
       Attorneys for Defendant Old Republic Title Company

- 15 -

DEFENDANT OLD REPUBLIC TITLE COMPANY'S **REPLY** MEMORANDUM IN SUPPORT OF ITS: (1) MOTION FOR STAY PENDING OUTCOME OF THE JUDICIAL REFERENCE PROCEEDING BETWEEN PLAINTIFFS AND DEFENDANTS VCH-SALINAS I, LLC; OR ALTERNATIVELY, (2) MOTION TO DISMISS CLAIMS PURSUANT TO RULE 12(b); OR ALTERNATIVELY, (3) MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)
S:\OLDREP\GONZALEZ\Pleadings\MotStayOrDismiss\Reply.wpd